# EXHIBIT A

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| In re Application of Deposit Insurance Agency | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  **SERGEY LEONTIEV**

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Morrison Cohen LLP, 909 Third Avenue, New York, NY 10022 | Date and Time: |
|---|---|

The deposition will be recorded by this method:  Stenographer and Videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
   See Attachment A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           *CLERK OF COURT*
                                                                OR

_____         _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Attachment A

## DOCUMENTS TO BE PRODUCED

## DEFINITIONS

1. The Uniform Definitions in Discovery Requests set forth in Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules of the Southern District of New York are incorporated by reference and apply to this request for the production of documents.

2. "Leontiev" refers to Sergey Leontiev, and all of his agents, representatives or other persons acting or purporting to act on his behalf, including but not limited to any attorney representing him.

3. "You" or "Your" refers to Leontiev, and all of his agents, representatives or other persons acting or purporting to act on his behalf, including but not limited to any attorney representing You.

4. "DIA" refers to the Russian Deposit Insurance Agency, a state-owned corporation, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

5. "Bank" refers to OJSC JSCB Probusinessbank, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

6. "Zheleznyak" refers to Alexander Zheleznyak, and all of his agents, representatives, or other persons acting or purporting to act on his behalf including but not limited to any attorney representing him.

7. "Diachenko Declaration" refers to the declaration sworn to by Daria Diachenko on October 25, 2017, and filed pursuant to 28 U.S.C. § 1782 in support of DIA's Petition for discovery from Leontiev in aid of the Bank's bankruptcy proceeding.

8. The term "Shareholders" refers to, collectively, the following companies:

   LLC   Alivikt Holdings Limited
   LLC   East Capital Financials Fund AB
   LLC   Haggard Financial Limited
   LLC   Rekha Holdings Limited
   LLC   Burmash Holdings Limited
   LLC   BlueCrest Emerging Markets Fund Limited

(and each individually, a "Shareholder"), their affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

9. The term "Sham Companies" refers to, collectively, the following companies:

   LLC   Engineering Royalty (Russian spelling: ООО «Инжиниринг-Роялти»)
   LLC   Elso (Russian spelling: ООО «Элсо»)
   LLC   Personal + (Russian spelling: ООО «Персонал+»)
   LLC   Alliance (Russian spelling: ООО «Альянс»)
   LLC   Easton (alternative spelling: Iston) (Russian spelling: ООО «Истон»)
   LLC   PK Technologies (Russian spelling: ООО «ПК-Технолоджис»)
   LLC   Sanris (Russian spelling: ООО «Санрис»)
   LLC   ISK IvSpetsGarant (full name: Innovatsionno-stroitelnaya kompaniya "IvSpetsGarant") (Russian spelling: ООО «Инновационно-строительная компания «ИвСпецГарант», ООО «ИСК «ИвСпецГарант»)
   LLC   Probusiness-Development (Russian spelling: ООО «Пробизнес-Девелопмент»)
   LLC   Debt Collection Agency Life (Russian spelling: ООО «Коллекторское агентство «Лайф», КА «Лайф»)
   LLC   Tsentr Torgovli (Russian spelling: ООО «Центр торговли»)
   LLC   KnewHowTrade (Russian spelling: ООО «НьюХауТрейд»)
   LLC   Financial Center Eskada (Russian spelling: ООО «Финансовый центр «Эскада»)
   LLC   Progma Trade (Russian spelling: ООО «ПрогмаТрейд»)
   LLC   Vostok-Cargo-Plus a/k/a KOPFA (Russian spelling: ООО «Восток-Карго-Плюс», ООО «КОПФА»)
   LLC   Zolotoy express lombard region (Russian spelling: ООО «Золотой экспресс ломбард область»)
   LLC   Creditkin.ru (Russian spelling: ООО «Кредиткин.ру»)
   LLC   Rustorg-finance (Russian spelling: ООО «Русторг-финанс»)

    LLC    Flaver (Russian spelling: ООО «Флавер»)
    LLC    J R management (Russian spelling: ООО «Джей Ар менеджмент»)
    LLC    Avtoreal (Russian spelling: ООО «Автореал»)
    LLC    Vanilla (Russian spelling: ООО «Ванилла»)
    LLC    Evromag (Russian spelling: ООО «Евромаг»)
    LLC    Tsentr innovatsionnykh resheniy (Russian spelling: ООО «Центр инновационных решений»)
    LLC    Zernoprom (Russian spelling: ООО «Зернопром»)
    LLC    Golden Funds (Russian spelling: ООО «Голден Фандс»)
    LLC    P and P (Russian spelling: ООО «Пи энд Пи»)
    LLC    GeotorgOil (Russian spelling: ООО «ГеоторгОйл»)
    LLC    Iskra (Russian spelling: ООО «Искра»)
    LLC    Zolotoy express lombard south (Russian spelling: ООО «Золотой экспресс ломбард юг»)
    LLC    Yarilo (Russian spelling: ООО «Ярило»)
    LLC    North-Neft (Russian spelling: ООО «Север-Нефть»)
    LLC    Khrisaor (Russian spelling: ООО «Хрисаор»)
    LLC    SN Trading (Russian spelling: ООО «СН Трейдинг»)
    LLC    Multibrand (Russian spelling: ООО «Мультибренд»)
    LLC    Tekhnologiyi and Oborudovanie (Russian spelling: ООО «Технологии и Оборудование»)
    LLC    BaltAvtoTrade C (Russian spelling: ООО «БалтАвтоТрейд С»)
    LLC    Business Partner (Russian spelling: ООО «Бизнес Партнер»)
    LLC    Investitsionnaya kompaniya "Realfinance" (Russian spelling: ООО «Инвестиционная компания «Реалфинанс»)
    LLC    Metall invest (Russian spelling: ООО «Металл инвест»)
    LLC    Reformatsia (Russian spelling: ООО «Реформация»)
    LLC    Flaund (Russian spelling: ООО «Флаунд»)
    LLC    Signal (Russian spelling: ООО «Сигнал»)
    LLC    Life Sreda (Russian spelling: ООО «Лайф среда»)
    LLC    PB-Invest (Russian spelling: ООО «ПБ-Инвест»)
    LLC    FreeLife (Russian spelling: ООО «ФриЛайф»)
    LLC    Escada (Russian spelling: ООО «Эскада»)
    LLC    Finpremium (Russian spelling: ООО «Финпремиум»)

(and each individually, a "Sham Company"), their affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

    10.    "Merrianol" refers to Merrianol Investments Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

    11.    "Ambika" refers to Ambika Investments Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

12. "Vennop" refers to Vennop Trading Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

13. "CJSC" refers to CJSC Financial Group Life (Russian spelling: ЗАО «Финансовая группа «Лайф»), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

14. "Valkera" refers to Valkera Investments Ltd., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

15. "Atlas" refers to Atlas – Investment Solutions (Luxembourg), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

16. "Probusiness" refers to Probusiness Management Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

17. "Lunare" refers to Lunare Trading Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

18. "Higold" refers to Higold Investment Limited (BVI), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

19. "Finbay" refers to Finbay Group Ltd., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

20. "Morselo" refers to Morselo Investment Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

21. "Lancora" refers to Lancora Investments Limited (Cyprus), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

22. "Fairbourne" refers to Fairbourne Logistics LP, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

23. "Larienta" refers to Larienta Management Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

24. "Greenex" refers to Greenex Trading Ltd., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

25. "Greenbox" refers to Greenbox Trading Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

26. "Trustway" refers to Trustway Investments Ltd., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

27. "Digitime" refers to Digitime Alliance Ltd., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

28. "Kollado" refers to Kollado Inc., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

29. "Solariom" refers to Solariom Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

30. "Vesvora" refers to Vesvora Trading Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

31. "Vermenda" refers to Vermenda Holdings Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

32. "Leontiev Companies" refers to Merrianol, Ambika, Vennop, CJSC, Valkera, Atlas, Probusiness, Lunare, Higold, Finbay, Morselo, Lancora, Fairbourne, Larienta, Greenex, Greenbox, Trustway, Digitime, Kollado, Solariom, Vesvora and Vermenda, collectively, and each individually a "Leontiev Company".

33. "Loans" refers to the loan agreements involving the Sham Companies as described in paragraph 30 of the Diachenko Declaration.

34. "Transfers" refers to the transactions concerning the Loans, collectively.

35. "Conspirators" refers to, collectively:

Alexander Dmitrievich Zheleznyak (Russian spelling: Александр Дмитриевич Железняк)
Marina Mikhaylovna Krylova (Russian spelling: Марина Михайловна Крылова)
Yaroslav Vladimirovich Alexeev (Russian spelling: Ярослав Владимирович Алексеев)
Vyacheslav Viktorovich Kazantsev (Russian spelling: Вячеслав Викторович Казанцев)
Alexandr Vladimirovich Lomov (Russian spelling: Александр Владимирович Ломов)
Nikolay Viktorovich Alexeev (Russian spelling: Николай Викторович Алексеев)
Sergey Vasilyevich Kalachev (Russian spelling: Сергей Васильевич Калачев)
M. M. Artemov (Russian spelling: М.М. Артемов)
Kirill Vladimirovich Artemov (Russian spelling: Кирилл Владимирович Артемов)
Igor Petrovich Polikarpov (Russian spelling: Игорь Петрович Поликарпов)
Andrey Vyacheslavovich Danukin (Russian spelling: Андрей Вячеславович Данукин)
Oleg Evgenievich Papakhin (Russian spelling: Олег Евгеньевич Папахин)
Natalia Yurievna Abramova (Russian spelling: Наталья Юрьевна Абрамова)
Yana Krisiuk (Russian spelling: Яна Крысюк)
Alexandra Alexandrovna Vyulkova (Russian spelling: Александра Александровна Вьюлкова)
Alexey Vladimirovich Simakov (Russian spelling: Алексей Владимирович Симаков)
Oxana Viktorovna Kravchenko (Russian spelling: Оксана Викторовна Кравченко)
Lyudmila Borisovna Shpagina (Russian spelling: Людмила Борисовна Шпагина)
Natalia Alexandrovna Averianova (Russian spelling: Наталья Александровна Аверьянова)
Lyubov Emanuilovna Alkhovaya (Russian spelling: Любовь Эмануиловна Альховая)
Tatiana Viktorovna Balaboyko (Russian spelling: Татьяна Викторовна Балабойко)
Svetlana Alexandrovna Batina (Russian spelling: Светлана Александровна Батина)
Felix Nikolaevich Vorsin (Russian spelling: Феликс Николаевич Ворсин)

Elena Alexeevna Gureeva (Russian spelling: Елена Алексеевна Гуреева)
Nina Vladimirovna Denisova (Russian spelling: Нина Владимировна Денисова)
Alla Vyacheslavovna Dronova (Russian spelling: Алла Вячеславовна Дронова)
Denis Valentinovich Zhilenko (Russian spelling: Денис Валентинович Жиленко)
Olga Petrovna Zarovnaya (Russian spelling: Ольга Петровна Заровная)
Alexey Sergeevich Zarovniy (Russian spelling: Алексей Сергеевич Заровный)
Viktoria Yurievna Zinina (Russian spelling: Виктория Юрьевна Зинина)
Maria Alexandrovna Kosova (Russian spelling: Мария Александровна Косова)
Natalia Ivanovna Kudryakova (Russian spelling: Наталья Ивановна Кудрякова)
Dmitriy Vyacheslavovich Kulikov (Russian spelling: Дмитрий Вячеславович Куликов)
Natalia Evgenievna Lebedeva (Russian spelling: Наталья Евгеньевна Лебедева)
Lyudmila Vladimirovna Legkova (Russian spelling: Людмила Владимировна Легкова)
Sergey Vladimirovich Leontiev (Russian spelling: Сергей Владимирович Леонтьев)
Alexander Nikolaevich Rasnikov (Russian spelling: Александр Николаевич Расников)
Anton Andreevich Reutskiy (Russian spelling: Антон Андреевич Реуцкий)
Vladimir Alexandrovich Reshetov (Russian spelling: Владимир Александрович Решетов)
Daria Alexandrovna Samoylenko (Russian spelling: Дарья Александровна Самойленко)
Igor Valentinovich Safronov (Russian spelling: Игорь Валентинович Сафронов)
Olga Vladimirovna Simakova (Russian spelling: Ольга Владимировна Симакова)
Lyudmila Mikhailovna Tolmacheva (Russian spelling: Людмила Михайловна Толмачева)
Elena Alexandrovna Khoroshikh (Russian spelling: Елена Александровна Хороших)
Elena Alexandrovna Tsybina (Russian spelling: Елена Александровна Цыбина)
Lyudmila Borisovna Chirkova (Russian spelling: Людмила Борисовна Чиркова)
Marina Alexandrovna Shpagina (Russian spelling: Марина Александровна Шпагина)
Denis Antonovich Errans (Russian spelling: Денис Антонович Эрранс)
Olga Mikhailovna Yachina (Russian spelling: Ольга Михайловна Ячина)

and all of their agents, representatives or other persons acting or purporting to act on their behalf, including but not limited to any attorney representing them.

36. "Wonderworks" refers to Wonderworks Investment Limited, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

37. "Trust" refers to Legion Trust, its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

38. "Southpac" refers to Southpac Trust International Inc., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

39. "Holdco" refers to Holdco Ltd., its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

40. "Kolotnikov" refers to Vadim Kolotnikov (Russian spelling: Вадим Колотников) and all of his agents, representatives or other persons acting or purporting to act on his behalf, including but not limited to any attorney representing him.

41. "Bogus Borrowers" refers to the ostensibly creditworthy borrowers, usually other banks, that the Bank loaned money to and that received illicit payments for their involvement or received cross financing by the Bank for their projects, as described in paragraph 33 of the Diachenko Declaration, and their affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

42. "NU" refers to Novaya Usadba CJSC (Russian spelling: ЗАО «Новая усадьба»), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

43. "NU Project" refers to the Bank's scheme with NU, as described in paragraph 34 of the Diachenko Declaration.

44. "Resheniya" refers to Investitsionnye Resheniya LLC (Russian spelling: ООО «Инвестиционные решения»), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

8

45. "Indirect Loans" refers to the indirect loans granted by the Bank to companies that Leontiev and Zheleznyak controlled and were the beneficial owners of, as described in paragraph 33 of the Diachenko Declaration.

46. "PK Life" refers to PK Life LLC (also known as Life Processing Company LLC) (Russian spelling: ООО «Процессинговая компания «Лайф», ООО «ПК «Лайф»), its affiliates, predecessors and successors, and their officers, directors, agents, employees and representatives.

47. "Additional Transactions" refers to the transactions described in paragraph 39 of the Diachenko Declaration together with "Repurchase-2014" as described in paragraph 15 of the Diachenko Declaration.

48. The terms "including," "include" or "includes" shall be without limitation.

49. The terms "relate to," "related to" or "relating to" shall be construed in their broadest sense and shall mean concern, comprise, consist of, refer to, contain, mention, describe, embody, constitute, support, corroborate, demonstrate, prove, evidence, show, refute, dispute, rebut, controvert, contradict, negate, reflect or be in any way logically or factually connected to, whether directly or indirectly.

50. Each request calls for not only documents in your possession, custody or control, but also for documents, information, and knowledge that is available to you upon reasonable inquiry or request directed to any entity or individual that is an agent, representative, employee, or affiliate of yours.

51. Where any request cannot be complied with in full, the request shall be deemed to require you to provide the reasons for such inability to comply.

52. If any document requested herein was formerly in your possession, custody or control and has been lost or destroyed or otherwise disposed of, you are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document, and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted, and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

53. If any document requested herein is withheld on the basis of any claim of privilege, you are requested to submit in lieu of any such document, a written statement (a) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (*e.g.,* letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product and (e) identifying the paragraph(s) of this Second Request for Production of Documents to which the document relates.

54. If a portion of an otherwise responsive document contains information subject to a claim of privilege, those portions of the document subject to the claim of privilege shall be deleted or redacted from the document following the instructions in the preceding paragraph and the rest of the document shall be produced.

55. These Requests shall be deemed continuing so as to require further and supplemental production by you in the event you receive or obtain additional responsive information or documents.

## INSTRUCTIONS

1. In answering and responding to these document requests, please furnish each and every Document that is in your possession, custody, or control, or that is in the possession, custody, or control of your principals, agents, employees, attorneys, representatives, insurers, and any other persons or entities acting on your behalf.

2. Each request for Documents seeks production of the Document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including, but not limited to, by staple, clip, tape, e-mail attachment, or "Post-It" note, should not be separated. The production must also include, where applicable, any index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the Documents.

3. Draft or non-identical copies are to be considered separate Documents for purposes of these requests. Any and all drafts and copies of each Document that is responsive to any Document request shall be produced, as shall all copies of such Documents that are not identical in any respect, including, but not limited to, copies containing handwritten notes, markings, stamps, or interlineations. The author(s) of all handwritten notes should be identified.

4. Where the Documents responsive to a request are stored electronically, any responsive e-mails, Word documents, and other unstructured data are to be produced in TIFF format. Any responsive Excel charts, databases, and other structured data are to be produced in native format.

5. If any responsive Document is no longer in existence, cannot be located or is not in your possession, custody or control, identify it, describe its subject matter and describe its

disposition, including, without limitation, identifying the person or persons: (a) having knowledge of the contents of the Document and/or its destruction, deletion or disposition; and (b) responsible for its destruction, deletion or other disposition.

6. If you cannot fully respond to a document request, after a diligent attempt to obtain the requested information, you must answer the Document request to the extent possible, specify the portion of the Document request you are unable to answer, and provide whatever information you have regarding the unanswered portion.

7. If any request or any portion thereof is objected to, state the grounds for objection with specificity and produce Documents to the extent the request is not objected to.

8. If you withhold any Document, or any portion of any Document, under a claim of attorney-client, work product, or other privilege, you shall produce, in accordance with Rule 26 of the Federal Rules of Civil Procedure and Rule 26.2 of the Local Rules of the Southern District of New York, a written privilege log that sets forth: (a) the author of the Document; (b) the type of Document, *e.g.*, letter or memorandum; (c) the date of the Document; (d) all recipients of the Document; (e) such other information as is sufficient to identify the Document; and (f) the nature of the privilege asserted.

9. If you claim that a portion of a Document is protected from disclosure for any reason, produce such Document with redaction of only the portion claimed to be protected. Any Document produced in redacted form should clearly indicate on its face that it has been redacted, and the basis upon which such information is redacted should be fully stated.

10. The following rules of construction apply to all Document requests:

    a. The terms "any," "all," "each," and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the

        Document requests all responses that might otherwise be construed to be outside of their scope.

    b. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Document requests all responses that might otherwise be construed to be outside of their scope.

    c. The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

    d. The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope of the Document requests all responses that might otherwise be construed to be outside of their scope.

11. These Document requests are continuing in nature. If, after producing any documents in response to these document requests, you obtain or become aware of additional responsive information, you are required to provide such information or documents by way of a supplemental production.

## RELEVANT TIME PERIOD

The relevant time period, unless otherwise indicated, shall be from January 1, 2012, through present and shall include all Documents and information which relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period.

## **DOCUMENTS TO BE PRODUCED**

1. Documents and communications sufficient to show the following for each of the Sham Companies:

    (a) Direct or indirect ownership of or investments in the Sham Company;

    (b) The officers and directors of the Sham Company;

    (c) Transfers of funds into and out of the Sham Company, including but not limited to documents sufficient to show the date and amount of the transfers and the identity, bank and account number of the transferor(s) and transferee(s).

2. Documents and communications sufficient to show the following for each of the Leontiev Companies:

    (a) Direct or indirect ownership of or investments in the Leontiev Company;

    (b) The officers and directors of the Leontiev Company; and

    (c) Transfers of funds into and out of the Leontiev Company, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

3. Documents and communications concerning the Loans including but not limited to contracts, agreements, transfers of funds and any communications concerning the same with Zheleznyak.

4. Documents and communications concerning the Transfers including but not limited to contracts, agreements, transfers of funds and any communications concerning the same with Zheleznyak.

5.   Documents and communications concerning the Indirect Loans including but not limited to contracts, agreements, transfers of funds and any communications concerning the same with Zheleznyak.

6.   Documents and communications concerning the Additional Transactions including but not limited to contracts, agreements, transfers of funds and any communications concerning the same with Zheleznyak.

7.   Documents and communications sufficient to show the participation of each of the Conspirators and Zheleznyak in any of the conduct described in the Diachenko Declaration.

8.   Documents and communications sufficient to show the following for Wonderworks:

 (a) Direct or indirect ownership of or investments in Wonderworks;

 (b) The officers and directors of Wonderworks; and

 (c) Transfers of funds into and out of Wonderworks, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

9.   Documents and communications sufficient to show the following for the Trust:

 (a) Direct or indirect ownership of or investments in the Trust;

 (b) The officers and directors of the Trust; and

 (c) Transfers of funds into and out of the Trust, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

10.  Documents and communications sufficient to show the following for Southpac:

    (a)    Direct or indirect ownership of or investments in Southpac;

    (b)    The officers and directors of Southpac; and

    (c)    Transfers of funds into and out of Southpac, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

11.    Documents and communications sufficient to show the following for Holdco:

    (a)    Direct or indirect ownership of or investments in Holdco;

    (b)    The officers and directors of Holdco; and

    (c)    Transfers of funds into and out of Holdco, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

12.    All documents and communications concerning any of Kolotnikov's, Nella Leontiev's and/or Leonid Leontiev's dealings with and communications concerning Southpac, Holdco, Wonderworks and the Trust.

13.    All documents and communications concerning the Bogus Borrowers' participation in the conduct described in paragraph 33 of the Daria Diachenko Declaration.

14.    Documents and communications sufficient to show the following for NU:

    (a)    Direct or indirect ownership of or investments in NU;

    (b)    The officers and directors of NU; and

    (c)    Transfers of funds into and out of NU, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

15.    All documents and communications concerning the NU Project.

16. Documents and communications sufficient to show the following for Resheniya:

    (a) Direct or indirect ownership of or investments in Resheniya;

    (b) The officers and directors of Resheniya; and

    (c) Transfers of funds into and out of Resheniya, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

17. Documents and communications sufficient to show the following for PK Life:

    (a) Direct or indirect ownership of or investments in PK Life;

    (b) The officers and directors of PK Life; and

    (c) Transfers of funds into and out of PK Life, including but not limited to documents sufficient to show the date and amount of the transfer, and the identity, bank and account number of the transferor(s) and transferee(s).

18. Documents and communications concerning any contracts or agreements relating to the transfers described in requests 1(c), 2(c), 8(c), 9(c), 10(c), 11(c), 14(c), 16(c) and 17(c).

19. Documents produced in the following cases concerning the subject matter of requests 1-18 above:

    (a) *Sergei Leontiev v. Alexander Varshavsky*, No. 16-CV-03595 (JSR); and

    (b) *Avilon Automotive Group v. Sergey Leontiev, et al.*, Supreme Court of the State of New York, New York County, Index # 656007/2016.