UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of DEPOSIT INSURANCE AGENCY for an order to conduct discovery for use in a foreign proceeding.<br><br>Petitioner. | Case No. 17-mc-00414-GBD |

**[PROPOSED] ORDER GRANTING APPLICATION OF DEPOSIT INSURANCE AGENCY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FROM SERGEY LEONTIEV FOR USE IN FOREIGN PROCEEDINGS**

The Application for an Order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in a foreign proceeding ("Application") was heard. By its Application, Petitioner, Deposit Insurance Agency ("Petitioner"), seeks discovery from Sergey Leontiev ("Leontiev"). Having reviewed the Application, the Declaration of Mary E. Flynn, dated October 26, 2017, the Declaration of Daria Diachenko dated October 25, 2017, and the accompanying Memorandum of Law, the Court rules as follows:

The Application is GRANTED. IT IS HEREBY ORDERED, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1782: (i) Petitioner shall serve Leontiev with the subpoena *duces tecum* and *ad testificandum* annexed to the Flynn Declaration as Exhibit A; (ii) Leontiev shall produce responsive documents to such subpoena *duces tecum* within 30 days of receiving service of such subpoena *duces tecum;* and (iii) Leontiev shall appear for deposition within 60 days of service of such subpoena *ad testificandum*.

In so ruling, the Court finds that the requirements of Section 1782 are met. First, Leontiev resides or may be found in the Southern District of New York. Second, the discovery sought is for use in proceedings currently pending before a foreign tribunal (the "Russian

Bankruptcy Proceeding"). Third, as a litigant in the Russian Bankruptcy Proceeding, Petitioner is an "interested person" within the meaning of Section 1782.

The Court further finds that the discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), weigh in favor of granting the Application. Those factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the receptivity of the foreign tribunal to federal-court assistance; (3) whether the request conceals an attempt to circumvent foreign law, policy, or proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome.

The Court finds that Leontiev is not a "participant" in the Russian Bankruptcy Proceeding within the meaning of Section 1782. The Court further finds that there is no proof that the Russian Court would reject evidence obtained via Section 1782, and in fact there are clear indications that the Russian Court will accept evidence obtained via Section 1782. The Court finds that the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions, law, or policy. "In determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, law or policy, a petitioner under Section 1782 need not show evidence to be discoverable or admissible in the foreign jurisdiction." *Intel Corp.*, 542 U.S. at 261. Rather, the consideration for a district court is whether discovery is being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, No. 1:08-CV-268 (LEK/RFT), 2008 WL 3884374, *9 (N.D.N.Y. Aug. 18, 2008). Based on the evidence submitted, Petitioner's request for discovery is a good-faith effort to obtain probative evidence. Finally, the Court finds that the discovery request goes to central issues in the Russian Bankruptcy Proceeding and the discovery would be permitted under the Federal Rules of Civil Procedure.

IT IS SO ORDERED

Dated: NOV 01 2017

George B. Daniels
United States District Judge

3

# EXHIBIT A