# EXHIBIT 31

**Debevoise & Plimpton**

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

May 8, 2017

<u>BY NYSCEF AND BY HAND</u>

The Honorable Barry R. Ostrager
New York County Courthouse
Courtroom 341
60 Centre Street
New York, NY 10007

    *Avilon Automotive Group, et al. v. Sergey Leontiev, et al.*, **Index No. 656007/2016**

Dear Justice Ostrager:

    We represent Plaintiffs Avilon Automotive Group and Karen Avagumyan ("Plaintiffs") in the above-captioned matter. We write on behalf of Plaintiffs and Defendant Sergey Leontiev, all parties that entered appearances at the April 11, 2017 hearing in this matter, and on notice to Defendant Wonderworks Investments Limited, the other party that has appeared in this action.

    We request that the Court so-order that the enclosed transcript of the proceedings in this action held on April 11, 2017 be amended by the Errata Sheet attached as Exhibit A to the enclosed Stipulation of May 8, 2017. The Errata Sheet reflects all corrections to errors in the April 11 transcript as agreed upon by Plaintiffs and Mr. Sergey Leontiev.

                                        Respectfully submitted,

                                        Sean Hecker
                                        Debevoise & Plimpton LLP
                                        919 Third Avenue
                                        New York, NY 10022
                                        (212) 909-6000
                                        *Counsel for Plaintiffs*

cc: Counsel for Sergey Leontiev; Counsel for Wonderworks Investments Limited (by NYSCEF and e-mail)

Enclosures

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

AVILON AUTOMOTIVE GROUP and,
KAREN AVAGUMYAN,

                      Plaintiffs,

       - against -

SERGEY LEONTIEV, LEONID LEONTIEV,
WONDERWORKS INVESTMENTS LIMITED,
LEGION TRUST, and SOUTHPAC TRUST
INTERNATIONAL INC. AS TRUSTEE OF
LEGION TRUST,

                      Defendants.

Index No. 656007/2016

STIPULATION TO
SETTLEMENT OF
TRANSCRIPT

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all parties that entered appearances at the hearing in this action held on April 11, 2017, that the Errata Sheet attached hereto as Exhibit A corrects all errors in the transcript of the April 11, 2017 hearing.

Dated: May 8, 2017
        New York, New York

GIBSON, DUNN & CRUTCHER LLP

By: _____
Marshall R. King
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Counsel for Defendant*
*Sergey Leontiev*

DEBEVOISE & PLIMPTON LLP

By: _____
Sean Hecker
919 Third Avenue
New York, NY 10022
(212) 909-6000

*Counsel for Plaintiffs Avilon Automotive*
*Group and Karen Avagumyan*

# EXHIBIT A

Avilon Automotive Group et al. v. Sergey Leontiev et al. (Index No. 656007/2016)

Errata Sheet Attachment to the Transcript of the Hearing on April 11, 2017 before Justice Barry Ostrager

| Page | Line | Reads | Should Read |
|---|---|---|---|
| 1 | Caption | Plaintiff | Plaintiffs |
| 1 | Caption | SERGEY LEONTIEV, WONDERWORKS INVESTMENTS LIMITED, and SOUTHPAC TRUST INTERNATIONAL INC. AS TRUSTEE OF LEGION TRUST | SERGEY LEONTIEV, LEONID LEONTIEV, WONDERWORKS INVESTMENTS LIMITED, LEGION TRUST, and SOUTHPAC TRUST INTERNATIONAL INC. AS TRUSTEE OF LEGION TRUST |
| 1 | Appearances | Attorney for Plaintiff | Attorney for Plaintiffs |
| 1 | Appearances | Attorney For Defendant | Attorney for Defendant Sergey Leontiev |
| 2 | 10 | on that | in that |
| 2 | 23 | Mr. Leontiev. | Mr. Leonid Leontiev? |
| 2 | 25 | There was 70 | There were 70 |
| 3 | 18 | two case. | two "K"s. |
| 3 | 18-19 | Avagumyan the plaintiff in this action is not | Avagumyan, the plaintiff in this action, is not |
| 3 | 23 | that the Varshavsky | that Varshavsky |
| 4 | 13 | Veil-Piercing | veil-piercing |
| 4 | 14 | barred | borrowed |
| 4 | 18 | Veil-Piercing | veil-piercing |
| 5 | 2 | parties who are not before the court | parties who were not before the court |
| 5 | 14 | pleading | pleadings |
| 5 | 18 | Veil-Piercing | veil-piercing |
| 5 | 19 | money for | money from |
| 6 | 9 | signature | significant |
| 6 | 14 | Granted Leontiev | Leonid Leontiev |
| 6 | 19 | smaller or | small error |
| 6 | 21 | that is | that |
| 6 | 22 | father is | father, is |
| 7 | 3 | obligations | allegation |
| 7 | 5 | Wonderwork | Wonderworks |

| 7 | 6 | navigation | allegation |
|---|---|---|---|
| 7 | 15 | basis | bases |
| 7 | 22 | non | none |
| 7 | 26 | form non convenience | forum non conveniens |
| 8 | 2 | and or | and/or |
| 8 | 8 | form non convenience | forum non conveniens |
| 8 | 10 | breached | briefed |
| 8 | 12 | them which | them, which |
| 8 | 26 | Cypress | Cyprus |
| 9 | 8 | and or | and/or |
| 9 | 23 | clear if | clear: if |
| 10 | 10 | claim to in Varshavsky | claim to Varshavsky |
| 10 | 11 | that it could. | that we could. |
| 10 | 14-15 | referring to a | deferring on the |
| 10 | 15-16 | form of non convenience and or jurisdiction | forum non conveniens and/or jurisdictional |

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM  INDEX NO. 656007/2016
FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM  INDEX NO. 656007/2016
NYSCEF DOC. NO. 85                                RECEIVED NYSCEF: 05/09/2017
NYSCEF DOC. NO. 85                                RECEIVED NYSCEF: 04/27/2017

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : PART 61
------------------------------------------------------x
AVILON AUTOMOTIVE GROUP and KAREN AVAGUMYAN,

                          Plaintiff,

                                     Index No.
      -against-                656007-16

SERGEY LEONTIEV, WONDERWORKS INVESTMENTS
LIMITED, and SOUTHPAC TRUST INTERNATIONAL INC.
AS TRUSTEE OF LEGION TRUST,

                        Defendants.
------------------------------------------------------x

                    April 11, 2017
                    60 Centre Street
                    New York, New York

BEFORE:       HON. BARRY OSTRAGER
                 Supreme Court Justice

APPEARANCES:

                Attorney for Plaintiff
                DEBEVOISE & PLIMPTON
                919 Third Avenue
                New York, New York 10022
                BY:  Sean Hecker, Esq.
                      Nathan S. Richards, Esq.
                      Megan E. Corrarino, Esq.
                      Colby A. Smith, Esq.

                Attorney For Defendant
                GIBSON, DUNN & CRUTCHER LLP
                200 Park Avenue
                New York, NY 10166
                BY:  Robert L. Weigel, Esq.
                      Marshall R. King, Esq.
                      Neta Levanon, Esq.

             JACQUELINE GLASS
          Senior Court Reporter

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
NYSCEF DOC. NO. 85
INDEX NO. 656007/2016
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
NYSCEF DOC. NO. 69
INDEX NO. 656007/2016
RECEIVED NYSCEF: 04/27/2017

Case 1:17-cv-00414-GBD   Document 9-31   Filed 06/16/18   Page 8 of 16

2

| | |
|---|---|
| 1 | Proceedings |
| 2 | THE COURT: All right. Before we turn |
| 3 | to the business of today I want to clarify with |
| 4 | Mr. Hecker my understanding of certain background |
| 5 | facts. It's correct, is it not, that there was |
| 6 | previously an action pending before Judge Rakoff |
| 7 | in Federal court between Mr. Sergey Leontiev and |
| 8 | Mr. Varshavsky? |
| 9 | MR. HECKER: That's correct, your Honor. |
| 10 | THE COURT: And it's correct on that |
| 11 | case there were 15 depositions? |
| 12 | MR. HECKER: That's correct, your Honor. |
| 13 | THE COURT: And among the people who |
| 14 | were deposed in the Federal action were Ms. |
| 15 | Avagumyan in Finland A-V-A-G-U-M-Y-A-N. |
| 16 | MR. HECKER: It's correct, your Honor, |
| 17 | that Mr. Leontiev's lawyers deposed Mr. Avagumyan |
| 18 | in Finland, correct. |
| 19 | THE COURT: And is it correct that Mr. |
| 20 | Varshavsky was also deposed in the Federal action? |
| 21 | MR. HECKER: That's correct, your Honor. |
| 22 | He was deposed. |
| 23 | THE COURT: What about Mr. Leontiev. |
| 24 | MR. HECKER: He was not deposed. |
| 25 | THE COURT: There was 70 entries in the |
| 26 | Federal docket sheet. |

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
NYSCEF DOC. NO. 85
INDEX NO. 656007/2016
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
NYSCEF DOC. NO. 80
INDEX NO. 656007/2016
RECEIVED NYSCEF: 04/27/2017

Case 1:17-cv-04014-GBD-SN Document 109-31 Filed 02/16/18 Page 9 of 16

3

Proceedings

1
2  MR. HECKER: I haven't counted them, but
3  that is about right.
4  THE COURT: That is Exhibit D to the
5  King affidavit.
6  MR. HECKER: I could recheck it. I
7  apologize. I'm sure it's correct. That sounds
8  right, Judge.
9  THE COURT: And there were expert
10 affidavits submitted in the Federal litigation
11 with respect to Russian and Cyprus and English
12 law.
13 MR. HECKER: There were indeed.
14 THE COURT: And is it correct that Mr.
15 Varshavsky and Karen Avagumyan control Avilon
16 Automotive Group?
17 MR. HECKER: Your Honor, to be clear
18 there are two case. Karen Avagumyan the plaintiff
19 in this action is not an owner of Avilon. His
20 father Kamo Avagumyan is one of the owners of
21 Avilon along with Mr. Varshavsky.
22 THE COURT: And would it be fair to say
23 that the Varshavsky and Avagumyan's interests
24 could have secured an assignment of any claim
25 Avilon has against any of the defendants in this
26 case?

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 04/27/2017

Case 1:17-mc-00114-CEDNR Document 9-31 Filed 01/16/18 Page 10 of 16

                                        4

1                      Proceedings
2           MR. HECKER: Absolutely not in the
3   Federal action.
4           THE COURT: All right. And is it --
5           MR. HECKER: And may I explain why?
6   Because it's critical in understanding the
7   limitations of the Federal action.
8           THE COURT: Well, I'm not finished and
9   then you'll have your turn. And is it correct
10  that Mr. Varshavsky successfully resisted a motion
11  by Sergey Leontiev for summary judgment on the
12  grounds that Varshavsky can potentially prove that
13  Leontiev could be liable on a Veil-Piercing theory
14  for the obligations of parties who barred money
15  from Avilon Automotive Group?
16          MR. HECKER: I believe the answer to
17  your question is that the issue of whether
18  Veil-Piercing will apply was not reached by Judge
19  Rakoff because the case was dismissed on consent
20  of the parties on the narrow issue of whether
21  Sergey Leontiev would be liable to Mr. Varshavsky.
22  Those issues were briefed before Judge Rakoff
23  because plaintiff sought relief that would be
24  beyond binding Mr. Varshavsky. At the end of the
25  case, the court did not reach the broader issues
26  of whether Leontiev could be liable to Avilon or

| | |
|---|---|
| 1 | Proceedings |
| 2 | other parties who are not before the court in the |
| 3 | federal case, nor could they have been without |
| 4 | destroying diversity jurisdiction in that case. |
| 5 | THE COURT: You were kind enough to |
| 6 | provide me with all of Judge Rakoff's -- most of |
| 7 | Judge Rakoff's written decisions and -- |
| 8 | MR. WEIGEL: Your Honor, if I may |
| 9 | perhaps I could clear something up. You said |
| 10 | motion for summary judgment. There was a motion |
| 11 | for judgment on the pleadings which both parties |
| 12 | argued vigorously and that motion was denied. Mr. |
| 13 | Varshavsky successfully resisted our motion for |
| 14 | judgment on the pleading and then did all the |
| 15 | discovery and had a motion on -- |
| 16 | THE COURT: Judge Rakoff held that it |
| 17 | was potentially the case that Mr. Sergey Leontiev |
| 18 | could be liable on a Veil-Piercing theory on the |
| 19 | obligations for parties that borrowed money for |
| 20 | Avilon Automotive Group. |
| 21 | MR. WEIGEL: Yes, your Honor. |
| 22 | THE COURT: Now, Mr. Varshavsky is a New |
| 23 | Jersey resident. |
| 24 | MR. HECKER: He is an U.S. citizen who |
| 25 | has a home in New Jersey. That's correct. |
| 26 | THE COURT: New Jersey is his domicile. |

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 89
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 04/27/2017

Case 1:17-mc-00414-GBD-SN Document 9-31 Filed 10/16/18 Page 12 of 16

6

1      Proceedings
2         MR. HECKER: He's living in Moscow
3  predominantly. But he is a U.S. citizen and a New
4  Jersey resident.
5         THE COURT: And he's living in Moscow
6  now.
7         MR. HECKER: Correct.
8         THE COURT: All right. And there are
9  apparently signature jurisdictional issues with
10 respect to certain defendants named in your second
11 amended complaint including defendants who are
12 variously citizens of Austria, Cyprus, and Cook
13 Islands.
14        MR. HECKER: Granted Leontiev as I
15 understand it is living in Austria. His
16 citizenship, I believe, is actually Russian.
17        MR. WEIGEL: Yes, your Honor. We
18 informed counsel that there was a -- I'm not sure
19 it's material, but there was a smaller or in our
20 letter that we noticed after we sent it which is
21 that is Mr. Leontiev Senior, Sergey Leontiev's
22 father is a resident of Austria but not a citizen
23 of Austria. He's still a citizen of Russia.
24        MR. HECKER: It is true that the trust
25 is based in the Cook Islands. Sergey Leontiev
26 lives here in New York. Mr. Kolotnikov was the

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 89
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 04/27/2017

Case 1:17-mc-00414-GBD-SN   Document 31   Filed 01/16/18   Page 13 of 16

7

1      Proceedings
2   managing director of Wonderworks. He's here in
3   New York and our obligations is that while in New
4   York Mr. Kolotnikov and Mr. Leontiev controlled
5   the operation of Wonderwork.
6          THE COURT: That's your navigation?
7          MR. HECKER: That's correct.
8          THE COURT: So what would you like me to
9   do today?
10         MR. HECKER: We're here for a decision
11  on our motion for leave to amend to file a second
12  amended complaint. And as I understand it they
13  have not put in papers that claim that we don't
14  have a basis for a motion for leave to amend.
15  There are two recognized basis. One being undue
16  surprise, they are not arguing that, and the other
17  is that the proposed amendment is fatally patently
18  without merit and they specifically disclaim
19  relying on that and instead said that they will
20  file motion papers to address the second amended
21  complaint. They raised a host of other issues,
22  but non of them go to the merits of whether we're
23  entitled to file a second amended complaint.
24         THE COURT: Okay. Having reviewed all
25  the papers I'm going to defer decision on the
26  motion to amend pending any form non convenience

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 04/27/2017

Case 1:17-mc-00414-GBD Document 9-31 Filed 06/16/18 Page 14 of 16

8

| | |
|---|---|
| 1 | Proceedings |
| 2 | motion any of the defendants choose to make and or |
| 3 | any jurisdictional challenges any of the |
| 4 | defendants choose to make and I'm going to stay |
| 5 | all discovery in this case. |
| 6 | MR. HECKER: Your Honor, may I be heard |
| 7 | on that issue of staying discovery because the |
| 8 | jurisdictional issues and the form non convenience |
| 9 | arguments that they will make will be better |
| 10 | breached and the court will have the facts if |
| 11 | we're permitted to use the discovery that the |
| 12 | parties already have available to them which goes |
| 13 | to the core question where the wrongful conduct |
| 14 | occurred and will speak to issues the court needs |
| 15 | to decide on that motion? |
| 16 | THE COURT: With all due respect, I |
| 17 | completely agree with Judge Rakoff's observations |
| 18 | in the transcript of proceedings that are attached |
| 19 | as Exhibit I to your letter to me dated April |
| 20 | 10th, that the parties to this case have wasted an |
| 21 | enormous amount of judicial resources with respect |
| 22 | to the case that could have in all likelihood been |
| 23 | brought to conclusion before Judge Rakoff after |
| 24 | tens of thousands of pages of documents have been |
| 25 | produced, after 15 depositions have been taken, |
| 26 | after expert affidavits on Russian and Cypress and |

FILED: NEW YORK COUNTY CLERK 05/09/2017 05:42 PM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 05/09/2017

FILED: NEW YORK COUNTY CLERK 04/27/2017 10:28 AM
INDEX NO. 656007/2016
NYSCEF DOC. NO. 85
RECEIVED NYSCEF: 04/27/2017

Case 1:17-mc-00414-GBD Document 2-31 Filed 01/16/18 Page 15 of 16

9

| | |
|---|---|
| 1 | Proceedings |
| 2 | English law have been submitted and most of the |
| 3 | actors involved could have been either impleaded |
| 4 | or intervened in the then pending Federal action. |
| 5 | MR. HECKER: May I be heard on that |
| 6 | issue because that is simply not correct. We |
| 7 | would have destroyed diversity jurisdiction if we |
| 8 | had attempted to add Avilon and or Avagumyan to |
| 9 | the Federal case. We would have been happy to |
| 10 | litigate the -- |
| 11 | THE COURT: Excuse me. You don't |
| 12 | dispute that Mr. Varshavsky could have named Mr. |
| 13 | Leontiev in the Federal action and also could have |
| 14 | named Mr. Kolotnikov in the Federal action? |
| 15 | MR. HECKER: I absolutely do dispute it. |
| 16 | THE COURT: Mr. Varshavsky claims to |
| 17 | have been a resident of New Jersey and Mr. |
| 18 | Kolotnikov is not a resident of New Jersey. |
| 19 | MR. HECKER: He couldn't bring a claim. |
| 20 | THE COURT: He could have brought a |
| 21 | claim if it had been assigned to him. |
| 22 | MR. HECKER: 2nd Circuit Law is |
| 23 | completely clear if Avilon's claim had been |
| 24 | assigned to Varshavsky after the litigation had |
| 25 | begun it would have been presumptively collusive |
| 26 | and it would have destroyed diversity |

1   Proceedings
2   jurisdiction. We considered that as an option.
3   It was not available to us. Even if they had
4   agreed to it on the grounds that it's right to
5   litigate this before Judge Rakoff, the court
6   wouldn't have allowed it. The 2nd Circuit also
7   would not allow it. The Court has an independent
8   duty to assess its own jurisdiction. As the court
9   knows it's a court of limited jurisdiction. We
10  could not have assigned a claim to in Varshavsky
11  notwithstanding repeated suggesting that it could.
12  We could not have.
13          THE COURT: You have my ruling.
14  Discovery is stayed in this case. I'm referring
15  to a motion to amend pending any form of non
16  convenience and or jurisdiction motions that the
17  defendant is going to make.
18          MR. WEIGEL: Thank you, your Honor.
19          THE COURT: Order a copy of the
20  transcript.

    Certified to be a true and accurate
    transcript of the original stenographic
    notes.

    _____
    JACQUELINE GLASS
    SENIOR COURT REPORTER

SO ORDERED
_____
BARRY R. OSTRAGER, J.S.C.