# EXHIBIT 2

Addendum to item 2 of the agenda of the minutes of the meeting of the committee of creditors of Probusinessbank JSCB OJSC

## EXPLANATORY NOTE

### on the receiver's proposal to hire Morrison Cohen LLP to represent the interests of Probusinessbank JSCB OJSC in the United States and to enter into a consulting services agreement with attorney A.A. Pavlov of the Moscow law firm Quorum

The Bank's receiver is conducting an investigation into the Bank's activities prior to the revocation of its banking license, in the course of which it has been established that the actions and failures to act on the part of its controlling persons caused the Bank losses in excess of RUB 50 billion (preliminary estimate), which constitutes grounds for holding the culpable persons liable.

The Bank's receiver is obligated to take every possible step to hold the controlling persons liable and bring the relevant claims against them.

The controlling persons may be held financially liable both in the Russian Federation and in another jurisdiction defined in accordance with the general rules of jurisdiction (under Article 28 of the Civil Procedure Code and Article 35 of the Arbitrazh Procedure Code, a claim may be brought at the place of residence or business of the respondent) by means of bringing a claim for the recovery of damages (on the basis of Article 71 of Federal Law No. 208-FZ of 12/26/1995 "On Joint-Stock Companies").

The case law shows, however, that the hearing of claims against the Bank's former management is suspended until the receiver has completed all settlements with the Bank's creditors, i.e., until the actual amount of harm equal to the amount of unsatisfied creditors' claims has been established.

In order to achieve the best possible outcome in court proceedings associated with holding the Bank's former management and other persons liable, the Bank's receiver must consider the possibility of bringing a claim for the recovery of damages from the Bank's controlling persons in a foreign jurisdiction.

The Bank's principal controlling persons were:

- S. Leontiev (Chairman of the Bank's Board of Directors, member of the Bank's Management Board);

- A. Zheleznyak (member of the Bank's Board of Directors (until 06/29/2015), Chairman of the Bank's Management Board (until 04/23/2015)).

Proving that S. Leontiev and A. Zheleznyak were the Bank's controlling persons will require not only substantiating their official positions but also other evidence of their

role and functions in managing the Bank and their involvement in dubious transactions that resulted in siphoning off assets. Such evidence may include the testimony of persons accused in the criminal case (N. Alekseyev and M. Krylova), with whom the prosecutor has reached plea bargains, since these persons possess exclusive information about the circumstances associated with the siphoning off of the Bank's assets. When filing applications/petitions in foreign courts, such testimony will have material significance for proving the validity of the claims.

Based on an examination of open sources, there are sufficient grounds to believe that S. Leontiev and A. Zheleznyak currently reside in the United States, specifically:

- S. Leontiev resides in the state of New York;

- A. Zheleznyak resides in the state of Massachusetts.

S. Leontiev and A. Zheleznyak have been assigned social security numbers, which proves their US residency.

Therefore, it appears to make sense to initiate the following legal proceedings for the discovery of evidence:

- against S. Leontiev in the United States District Court for the Southern District of New York;

- against A. Zheleznyak in the United States District Court of Massachusetts.

Based on an analysis of proposals from law firms that have the necessary experience to provide appropriate, well-qualified legal assistance to the Bank's receiver and that meet the criteria of reasonable and justified pricing, the most attractive proposal appears to be that of Morrison Cohen LLP, which consists of the following:

- preparing a memorandum on the ability of the Bank's receiver to initiate legal proceedings in the United States for the discovery of evidence by S. Leontiev and A. Zheleznyak, including their deposition;

- preparing and submitting motions for discovery with the competent courts;

- preparing objections to the respondents' potential statements disputing the jurisdiction of the United States and the necessity of discovery;

- participating in court hearings if the court deems it impossible to consider the motions without summoning the parties;

- preparing and conducting depositions of S. Leontiev and A. Zheleznyak;

- analyzing information and documents obtained through discovery and

depositions;

- preparing a memorandum (strategy) on further procedural steps, as well as an opinion as to whether or not it is necessary and/or possible for the Bank to be joined to the case concerning the claim of A. Varshavsky (represented by the company Avilon Automotive Group, which he controls) against S. Leontiev and other persons.

The cost of Morrison Cohen LLP's services will not exceed USD [text cut off],000 (eighty-five thousand US dollars) (excluding VAT and overhead expenses).

In order to achieve the goal of this project, it will be necessary to hire a person capable of accumulating all the tasks and requirements of the Bank's receiver, managing all the proceedings, the successful conclusion of which will be necessary in order to prepare a comprehensive strategy of legal and out-of-court actions aimed at holding the Bank's controlling persons financially liable, and conducting legal management with a knowledge of Russian substantive law and an understanding of the specificities of multijurisdictional proceedings.

The necessary comprehensive approach can be provided by A. Pavlov, an attorney with the Moscow law firm Quorum, which is offering to provide the following consulting services:

- gathering and systematically analyzing the body of evidence at the disposal of the Bank's receiver and identifying additional evidence through interaction with the Russian law-enforcement agencies;

- identifying witnesses who have information about the unlawful actions of the Bank's controlling persons;

- preparing witness testimonies;

- participating in witness depositions, including preparing questions for witness depositions, conducting a thorough analysis of witness testimonies, and spotting false testimony and inconsistencies in witness testimonies;

- selecting experts in the area of Russian law and legal precedent should it become necessary to prepare relevant opinions for legal disputes in the competent courts of foreign jurisdictions;

- arranging for the translation of documents and verifying the accuracy of those translations;

- seeking out and engaging (with the approval of the Bank's receiver) foreign legal counsel in order to initiate legal proceedings in foreign jurisdictions to hold the Bank's controlling persons financially liable for incurred damage;

- assisting engaged foreign legal counsel in preparing procedural documents, including, in particular, those pertaining to the application of provisions of Russian substantive and procedural law;

- arranging for documents associated with the legal disputes to be officially served to the parties where such service is required by law, both using its own resources and with the help of hired bailiffs (including private bailiffs);

- arranging for applications to be filed in foreign jurisdictions to hold persons administratively/criminally liable, including for contempt of court;

- seeking out and engaging other persons in various professional spheres (if necessary) while preserving confidentiality and avoiding conflicts of interest;

- coordinating between and collaborating with all hired consultants, the Bank's receiver, and the law-enforcement agencies;

- upon the completion of discovery procedures in the United States, preparing a strategy for further actions aimed at holding the Bank's controlling persons financially liable and recovering funds for the Bank as compensation for the harm caused by the controlling persons.

Attorney A. Pavlov's services would be provided on the following terms and conditions:

- in order to perform procedural steps outside the Russian Federation, with the prior approval of the Bank's receiver, foreign consultants would be engaged on the basis of fixed fees for services;

-the cost of services to be rendered by attorney A. Pavlov would be RUB 1,500,000.00 (one million five hundred thousand rubles) per month;

- the fees of hired foreign consultants and third parties, as well as necessary costs, would be defrayed at the Bank's expense by means of advance payments.

In light of the foregoing, I request that you approve the hiring of Morrison Cohen LLP to represent the interests of Probusinessbank JSCB OJSC in the United States and the entry into a consulting services agreement with attorney A.A. Pavlov of Moscow law firm Quorum.

[seal:] Probusinessbank JSCB OJSC, Probusinessbank Joint Stock Commercial Bank Open Joint Stock Company, Moscow, PSRN [Primary State Registration Number] [illegible], Receiver Deposit Insurance Agency State Corporation

[initials]

<u>7 </u>([text cut off]) pages numbered, bound and sealed

Representative of the receiver [text cut off]

[seal:] Probusinessbank JSCB OJSC, Probusinessbank Joint-Stock Commercial Bank Open Joint-Stock Company, Moscow, PSRN 1027700508978, Receiver Deposit Insurance Agency State Corporation

## ПОЯСНИТЕЛЬНАЯ ЗАПИСКА

**О предложении конкурсного управляющего о привлечении компании Morrison Cohen LLP для представления интересов ОАО АКБ «Пробизнесбанк» на территории США, о заключении с адвокатом Павловым А.А., членом Московской коллегии адвокатов «Кворум», соглашения об оказании консультационных услуг**

Конкурсным управляющим Банком проводится проверка деятельности Банка до отзыва лицензии на осуществление банковских операций, в ходе которой установлено, что действиями и бездействиями контролирующих лиц Банку причинены убытки в размере более 50 млрд руб. (предварительная оценка), что является основанием для привлечения виновных лиц к ответственности.

Конкурсный управляющий Банком обязан предпринять все действия, направленные на привлечение контролирующих лиц к ответственности и предъявление к ним соответствующих заявлений.

Привлечение контролирующих лиц к материальной ответственности возможно, как на территории Российской Федерации, так и в иной юрисдикции, определяемой по общим правилам подсудности (согласно ст. 28 ГПК и ст. 35 АПК иск подлежит предъявлению по месту жительства или нахождения ответчика) посредством предъявления иска о взыскании убытков (на основании ст. 71 Федерального закона от 26.12.1995 №208-ФЗ «Об акционерных обществах»).

Вместе с тем, сложившаяся судебная практика, показывает, что рассмотрение исков к бывшему руководству Банка приостанавливается судом до завершения конкурсным управляющим расчетов с кредиторами Банка, то есть до установления действительной суммы причиненных убытков, равных размеру неудовлетворенных требований кредиторов.

Для достижения максимально возможного положительного результата в судебных разбирательствах, связанных с привлечением к ответственности бывшего руководства Банка и иных лиц, конкурсному управляющему Банком необходимо рассмотреть возможность предъявления иска о взыскании убытков с контролирующих Банк лиц в иностранной юрисдикции.

Основными контролирующими Банк лицами являлись:

– Леонтьев С. (Председатель Совета директоров Банка, член Правления Банка);

– Железняк А. (член Совета директоров Банка (до 29.06.2015), Председатель Правления Банка (до 23.04.2015)).

В подтверждение того, что Леонтьев С. и Железняк А. являлись контролирующими Банк лицами, потребуется не только обоснование их должностного положения, но и иные доказательства, свидетельствующие об их

и функциях в управлении Банком и вовлеченности в сомнительные сделки, лекшие вывод активов. Такими доказательствами в частности могут быть дительские показания обвиняемых (Алексеева Н. и Крыловой М.) по ловному делу, с которыми прокурором заключены досудебные соглашения, к как эти лица обладают исключительными сведениями об обстоятельствах, язанных с выводом активов Банка. При подаче заявлений/ходатайств в остранные суды подобные свидетельские показания будут иметь существенное ачение для подтверждения обоснованности требований.

В результате исследования открытых источников информации имеются остаточные основания полагать, что в настоящий момент Леонтьев С. и Железняк А. проживают в США, в частности:

– Леонтьев С. проживает в штате Нью-Йорк;

– Железняк А. проживает в штате Массачусетс.

Леонтьеву С. и Железняку А. присвоены номера социального страхования, что подтверждает их резидентство в США.

В этой связи представляется целесообразным инициировать следующие судебные разбирательства по раскрытию доказательств:

– против Леонтьева С. в Федеральном окружном суде Южного округа Нью-Йорка;

– против Железняка А. в Федеральном окружном суде Массачусетса.

По итогам проведенного анализа предложений юридических фирм, обладающих опытом, необходимым для обеспечения надлежащей квалифицированной юридической помощи конкурсному управляющему Банком, и отвечающих критериям разумной и обоснованной ценовой политики, наиболее выгодным представляется предложение компании Morrison Cohen LLP, которое заключается в следующем:

– подготовка меморандума по вопросу возможности инициирования конкурсным управляющим Банком судебных процессов в США, направленных на раскрытие доказательств Леонтьевым С. и Железняком А. с возможностью проведения их допросов;

– подготовка и подача ходатайств о раскрытии доказательств в компетентные суды;

– подготовка возражений на потенциальные заявления ответчиков об оспаривании юрисдикции США и необходимости раскрытия доказательств;

– участие в судебных заседаниях, если суд посчитает невозможным рассмотрение ходатайств без вызова сторон;

– подготовка и проведение допросов Леонтьева С. и Железняка А.;

– анализ сведений и документов, полученных в результате раскрытия

ательств и проведенных допросов;

– подготовка меморандума (стратегии) о дальнейших процессуальных [дей]ствиях, а также заключение о наличии/отсутствии необходимости и/или [воз]можности участия Банка в деле по иску Варшавского А. (в лице [под]контрольной ему компании Avilon Automative Group) к Леонтьеву С. и иным [ли]цам.

Стоимость услуг Morrison Cohen LLP составит не более [85] 000 (Восемьдесят пять тысяч) долл. США (без НДС и накладных расходов).

Для успешного достижения цели проекта потребуется привлечение лица, [к]оторое сможет аккумулировать все задачи и требования конкурсного [у]правляющего Банком осуществлять менеджмент всех процессов, успешное [ра]зрешение которых необходимо для подготовки комплексной стратегии [с]удебных и внесудебных мероприятий, направленных на привлечение [к]онтролирующих Банк лиц к имущественной ответственности, а также [о]существлять юридический менеджмент со знанием российского материального [п]рава и пониманием особенностей мультиюрисдикционных процессов.

Необходимый комплексный подход сможет быть обеспечен адвокатом Павловым А., членом Московской коллегии адвокатов «Кворум», которым предлагается оказание следующих консультационных услуг:

– сбор и системный анализ доказательственной базы, имеющейся в [рас]поряжении конкурсного управляющего Банком, а также выявление дополнительных доказательств в рамках взаимодействия с правоохранительными органами РФ;

– выявление свидетелей, обладающих сведениями о неправомерных действиях контролирующих Банк лиц;

– обеспечение подготовки свидетельских показаний;

– участие в допросах свидетелей, в том числе подготовка вопросов для допроса свидетелей, комплексный анализ свидетельских показаний, выявление ложных показаний, противоречий в свидетельских показаниях;

– подбор экспертов в области российского права и правоприменительной практики при необходимости составления соответствующих заключений для судебных споров в компетентных судах иностранных юрисдикций;

– организация перевода документов, проверка корректности перевода документов;

– поиск и привлечение (по согласованию с конкурсным управляющим Банком) иностранных юридических консультантов для инициирования в иностранных юрисдикциях судебных процессов, связанных с привлечением контролирующих Банк лиц к материальной ответственности за причиненные убытки;

– содействие привлеченным иностранным юридическим консультантам в подготовке процессуальных документов, в том числе, в части, касающейся изменения норм российского материального и процессуального права;

– организация официального вручения сторонам документов судебных споров, вручение которых необходимо по закону, как самостоятельно, так и с помощью привлеченных приставов (в том числе частных приставов);

– организация предъявления заявлений в иностранных юрисдикциях о привлечении лиц к административной/уголовной ответственности, в том числе за неуважение к суду;

– поиск и привлечение иных лиц в различных профессиональных сферах (в случае необходимости), соблюдая условия конфиденциальности и избегая конфликта интересов;

– координация и взаимодействие между всеми привлеченными консультантами, конкурсным управляющим Банком и правоохранительными органами;

– по завершении процедур раскрытия доказательств в США, подготовка стратегии дальнейших действий, направленных на привлечение к имущественной ответственности контролирующих Банк лиц и взыскания в пользу Банка денежных средств в счет возмещения убытков, причиненных контролирующими лицами.

Оказание услуг адвоката Павлова А. предлагается на следующим условиях:

– в целях совершения процессуальных действий за пределами РФ с предварительного согласия конкурсного управляющего Банком допускается привлечение иностранных консультантов на условиях фиксированной оплаты стоимости услуг;

– стоимость оказываемых услуг адвокатом Павловым А. составляет 1 500 000,00 (Один миллион пятьсот тысяч) руб. ежемесячно;

– расчеты по оплате услуг привлеченных иностранных консультантов, третьих лиц, а также необходимых расходов, производятся за счет Банка путем авансирования.

В связи с изложенным прошу согласовать целесообразность привлечения компании Morrison Cohen LLP для представления интересов ОАО АКБ «Пробизнесбанк» на территории США, а также заключения с адвокатом Павловым А.А., членом Московской коллегии адвокатов «Кворум», соглашения об оказании консультационных услуг.

Всего пронумеровано, проши[...]
печатью на _____ ( [...]
листах

Представитель конкурсного у[...]

_____

ГОСУД[...]

ПО[...]

**КОНКУ[...]
ОАО[...]
109[...]
12705[...]
т[...]

от ___[...]

проведе[...]
едитор[...]

сообщае[...]
АКБ «П[...]

Агентс[...]



STATE OF NEW YORK          )
                           )
                           )    ss
COUNTY OF NEW YORK         )


## CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the attached Explanatory Note.


Jeff Cureton, Senior Managing Editor
Geotext Translations, Inc.


Sworn to and subscribed before me

this _3rd_ day of _January_, 201_8_ .


KRISTEN DUFFY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DU6121852
Qualified In Queens County
My Commission Expires 01-31-2021

New York
t: +1.212.631.7432

Washington, D.C.
t: +1.202.828.1267

Chicago
t: +1.312.242.3756

Houston
t: +1.713.353.3909

San Francisco
t: +1.415.576.9500

London
t: +44.20.7553.4100

Paris
t: +33.1.42.68.51.47

Stockholm
t: +46.8.463.11.87

Frankfurt
t: +49.69.7593.8434

Hong Kong
t: +852.2159.9143