# EXHIBIT 3

**ARBITRATION PROCEDURAL CODE OF THE RUSSIAN FEDERATION
NO. 95-FZ OF JULY 24, 2002**
**(with the Amendments and Additions of July 28, November 2, 2004, March 31, December 27, 2005, October 2, 2007, April 29, June 11, July 22, December 3, 2008, June 28, July 19, 2009, March 9, April 30, July 27, December 23, 2010, April 6, July 11, 12, December 3, 8, 2011)**

*This Code shall be put into operation by Federal Law No. 96-FZ of July 24, 2002, as of September 1, 2002, save for the provisions for which said Law establishes other terms and procedures for putting them into operation*

**Adopted by the State Duma of the Russian Federation on June 14, 2002
Endorsed by the Federation Council on July 10, 2002**

*On some issues of application of the Arbitration Procedural Code of the Russian Federation, see Information Letter of the Presidium of the Higher Arbitration Court of the Russian Federation No. 82 of August 13, 2004*

*On some issues arising in judicial practice, while trying cases on administrative fffences, see Decision of the Plenary Session of the Higher Arbitration Court of the Russian Federation No. 10 of June 2, 2004*

*As to the certain issues arising in connection with the application of anti-monopoly legislation, see Resolution of the Plenary Session of the Higher Arbitration Court of the Russian Federation No. 30 of June 30, 2008*

**Article 66.** Presentation of, and Remanding Evidence

**1.** Evidence shall be presented by the persons participating in a case.
Copies of the documents submitted to court by a person participating in a case shall be directed to other persons participating in the case if they do not have these documents.

**2.** An arbitration court shall be entitled to suggest to persons participating in a case to present additional evidence for clarifying the circumstances important for the correct consideration of the case and the adoption of a lawful and reasonable judicial act prior to the start of the court session or within the time term fixed by the court.

**3.** In the event of changing the circumstances subject to substantiation in connection with the claimant changing the ground or subject of his claim and the filing by the respondent of a counterclaim, an arbitration court shall be entitled to establish the time period for presenting additional circumstances.

**4.** A person participating in a case and lacking the opportunity to obtain himself necessary evidence from a person possessing it shall be entitled to file a petition to the arbitration court for demanding for the given evidence.

In the petition there should be denoted the evidence and indicated what circumstances significant for the case may be established by this evidence, as well as the reasons impeding the obtainment of the evidence, and the location thereof.

In the event of satisfying the petition the court shall obtain on demand appropriate evidence from the person who has it.

**5.** In the event of non-presentation by state power bodies, bodies of local self-government, other bodies and officials of evidence in cases arising from administrative and other public legal relations, an arbitration court shall obtain on demand evidence from these bodies on its own initiative.

Copies of documents obtained on demand by an arbitration court on its own initiative shall be directed by the court to the persons participating in the case if they do not have these documents.

**6.** An arbitration court shall issue a ruling in respect of demanding evidence.

In the ruling there shall be indicated the term and procedure for presenting evidence.

A copy of the ruling shall be directed to the persons participating in the case, as well as to the person who has the evidence called for by the court.

**7.** The person who has the evidence called for by an arbitration court shall send it directly to the court. In case of necessity, at the request of the court the evidence which is called for may be handed in to the person having an appropriate request for presenting to the court.

**8.** Where the person from whom an arbitration court demands presentation of evidence has no opportunity to present it or to present it within the time period established by the court, he shall be obliged to notify the court about this and to indicate the reasons for non-presentation thereof within a five-day term, as of the date of obtaining a copy of the ruling for demanding the evidence.

**9.** In the event of failure to discharge the duty of presenting evidence called for by an arbitration court for reasons recognized by the arbitration court as not good, or of failure to notify the court on the impossibility of presenting evidence at all or within the established time period, the court shall impose on the person whom the evidence is demanded of a court fine as per the procedure and in the amount established in Chapter 11 of this Code.

**10.** A court shall issue a ruling in respect of imposing a court fine.

In a ruling concerning the imposition of a court fine there shall be established a new time period when the evidence called for has to be presented.

In the event of failure to meet these requirements within the time period indicated in a ruling concerning the imposition of a court fine, an arbitration court may repeatedly impose the fine according to the rules provided for by Part 9 of this Article.

**11.** The imposition of court fines shall not relieve the person who has the evidence which is called for of the duty to present it to the arbitration court.

**12.** A ruling of an arbitration court concerning the imposition of a court fine may be appealed.

### Article 67. Relevance of Evidence

**1.** An arbitration court shall only accept the evidence which is relevant to the case under consideration.

**2.** An arbitration court shall not accept documents which contain petitions supporting persons participating in a case or the evaluation of their activities, other documents which are not relevant to the establishment of circumstances of the case under consideration, and shall refuse to attach them to the materials of the case. The court shall indicate a refusal to attach such documents to the materials of the case in the record of the court session.