# EXHIBIT 7

APPROVED
Deputy Director
Main Investigations Department,
Investigative Committee of the
Russian Federation

Major General of Justice
　　　　[signature]　　　V.N. Alyshev

April <u>5</u>, 2017

ORDER
on the filing with the court of a petition seeking to seize items and documents
containing secrets protected by federal law

Moscow                                                           April 4, 2017

Major of Justice D.Kh. Khuramshin, an investigator for major cases of the Third Investigative Division of the Department for the Investigation of Major Cases of Crimes Against the Government and Financial Crimes of the Investigative Committee of the Russian Federation, having reviewed the file of criminal case No. 11602007703000015,

F O U N D:

This criminal case was initiated on 2/17/2016 in respect of owners, managers, and employees of Probusinessbank JSCB OJSC and the Life Financial Group, as well as other unidentified persons for offenses under Part 4 of Article 160, Parts 3 and 5 of Article 33, and Part 4 of Article 160 of the RF Criminal Code.

The term of the preliminary investigation in the criminal case was extended by the deputy chair of the RF Investigative Committee by 15 months, that is, until 5/17/2017.

It was established during the investigation that no later than September 2014, Bank president S.L. Leontyev and management board chairman A.D. Zheleznyak, who were the main shareholders of Probusinessbank JSCB OJSC, created an organized group which at various times included Ya.V. Alekseyev, V.V. Kazantsev, A.V. Lomov, N.V. Alekseyev, S.V. Kalachev, M.M. Krylova, K.V. Artemov, and other unidentified persons for the purpose of embezzling Bank funds in an especially large amount.

Additionally, as necessary and at various times between September 2014 and August 2015, in Moscow and Ivanovo in the Ivanovo Region, with no more specific times or locations identified, members of the organized group involved I.P. Polikarpov, general director of IvSpetsGarant Innovative Construction Company LLC, A.V. Simakov, general director of Engineering-Royalty LLC, A.V. Danukin, general director of Vostok-Cargo-Plus LLC,

[seal:] Main Investigations Department
[illegible stamp]
[signature]

O.E. Papakhin, L.B. Shpagina, general director of Tsentr Torgovli LLC, O.V. Kravchenko, general director of NewHowTrade LLC and other unidentified persons as accessories to the crime.

The basic premise underlying the commission of the offence involved the performance of deliberate actions aimed at the granting to controlled companies of patently non-returnable loans unsecured by collateral in especially large amounts and the transfer of loan funds to the credit accounts of these companies, followed by the transfer of funds to controlled legal entities under the guise of payment for fictitious transactions.

Subsequently, the embezzled funds, in Russian rubles, were converted in full into US dollars and transferred to the transaction account of a legal entity controlled by members of the organized group that did not perform any actual business activities—the non-resident company Vermenda Holdings Limited, registered at Griva Digeni, P.C. 3101, Limassol, Cyprus, which was opened at the non-resident bank Trasta Komercbanka Riga, located at Palasta iela 1, Riga LV-1050, Latvia.

To lend the appearance of legality to the transactions, the documentation for issuing these loans was technically legal in nature, but these documents actually contained falsified information, and all the actions of the participants in the crime were aimed at achieving a criminal intent, that is, at embezzlement through the appropriation of Bank funds in an especially large amount.

In total, under the leadership of S.L. Leontyev and A.D. Zheleznyak, the organized group appropriated 2,443,195,968 rubles by issuing loans to IvSpetsGarant Innovative Construction Company LLC, Engineering-Royalty LLC, Vostok-Cargo-Plus LLC, Tsentr Torgovli LLC, and NewHowTrade LLC between September 2014 and August 2015, thereby causing damages in an especially large amount to Probusinessbank JSCB.

Criminal case No. 11702007703000030, which was opened on 3/3/2017 in respect of S.L. Leontyev, A.D. Zheleznyak, A.D. Lomov, and other unidentified persons on the count of the embezzlement of 25,017,944,889.87 rubles through the misappropriation of Bank property was joined with this criminal case on 3/6/2017.

It was established that from 2012 to 2015 the Bank invested securities and funds in the amount of over 25 billion rubles in the brokerage companies Otkritie Securities Limited (hereinafter, OSL) and BrokerCreditService (Cyprus) Limited (hereinafter, BCS), registered in Great Britain and the Republic of Cyprus, respectively. Subsequently, members of the organized group completed financial transactions aimed at

[seal:] Main Investigations Department
[illegible stamp]
[signature]

encumbering this Bank property in favor of the Cyprus-based companies Ambika Investments Limited and Merrianol Investments Limited, which were controlled by the group.

As a result of the actions of the organized group members, the securities serving to guarantee the obligations of Ambika Investments Limited and Merrianol Investments Limited before OSL and BCS, respectively, were debited from the Bank's brokerage accounts on 8/12/2015 in connection with the deliberate failure to fulfill the obligations of the Cyprus-based companies under loan agreements and repurchase agreements. In connection with this, Probusinessbank JSCB (OJSC) lost the ability to demand the return of the abovementioned securities, or equivalent securities, or funds totaling 25,017,944,889.87 rubles.

In order to identify the founders (participants), managers, ultimate beneficiaries, and representatives of Vega LLC (TIN 7707532186), Balance Accounting Center LLC (TIN 7715805278), Alliance LLC (TIN 6671421093), Inter-Prime LLC (TIN 7715831246), Vermenda Holdings Limited (foreign company code 31808) and to review during the preliminary investigation the originals of the registration, financial, and legal files, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents, these documents of Vega LLC, Balance Accounting Center LLC, Alliance LLC, Inter-Prime LLC, and Vermenda Holdings Limited, which contain information constituting a tax secret in accordance with Article 102 of the Tax Code of the Russian Federation, must be seized from interdistrict inspectorates of the Federal Tax Service Nos. 46 and 50 for Moscow and interdistrict inspectorate of the Federal Tax Service No. 16 for Krasnodar Krai.

In light of the circumstances of this crime and insofar as these documents are of significance to the investigation of a criminal case, the need has now arisen for the investigation to seize these documents. Pursuant to Part 3 of Article 183 of the RF Criminal Procedure Code, the seizure of documents containing state or other secrets protected by federal law is carried out on the basis of a court decision adopted pursuant to the procedure established by Article 165 of the RF Criminal Procedure Code. Pursuant to Article 29 of the RF Criminal Procedure Code, a court is authorized to take decisions to seize items and documents containing state or other secrets protected by federal law.

The location of the preliminary investigation is 2 Tekhnichesky pereulok, Moscow and falls within the jurisdiction of the Basmanny District Court of Moscow.

On the basis of the above and guided by Paragraph 7 of Part 2 of Article 29, Paragraph 3 of Part 2 of Article 38, Part 1 of Article 165, and Article 183 of the RF Criminal Procedure Code, [it was]

[seal:] Main Investigations Department
[illegible stamp]
[signature]

O R D E R E D :

1.      To file a petition with the Basmanny District Court of Moscow seeking permission to execute a seizure of:

- registration, financial, and legal files, information about ultimate beneficiaries, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents of Alliance LLC (TIN 6671421093) of significance to the criminal case, from the time of registration through the present day from interdistrict inspectorate of the Federal Tax Service No. 16 for Krasnodar Krai, located at 235 ul. Kommunarov, Krasnodar;

- registration, financial, and legal files, information about ultimate beneficiaries, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents of Balance Accounting Center LLC (TIN 7715805278), Inter-Prime LLC (TIN 7715831246), and Vega LLC (TIN 7707532186) of significance to the criminal case, from the time of registration through the present day from interdistrict inspectorate of the Federal Tax Service of Russia No. 46 for Moscow, located at 3, str. 2 Pokhodny proezd, Moscow;

- registration, financial, and legal files, information about ultimate beneficiaries, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents of Vermenda Holdings Limited (foreign company code 31808) of significance to the criminal case, from the time of registration through the present day from interdistrict inspectorate of the Federal Tax Service of Russia No. 50 for Moscow, located at 3, Pokhodny proezd, Moscow;

2.      To send a copy of this order to the deputy prosecutor general of the Russian Federation.

Investigator for Major Cases
Main Investigations Department
Major of Justice                            [signature]                    D.Kh. Khuramshin

[seal:] Main Investigations Department
[stamp:] Main Investigations Department, Investigative Committee of Russia,
Investigator M.A. Mayboroda
[illegible]
[signature]

# RULING

Moscow                                                                                    April 7, 2017

Yu.R. Safina, a judge of the Basmanny District Court of Moscow, with clerk Yu.Yu. Topale, with the participation of I.V. Malofeev, a prosecutor from the Administration Department of the RF Prosecutor General's Office, having reviewed the order of Major of Justice D.Kh. Khuramshin, an investigator for major cases of the Third Investigative Division of the Department for the Investigation of Major Cases of Crimes Against the Government and Financial Crimes of the Investigative Committee of the Russian Federation, on filing a petition regarding the seizure of items and documents containing secrets protected by federal law in criminal case No. 11602007703000015,

F O U N D:

This criminal case was initiated on 2/17/2016 in respect of owners, managers, and employees of Probusinessbank JSCB OJSC and the Life Financial Group, as well as other unidentified persons for offenses under Part 4 of Article 160, Parts 3 and 5 of Article 33, and Part 4 of Article 160 of the RF Criminal Code.

The term of the preliminary investigation in the criminal case was extended by the deputy chair of the RF Investigative Committee by 15 months, that is, until 5/17/2017.

In the petition submitted to the court with the approval of deputy director of the Main Investigations Department of the RF Investigative Committee, the investigator states that no later than September 2014, Bank president S.L. Leontyev and management board chairman A.D. Zheleznyak, who were the main shareholders of Probusinessbank JSCB OJSC, created an organized group which at various times included Ya.V. Alekseyev, V.V. Kazantsev, A.V. Lomov, N.V. Alekseyev, S.V. Kalachev, M.M. Krylova, K.V. Artemov, and other unidentified persons for the purpose of appropriating Bank funds in an especially large amount.

Additionally, as necessary and at various times between September 2014 and August 2015, in Moscow and Ivanovo in the Ivanovo Region, with no more specific times or locations identified, members of the organized group involved I.P. Polikarpov, general director of IvSpetsGarant Innovative Construction Company LLC, A.V. Simakov, general director of Engineering-Royalty LLC, A.V. Danukin, general director of Vostok-Cargo-Plus LLC, O.E Papakhin,

[seal:] Main Investigations Department
[stamp:] Main Investigations Department, Investigative Committee of Russia,
Investigator M.A. Mayboroda
[illegible]
[signature]

L.B. Shpagina, general director of Tsentr Torgovli LLC, O.V. Kravchenko, general director of NewHowTrade LLC and other unidentified persons as accessories to the crime.

The basic premise underlying the commission of the offence involved the performance of deliberate actions aimed at the granting to controlled companies of patently non-returnable loans unsecured by collateral in especially large amounts and the transfer of loan funds to the credit and transaction accounts of these companies, followed by the transfer of funds to the accounts of the controlled legal entities under the guise of payment for fictitious transactions.

Subsequently, the embezzled funds, in Russian rubles, were converted in full into US dollars and transferred to the transaction account of a legal entity controlled by members of the organized group that did not perform any actual business activities—the non-resident company Vermenda Holdings Limited, registered at Griva Digeni, P.C. 3101, Limassol, Cyprus, which was opened at the non-resident bank Trasta Komercbanka Riga, located at Palasta iela 1, Riga LV-1050, Latvia.

To lend the appearance of legality to the transactions, the documentation for issuing these loans was technically legal in nature, but these documents actually contained falsified information and all the actions of the participants in the crime were aimed at achieving a criminal intent, that is, at embezzlement through the appropriation of Bank funds in an especially large amount.

In total, under the leadership of S.L. Leontyev and A.D. Zheleznyak, the organized group appropriated 2,443,195,968 rubles by issuing loans to IvSpetsGarant Innovative Construction Company LLC, Engineering-Royalty LLC, Vostok-Cargo-Plus LLC, Tsentr Torgovli LLC, and NewHowTrade LLC between September 2014 and August 2015, thereby causing damages in an especially large amount to Probusinessbank JSCB.

Criminal case No. 11702007703000030, which was opened on 03.03.2017 in respect of S.L. Leontyev, A.D. Zheleznyak, A.D. Lomov, and other unidentified persons on the count of the embezzlement of 25,017,944,889.87 rubles through the misappropriation of Bank property was joined with this criminal case on 3/6/2017.

It was established that from 2012 to 2015 the Bank invested securities and funds in the amount of over 25 billion rubles in the brokerage companies Otkritie Securities Limited (hereinafter, OSL) and BrokerCreditService (Cyprus) Limited (hereinafter, BCS), registered in Great Britain and the Republic of Cyprus, respectively. Later, members of the organized group completed financial transactions aimed at encumbering

[seal:] Main Investigations Department
[stamp:] Main Investigations Department, Investigative Committee of Russia,
Investigator M.A. Mayboroda
[illegible]
[signature]

this Bank property in favor of the Cyprus-based companies Ambika Investments Limited and Merrianol Investments Limited, which were controlled by the group.

As a result of the actions of the organized group members, the securities serving to guarantee the obligations of Ambika Investments Limited and Merrianol Investments Limited before OSL and BCS, respectively, were debited from the Bank's brokerage accounts on 8/12/2015 in connection with the deliberate failure to fulfill the obligations of the Cyprus-based companies under loan agreements and repurchase agreements. In connection with this, Probusinessbank JSCB (OJSC) lost the ability to demand the return of the abovementioned securities, or equivalent securities, or funds totaling 25,017,944,889.87 rubles.

In order to identify the founders (participants), managers, ultimate beneficiaries, and representatives of

Vega LLC (TIN 7707532186),

Balance Accounting Center LLC (TIN 7715805278),

Alliance LLC (TIN 6671421093),

Inter-Prime LLC (TIN 7715831246),

Vermenda Holdings Limited (TIN 7729086087) and to review during the preliminary investigation the originals of the registration, financial, and legal files, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents, these documents of Balance Accounting Center LLC (TIN 7715805278), Inter-Prime LLC (TIN 715831246), and Vega LLC (TIN 7707532186) must be seized from interdistrict inspectorate of the Federal Tax Service No. 46 for Moscow, of Alliance LLC (TIN 6671421093), from interdistrict inspectorate of the Federal Tax Service No. 16, and of Vermenda Holdings Limited (TIN 7729086087), from interdistrict inspectorate of the Federal Tax Service No. 46 for Moscow, whose documents contain information constituting a tax secret in accordance with Article 102 of the RF Tax Code.

In light of the circumstances of this crime and insofar as these documents are of significance to the investigation of a criminal case, the need has now arisen for the investigation to seize these documents. Pursuant to Part 3 of Article 183 of the RF Criminal Procedure Code, the seizure of documents containing state or other secrets protected by federal law is carried out on the basis of a court decision adopted pursuant to the procedure established by Article 165 of the RF Criminal Procedure Code. Pursuant to Article 29 of the RF Criminal Procedure Code, a court is authorized to take decisions to seize items and documents containing state or other secrets protected by federal law.

The prosecutor upheld the investigator's petition at the court hearing.

[seal:] Main Investigations Department
[stamp:] Main Investigations Department, Investigative Committee of Russia,
Investigator M.A. Mayboroda
[illegible]
[signature]

Having reviewed the materials submitted in support of the petition and heard the prosecutor's opinion in support of the investigator's petition, the court believes that the investigator's petition should be granted.

This criminal case was opened by an authorized official in compliance with the requirements of Article 146 of the RF Criminal Procedure Code.

Pursuant to Part 3 of Article 183 of the RF Criminal Procedure Code, the seizure of documents containing state or other secrets protected by federal law is carried out on the basis of a court decision adopted pursuant to the procedure established by Article 165 of the RF Criminal Procedure Code.

It follows from Part 2 of Article 165 of the RF Criminal Procedure Code that a petition to conduct an investigative action should be considered by a judge of a district court, sitting alone, at the location of the conduct of the preliminary investigation or the performance of the investigative action.

In accordance with paragraph 7 of Part 2 of Article 29 of the RF Criminal Procedure Code, a court is authorized to take decisions to seize items and documents containing state or other secrets protected by federal law.

This petition should be examined by the Basmanny District Court of the City of Moscow, that is, at the location of the conduct of the preliminary investigation in the case.

The order to file an application with the court regarding the execution of the seizure of documents containing state or other secrets protected by federal law was drawn up in compliance with the requirements of criminal procedural law and is substantiated. This order was submitted in respect of an open criminal case during the preliminary investigation by the investigator handling the criminal case and with the consent of the proper official.

In light of the above, the court finds that the investigator's order is legal and well-founded and should be granted.

On the basis of the above and guided by Paragraph 7 of Part 2 of Article 29, Article 165, and Article 183 of the RF Criminal Procedure Code, [it was]

R U L E D:

To allow the seizure of

- registration, financial, and legal files, information about ultimate beneficiaries, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents of Alliance LLC (TIN 6671421093) of significance to the criminal case, from the time of registration through the present day from interdistrict inspectorate of the Federal Tax Service No. 16 for Krasnodar Krai, located at 235 ul. Kommunarov, Krasnodar;

- registration, financial, and legal files, information about ultimate beneficiaries, balance sheets, the

[seal:] Main Investigations Department
[stamp:] Main Investigations Department, Investigative Committee of Russia,
Investigator M.A. Mayboroda
[illegible]
[signature]

profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents of Balance Accounting Center LLC (TIN 7715805278), Inter-Prime LLC (TIN 7715831246), and Vega LLC (TIN 7707532186) of significance to the criminal case, from the time of registration through the present day from interdistrict inspectorate of the Federal Tax Service of Russia No. 46 for Moscow, located at 3, str. 2 Pokhodny proezd, Moscow;

- registration, financial, and legal files, information about ultimate beneficiaries, balance sheets, the profit and loss reports and addenda thereto, explanatory notes, tax inspection reports and other accounting and tax reporting documents of Vermenda Holdings Limited (TIN 7729086087) of significance to the criminal case, from the time of registration through the present day from interdistrict inspectorate of the Federal Tax Service of Russia No. 29 for Moscow, located at 66a ul. Lobachevskogo, Moscow.

This ruling may be appealed with the Moscow City Court within 10 days.

Judge [signature]                                                                                    Yu.R. Safina

[stamp:]
True Copy
on
Judge
Clerk
[seal:] Basmanny District Court, Moscow

[seal:] Main Investigations Department
[stamp:] Main Investigations Department, Investigative Committee of Russia,
Investigator M.A. Mayboroda
[illegible]
[signature]

To: Major of Justice

D.Kh. Khuramshin

Investigator for Major Cases
Main Investigations Department
Investigative Committee of the
Russian Federation

From: V.A. Savin

Representative of the victim in
criminal case No. 41702007703000004

Petition
(pursuant to the procedure set forth in articles 119, 120 of the RF Criminal Procedure Code)

You are examining criminal case No. 41702007703000004 in which I have been admitted in the capacity of representative of the victim – Probusinessbank JSCB.

Previously, on 1/15/2017, I reviewed the file of criminal case No. 41702007703000004 pursuant to the procedure of Article 216 of the RF Criminal Procedure Code.

However, I believe that the criminal case file is missing the record and registration files of Balance Accounting Center LLC and Vega LLC (Life Collection Agency LLC).

On the basis of the above, I am requesting that the record and registration files of Balance Accounting Center LLC and Vega LLC (Life Collection Agency LLC) be obtained and attached to the criminal case file, along with the procedural documents providing evidence of their seizure, inspection, and inclusion as material evidence of evidentiary value in the criminal case.

Representative of the victim       [signature]       V.A. Savin
5/25/2017

ORDER
on the granting of a petition

Moscow                                                                                                          May 25, 2017

Senior Lieutenant of Justice M.A. Mayboroda, an investigator of the investigations team of the Main Investigations Department of the Investigative Committee of the Russian Federation, having reviewed the petition from V.A. Savin, the victim's representative, in criminal case No. 41702007703000004,

F O U N D :

On 5/25/2017, V.A. Savin, the representative of the victim – the representative of the Deposit Insurance Agency State Corporation filed a written petition seeking to obtain the record and registration files of Balance Accounting Center LLC and Vega LLC (Life Collection Agency LLC), along with the procedural documents providing evidence of their seizure, inspection, and inclusion as material evidence of evidentiary value in the criminal case, and to include these files and documents in the criminal case file.

The record and registration files of Balance Accounting Center LLC and Vega LLC have been obtained in compliance with the requirements of the RF Criminal Procedure Code for criminal case No. 11602007703000015.

The petition filed by the victim's representative should be granted, insofar as it is founded on the law, was filed by a participant in the case, and constitutes an exercising of the right of the victim's representative, and the materials of criminal case No. 11602007703000015 specified by the victim's representative, V.A. Savin, are of evidentiary value to criminal case No. 41702007703000004.

On the basis of the above and guided by articles 38, 122, 159, and 219 of the RF Criminal Procedure Code,

O R D E R E D :

To grant the petition of V.A. Savin, the representative of the victim – representative of the Deposit Insurance Agency State Corporation, on the grounds set forth in the descriptive part of the order.

To include in the criminal case file duly certified copies of materials of criminal case No. 11602007703000015 – the record and registration files of Balance Accounting Center LLC and Vega LLC and procedural documents (petition to execute a seizure, court decision on permission to execute a seizure, report on the seizure, inspection of documents, recognition of material evidence).

To notify the representative of the victim, V.A. Savin, of the decision adopted by sending him a copy of this order and explaining that this decision may be appealed following the procedures stipulated in Chapter 16 of the RF Criminal Procedure Code.

Investigator of the Investigations Team
Main Investigations Department

Senior Lieutenant of Justice                          [signature]                          M.A. Mayboroda

V.A. Savin

Representative of the victim
in criminal case
No. 41702007703000004

5/25/2017               41702007703000004

       Pursuant to articles 122, 159, and 219 of the RF Criminal Procedure Code, please be advised that your petition dated 5/22/2017 has been reviewed and granted.
       You may appeal this decision following the procedure set forth in Chapter 16 of the RF Criminal Procedure Code.

Enclosure: copy of the order granting the petition on one page

Investigator of the Investigations Team
Main Investigations Department         [signature]         M.A. Mayboroda

СОГЛАСЕН

Заместитель руководителя
Главного следственного управления
Следственного комитета
Российской Федерации

генерал-майор юстиции

В.Н. Алышев

«05» апреля 2017 года

ПОСТАНОВЛЕНИЕ
о возбуждении перед судом ходатайства о производстве выемки предметов
и документов, содержащих охраняемую федеральным законом тайну

г. Москва                                                «04» апреля 2017 года

Следователь по особо важным делам третьего следственного отдела управления по расследованию особо важных дел о преступлениях против государственной власти и в сфере экономики Главного следственного управления Следственного комитета Российской Федерации майор юстиции Хурамшин Д.Х., рассмотрев материалы уголовного дела № 11602007703000015,

УСТАНОВИЛ:

Настоящее уголовное дело возбуждено 17.02.2016 в отношении владельцев, руководителей и сотрудников ОАО АКБ «Пробизнесбанк» и финансовой группы «Лайф», а также иных неустановленных лиц по признакам преступлений, предусмотренных ч. 4 ст. 160 и ч.ч. 3, 5 ст. 33, ч. 4 ст. 160 УК РФ.

Срок предварительного следствия по уголовному делу продлен заместителем Председателя Следственного комитета Российской Федерации продлен до 15 месяцев, т.е. до 17.05.2017.

В ходе расследования установлено, что не позднее сентября 2014 года Президентом Банка Леонтьевым С.Л. и Председателем Правления Банка Железняком А.Д., являвшимися основными акционерами АКБ «Пробизнесбанк» ОАО с целью присвоения денежных средств Банка в особо крупном размере создана организованная группа, в состав которой в различное время были вовлечены Алексеев Я.В., Казанцев В.В., Ломов А.В., Алексеев Н.В., Калачев С.В., Крылова М.М., Артемов К.В. и другие неустановленные лица.

Кроме того, участники организованной группы по мере необходимости в различное время в период с сентября 2014 года по август 2015 года в городе Москве и городе Иваново Ивановской области, более точное время и место не установлены, в качестве пособников преступления привлекли генерального директора ООО «ИСК «ИвСпецГарант» Поликарпова И.П., генерального директора ООО «Инжиниринг-Роялти» Симакова А.В., генерального директора

ООО «Восток-Карго-Плюс» Данукина А.В., Папахина О.Е., генерального директора ООО «Центр Торговли» Шпагину Л.Б., генерального директора ООО «НьюХауТрейд» Кравченко О.В. и иных неустановленных лиц.

Общий принцип совершения преступления предусматривал совершение умышленных действий, направленных на выдачу подконтрольным обществам заведомо невозвратных, необеспеченных залоговым имуществом кредитов в особо крупных размерах, перечисление кредитных денежных средств на ссудные и расчетные счета указанных обществ, после чего под видом оплаты фиктивных сделок, перечисление денежных средств на счета подконтрольных юридических лиц.

Затем, похищенные денежные средства в рублях Российской Федерации конвертировались в полном объёме в доллары США и перечислялись на расчётный счёт подконтрольного членам организованной группы юридического лица, не осуществляющего реальной хозяйственной деятельности, компании нерезидента Российской Федерации Vermenda Holdings Limited (Верменда Холдингс Лимитед), зарегистрированной по адресу: Griva Digeni, P.C. 3101, Limassol, Cyprus (Грива Дигени, п/я 3101, Лимассол, Кипр), открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija Паласта иела 1, Рига LV-1050, Латвийская Республика).

Документальное оформление выдачи кредитов, с целью придания видимости законности производимых сделок, формально носило законный характер, однако фактически указанные документы содержали недостоверные сведения и все действия участников преступления были направлены на достижение преступного умысла, то есть на хищение путем присвоения денежных средств Банка в особо крупном размере.

Всего, членами организованной группы, под руководством Леонтьева С.Л. и Железняка А.Д., в период с сентября 2014 года по август 2015 года путем выдачи кредитов ООО «ИСК ИвСпецГарант», ООО «Инжиниринг-Роялти», ООО «Восток-Карго-Плюс», ООО «Центр Торговли» и ООО «НьюХауТрейд» присвоено 2 443 195 968 руб. и тем самым причинён ущерб АКБ «Пробизнесбанк» в особо крупном размере.

06.03.2017 с настоящим уголовным делом в одном производстве соединено уголовное дело № 11702007703000030, возбужденное 03.03.2017 в отношении Леонтьева С.Л., Железняка А.Д., Ломова А.В. и иных неустановленных лиц по факту хищения путем растраты имущества Банка в размере 25 017 944 889,87 руб.

Установлено, что в период 2012-2015 гг. Банком были инвестированы ценные бумаги и денежные средства в размере более 25 млрд руб. в брокерские компании «Otkritie Securities Limited» (далее по тексту OSL ) и BrokerCreditService (Cyprus) Limited» (далее по тексту BCS), зарегистрированные в Великобритании и Республике Кипр, соответственно. В последующем, членами организованной группы были совершены финансовые операции, направленные на

обременение указанного имущества Банка в пользу подконтрольных им кипрских компаний Ambika Investments Limited и Merrianol Investments Limited.

В результате действий членов организованной группы, ценные бумаги, выступавшие гарантией обеспечения обязательств компаний Ambika Investments Limited и Merrianol Investments Limited перед OSL и BCS, соответственно, 12.08.2015 в связи с умышленным неисполнением обязательств кипрских компаний по договорам займа и РЕПО, были списаны с брокерского счета Банка, открытого в указанной брокерской компании, в связи с чем АКБ «Пробизнесбанк» (ОАО) утратил возможность требований возврата вышеперечисленных ценных бумаг, либо эквивалентных ценных бумаг, либо денежных средств на общую сумму 25 017 944 889,87 руб.

С целью установления учредителей (участников), руководителей, конечных бенефициаров и представителей ООО «Вега» (ИНН 7707532186), ООО «Бухгалтерский центр «Баланс» (ИНН 7715805278), ООО «Альянс» (ИНН 6671421093), ООО «Интер-Прайм» (ИНН 7715831246), Vermenda Holdings Limited (Верменда Холдингс Лимитед) (КИО 31808), а также изучения в ходе предварительного следствия оригиналов регистрационного, финансового и юридического дел, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности, необходимо изъять в межрайонных инспекциях Федеральной налоговой службы №№ 46, 50 по г. Москве, в межрайонной инспекции Федеральной налоговой службы № 16 по Краснодарскому краю, указанные выше документы ООО «Вега», ООО «Бухгалтерский центр «Баланс», ООО «Альянс», ООО «Интер-Прайм», Vermenda Holdings Limited (Верменда Холдингс Лимитед), документы которых в соответствии со ст.102 Налогового кодекса Российской Федерации содержат сведения, составляющие налоговую тайну.

Учитывая обстоятельства расследуемого преступления, поскольку указанные документы имеют значение для расследования уголовного дела, в настоящее время у следствия возникла необходимость в производстве выемки указанных выше документов. Согласно ч. 3 ст. 183 УПК РФ выемка документов, содержащих государственную или иную охраняемую федеральным законом тайну, производится на основании судебного решения, принимаемого в порядке, установленном ст. 165 УПК РФ. Согласно ст. 29 УПК РФ только суд правомочен принимать решения о выемке предметов и документов, содержащих государственную или иную охраняемую федеральным законом тайну

Место производства предварительного следствия расположено по адресу: гор. Москва, Технический переулок, д. 2 и относится к юрисдикции Басманного районного суда гор. Москвы.

На основании изложенного, руководствуясь п. 7 ч. 2 ст. 29, п. 3 ч. 2 ст. 38, ч. 1 ст. 165, и ст. 183 УПК РФ,

## ПОСТАНОВИЛ:

1. Ходатайствовать перед Басманным районным судом города Москвы о разрешении производства выемки:

- в межрайонной инспекции Федеральной налоговой службы № 16 по Краснодарскому краю, расположенной по адресу: г. Краснодар, ул. Коммунаров, д. 235, регистрационных, финансовых и юридических дел, сведений о конечных бенефициарах, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности ООО «Альянс» (ИНН 6671421093), имеющих значение для уголовного дела, с момента регистрации по настоящее время;

- в Межрайонной инспекции Федеральной налоговой службы России № 46 по г. Москве, расположенной по адресу: г. Москва, Походный проезд, домовладение 3, стр.2, регистрационных, финансовых и юридических дел, сведений о конечных бенефициарах, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности, ООО «Бухгалтерский центр «Баланс» (ИНН 7715805278), ООО «Интер-Прайм» (ИНН 7715831246), ООО «Вега» (ИНН 7707532186), имеющих значение для уголовного дела, с момента регистрации по настоящее время;

- в Межрайонной инспекции Федеральной налоговой службы России № 50 по г. Москве, расположенной по адресу: г. Москва, Походный проезд, домовладение № 3, регистрационных, финансовых и юридических дел, сведений о конечных бенефициарах, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности, Vermenda Holdings Limited (Верменда Холдингс Лимитед) (КИО 31808), имеющих значение для уголовного дела, с момента регистрации по настоящее время;

2. Копию постановления направить заместителю Генерального прокурора Российской Федерации.

Следователь по особо важным делам
Главного следственного управления
майор юстиции

Хурамшин Д.Х



## ПОСТАНОВЛЕНИЕ

город Москва                                      07 апреля 2017 года

Судья Басманного районного суда города Москвы Сафина Ю.Р., при секретаре Топале Ю.Ю., с участием прокурора отдела управления ГП РФ Малофеева И.В., рассмотрев постановление следователя по особо важным делам третьего следственного отдела управления по расследованию особо важных дел о преступлениях против государственной власти и в сфере экономики Главного следственного управления Следственного комитета Российской Федерации Хурамшина Д.Х. о возбуждении ходатайства о производстве выемки предметов и документов, содержащих охраняемую федеральным законом тайну по уголовному делу № 11602007703000015,

## УСТАНОВИЛ:

Настоящее уголовное дело возбуждено 17.02.2016 в отношении владельцев, руководителей и сотрудников ОАО АКБ «Пробизнесбанк» и финансовой группы «Лайф», а также иных неустановленных лиц по признакам преступлений, предусмотренных ч. 4 ст. 160 и ч.ч. 3, 5 ст. 33, ч. 4 ст. 160 УК РФ.

Срок предварительного следствия по уголовному делу продлен заместителем Председателя Следственного комитета Российской Федерации продлен до 15 месяцев, т.е. до 17.05.2017.

В ходатайстве, представленном в суд с согласия заместителя руководителя Главного следственного управления Следственного комитета Российской Федерации следователь указывает, что не позднее сентября 2014 года Президентом Банка Леонтьевым С.Л. и Председателем Правления Банка Железняком А.Д., являвшимися основными акционерами АКБ «Пробизнесбанк» ОАО с целью присвоения денежных средств Банка в особо крупном размере создана организованная группа, в состав которой в различное время были вовлечены Алексеев Я.В., Казанцев В.В., Ломов А.В., Алексеев Н.В., Калачев В.В., Крылова М.М., Артемов К.В. и другие неустановленные лица.

Кроме того, участники организованной группы по мере необходимости в различное время в период с сентября 2014 года по август 2015 года в городе Москве и городе Иваново Ивановской области, более точное время и место не установлены, в качестве пособников преступления привлекли генерального директора ООО «ИСК «ИвСпецГарант» Поликарпова И.П., генерального директора ООО «Инжиниринг-Роялти» Симакова А.В., генерального директора ООО «Восток-Карго-Плюс» Данукина А.В., Папахина О.Е., генерального

директора ООО «Центр Торговли» Шпагину Л.Б., генерального директора ООО «НьюХауТрейд» Кравченко О.В. и иных неустановленных лиц.

Общий принцип совершения преступления предусматривал совершение мышленных действий, направленных на выдачу подконтрольным обществам заведомо невозвратных, необеспеченных залоговым имуществом кредитов в особо крупных размерах, перечисление кредитных денежных средств на ссудные и расчётные счета указанных обществ, после чего под видом оплаты фиктивных сделок, перечисление денежных средств на счета подконтрольных юридических лиц.

Затем, похищенные денежные средства в рублях Российской Федерации конвертировались в полном объёме в доллары США и перечислялись на расчётный счёт подконтрольного членам организованной группы юридического лица, не осуществляющего реальной хозяйственной деятельности, компании нерезидента Российской Федерации Vermenda Holdings Limited (Верменда Холдингс Лимитед), зарегистрированной по адресу: Griva Digeni, P.C. 3101, Limassol, Cyprus (Грива Дигени, п/я 3101, Лимассол, Кипр), открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija (Паласта иела 1, Рига LV-1050, Латвийская Республика).

Документальное оформление выдачи кредитов, с целью придания видимости законности производимых сделок, формально носило законный характер, однако фактически указанные документы содержали недостоверные сведения и все действия участников преступления были направлены на достижение преступного умысла, то есть на хищение путем присвоения денежных средств Банка в особо крупном размере.

Всего, членами организованной группы, под руководством Леонтьева С.Л. и Железняка А.Д., в период с сентября 2014 года по август 2015 года путем выдачи кредитов ООО «ИСК ИвСпецГарант», ООО «Инжиниринг-Роялти», ООО «Восток-Карго-Плюс», ООО «Центр Торговли» и ООО «НьюХауТрейд» присвоено 2 443 195 968 руб. и тем самым причинён ущерб АКБ «Пробизнесбанк» в особо крупном размере.

06.03.2017 с настоящим уголовным делом в одном производстве соединено уголовное дело № 11702007703000030, возбужденное 03.03.2017 в отношении Леонтьева С.Л., Железняка А.Д., Ломова А.В. и иных неустановленных лиц по факту хищения путем растраты имущества Банка в размере 25 017 944 889,87 руб.

Следствием установлено, что в период 2012-2015 гг. Банком были инвестированы ценные бумаги и денежные средства в размере более 25 млрд руб. в брокерские компании «Otkritie Securities Limited» (далее по тексту OSL) , «BrokerCreditService (Cyprus) Limited» (далее по тексту BCS), зарегистрированные в Великобритании и Республике Кипр, соответственно. В последующем, членами организованной группы были совершены финансовые операции, направленные на обременение указанного имущества Банка в пользу

...одконтрольных им кипрских компаний Ambika Investments Limited и Merrianol ...vestments Limited.

В результате действий членов организованной группы, ценные бумаги, ...оступавшие гарантией обеспечения обязательств компаний Ambika Investments ...imited и Merrianol Investments Limited перед OSL и BCS, соответственно, ...2.08.2015 в связи с умышленным неисполнением обязательств кипрских ...омпаний по договорам займа и РЕПО, были списаны с брокерского счета ...анка, открытого в указанной брокерской компании, в связи с чем

АКБ «Пробизнесбанк» (ОАО) утратил возможность требований возврата ...ышеперечисленных ценных бумаг, либо эквивалентных ценных бумаг, либо ...енежных средств на общую сумму 25 017 944 889,87 руб.

С целью установления учредителей (участников), руководителей, ...онечных бенефициаров и представителей

ООО «Вега» (ИНН 7707532186),

ООО «Бухгалтерский центр «Баланс» (ИНН 7715805278),

ООО «Альянс» (ИНН 6671421093),

ООО «Интер-Прайм» (ИНН 7715831246),

Vermenda Holdings Limited (Верменда Холдингс Лимитед) (ИНН ...729086087), а также изучения в ходе предварительного следствия оригиналов ...егистрационного, финансового и юридического дел, бухгалтерских балансов, ...четов о прибылях и убытках, приложений к ним, пояснительных записок, а ...акже актов налоговых проверок и иных документов бухгалтерской, налоговой ...четности, необходимо изъять в межрайонной инспекции Федеральной ...алоговой службы № 46 по г. Москве указанные выше документы ООО ...Бухгалтерский центр «Баланс» (ИНН 7715805278), ООО «Интер-Прайм» (ИНН ...715831246), ООО «Вега» (ИНН 7707532186), в межрайонной инспекции ...едеральной налоговой службы № 16 указанные выше документы ООО ...Альянс» (ИНН 6671421093), в межрайонной инспекции Федеральной ...алоговой службы № 46 по г. Москве указанные выше документы Vermenda ...oldings Limited (Верменда Холдингс Лимитед) (ИНН 7729086087), документы ...оторого в соответствии со ст.102 Налогового кодекса Российской Федерации ...держат сведения, составляющие налоговую тайну.

Учитывая обстоятельства расследуемого преступления, поскольку ...азанные документы имеют значение для расследования уголовного дела, ...астоящее время у следствия возникла необходимость в производстве выемки ...азанных выше документов. Согласно ч. 3 ст. 183 УПК РФ выемка документов, ...держащих государственную или иную охраняемую федеральным законом ...айну, производится на основании судебного решения, принимаемого в порядке, ...тановленном ст. 165 УПК РФ. Согласно ст. 29 УПК РФ только суд ...авомочен принимать решения о выемке предметов и документов, содержащих ...ударственную или иную охраняемую федеральным законом тайну.

В судебном заседании прокурор поддержал ходатайство следователя.

Проверив представленные материалы, обосновывающие заявленное ходатайство, выслушав мнение прокурора, который поддержал ходатайство следователя, полагаю, что ходатайство следователя подлежит удовлетворению.

Настоящее уголовное дело возбуждено уполномоченным должностным лицом с соблюдением требований ст. 146 УПК РФ.

Согласно ч. 3 ст. 183 УПК РФ выемка предметов и документов, содержащих государственную или иную охраняемую федеральным законом тайну, производится на основании судебного решения, принимаемого в порядке, установленном ст. 165 УПК РФ.

Из ч. 2 ст. 165 УПК РФ следует, что ходатайство о производстве следственного действия подлежит рассмотрению единолично судьей районного суда по месту производства предварительного следствия или производства следственного действия.

В соответствии с п. 7 ч. 2 ст. 29 УПК РФ суд правомочен принимать решения о производстве выемки предметов и документов, содержащих государственную или иную охраняемую федеральным законом тайну.

Данное ходатайство подлежит рассмотрению Басманным районным судом города Москвы, то есть по месту производства предварительного следствия по делу.

Постановление о возбуждении перед судом ходатайства о производстве выемки документов, содержащих государственную или иную охраняемую федеральным законом тайну, составлено с соблюдением требований уголовно-процессуального закона, мотивированно. Постановление представлено по возбужденному уголовному делу, в период производства предварительного следствия, следователем, в производстве которого находится уголовное дело, с согласия надлежащего должностного лица.

С учетом изложенного, суд признает постановление следователя законным и обоснованным, подлежащим удовлетворению.

На основании изложенного, руководствуясь п. 7 ч. 2 ст. 29, ст. 165, ст. 183 УПК РФ,

## ПОСТАНОВИЛ:

Разрешить производство выемки:

- в межрайонной инспекции Федеральной налоговой службы № 16 по Краснодарскому краю, расположенной по адресу: г. Краснодар, ул. Коммунаров, 235, регистрационных, финансовых и юридических дел, сведений о конечных бенефициарах, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности ООО «Альянс» (ИНН 2371421093), имеющих значение для уголовного дела, с момента регистрации по настоящее время;

- в Межрайонной инспекции Федеральной налоговой службы России № 46

по г. Москве, расположенной по адресу: г. Москва, Походный проезд, домовладение 3, стр.2, регистрационных, финансовых и юридических дел, сведений о конечных бенефициарах, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности, ООО «Бухгалтерский центр «Баланс» (ИНН 7715805278), ООО «Интер-Прайм» (ИНН 7715831246), ООО «Вега» (ИНН 7707532186), имеющих значение для уголовного дела, с момента регистрации по настоящее время;

- в Межрайонной инспекции Федеральной налоговой службы России № 29 по г. Москве, расположенной по адресу: г. Москва, ул. Лобачевского, д. 66а, регистрационных, финансовых и юридических дел, сведений о конечных бенефициарах, бухгалтерских балансов, отчетов о прибылях и убытках, приложений к ним, пояснительных записок, а также актов налоговых проверок и иных документов бухгалтерской, налоговой отчетности, Vermenda Holdings Limited (Верменда Холдингс Лимитед) (ИНН 7729086087), имеющих значение для уголовного дела, с момента регистрации по настоящее время;

Постановление может быть обжаловано в Московский городской суд в течение 10 суток.



Судья



Ю.Р. Сафина



Следователю по особо важным делам
Главного следственного управления
Следственного комитета
Российской Федерации

майору юстиции

Д.Х. Хурамшину

от представителя потерпевшего по
уголовному делу № 41702007703000004

В.А. Савина

Ходатайство
(в порядке ст.ст. 119, 120 УПК РФ)

В Вашем производстве находится уголовное дело № 41702007703000004 по которому я допущен в качестве представителя потерпевшего – АКБ «Пробизнесбанк».

Ранее, 15.01.2017 в порядке ст. 216 УПК РФ я был ознакомлен с материалами уголовного дела № 41702007703000004.

При этом полагаю, что в материалах уголовного дела отсутствует учетно-регистрационные дела ООО «Бухгалтерский центр «Баланс» и ООО «Вега» (ООО «Коллекторское агентство «Лайф»).

На основании изложенного прошу истребовать и приобщить к материалам уголовного дела учетно-регистрационные дела ООО «Бухгалтерский центр «Баланс» и ООО «Вега» (ООО «Коллекторское агентство «Лайф»), а также процессуальные документы свидетельствующие об их изъятии, осмотре и приобщении в качестве вещественных доказательствах, имеющие доказательное значение по уголовному делу.

Представитель потерпевшего                                    В.А. Савин

25.05.2017

# ПОСТАНОВЛЕНИЕ
## об удовлетворении ходатайства

гор. Москва                                                      25 мая 2017 года

Следователь следственной группы Главного следственного управления Следственного комитета Российской Федерации старший лейтенант юстиции Майборода М.А., рассмотрев ходатайство представителя потерпевшего Савина В.А. по уголовному делу № 41702007703000004,

## УСТАНОВИЛ:

25.05.2017 представителем потерпевшего – представителем государственной корпорации «Агентство по страхованию вкладов» Савиным В.А., письменно заявлено ходатайство истребовать и приобщить к материалам уголовного дела учетно-регистрационные дела ООО «Бухгалтерский центр «Баланс» и ООО «Вега» (ООО «Коллекторское агентство «Лайф»), а также процессуальные документы, свидетельствующие об их изъятии, осмотре и приобщении в качестве вещественных доказательствах.

Учетно-регистрационные дела ООО «Бухгалтерский центр «Баланс» и ООО «Вега» получены в соответствии с требованиями УПК РФ по уголовному делу № 11602007703000015.

Ходатайство представителя потерпевшего подлежит удовлетворению, поскольку оно основано на законе, заявлено участвующим в деле лицом, является реализацией права представителя потерпевшего, а также указанные представителем потерпевшего Савиным В.А. материалы уголовного дела № 11602007703000015 имеют доказательное значение по уголовному делу № 41702007703000004.

На основании изложенного и руководствуясь ст.ст. 38, 122 ,159 и 219 УПК РФ,

## ПОСТАНОВИЛ:

Удовлетворить ходатайство представителя потерпевшего – представителя государственной корпорации «Агентство по страхованию вкладов» Савина В.А., по основаниям указанным в описательной части постановления.

Приобщить к материалам уголовного дела заверенные надлежащим образом копии материалов уголовного дела № 11602007703000015 – учетно-регистрационные дела ООО «Бухгалтерский центр «Баланс» и ООО «Вега», процессуальные документы (ходатайство о производстве выемки, судебное решение о разрешении производства выемки, протокол выемки, осмотр документов, признание вещественными доказательств).

О принятом решении уведомить представителя потерпевшего Савина В.А. направив ему копию данного постановления и разъяснив, что данное решение может быть обжаловано в порядке, предусмотренном главой 16 УПК РФ.

Следователь следственной группы
Главного следственного управления
старший лейтенант юстиции

                                                          М.А. Майборода

Представителю потерпевшего
по уголовному делу
№ 41702007703000004

В.А. Савину

25.05.2017    41702007703000004

В соответствии со ст.ст. 122, 159, 219 УПК РФ сообщаю, что Ваше ходатайство от 22.05.2017, рассмотрено и удовлетворено.

Данное решение Вы вправе обжаловать в порядке, предусмотренном главой 16 УПК РФ.

Приложение:    копия    постановления    об    удовлетворении    ходатайства
                на 1 л.

Следователь следственной группы
Главного следственного управления                                М.А. Майборода


STATE OF NEW YORK )
)
) ss
)
COUNTY OF NEW YORK )

## **CERTIFICATION**

This is to certify that the attached translation is, to the best of my knowledge and belief, a true

and accurate translation from Russian into English of the Order, Ruling, Petition, and Order

Granting the Petition.

*David O. R*

David Rene, Project Manager
Geotext Translations, Inc.

Sworn to and subscribed before me

this 13th day of January, 20 18 .

HOA WIN LY
Notary Public, State of New York
No. 01LY6323702
Qualified in New York County
Term Expires April 27, 2019

New York
t: +1.212.631.7432

London
t: +44.20.7553.4100

Washington, D.C.
t: +1.202.828.1267

Paris
t: +33.1.42.68.51.47

Chicago
t: +1.312.242.3756

Stockholm
t: +46.8.463.11.87

Houston
t: +1.713.353.3909

Frankfurt
t: +49.69.7593.8434

San Francisco
t: +1.415.576.9500

Hong Kong
t: +852.2159.9143