# EXHIBIT 16

Order to Cancel the Order on Refusal to Initiate Criminal Proceedings

Moscow                                                            January 20, 2016

Having examined (i) the pre-investigation probe's materials (as prescribed by Article 144 of the Code of Criminal Procedure) entered into the crime record registration book of the Main Investigations Department of the Investigative Committee under No. 201pr-184/15 of 02.11.2015, as well as (ii) the order on refusal to initiate criminal proceedings dd. 01.12.2015, Colonel of Justice A.A. Shkarbut, Deputy Head of the office for the investigation of particularly important cases involving crimes against the state and the economy of the Main Investigations Department of the Investigative Committee of the Russian Federation,

FOUND

S.A. Novikov, senior investigator for particularly important cases of the Main Investigations Department of the Investigative Committee, examined the pre-investigation probe's materials as required by Articles 144–145 of the Code of Criminal Procedure. The probe was initiated based on complaint No. 01-33-3/8573 dd. 01.10.2015 filed by the Central Bank's Chairperson. The complaint alleged that managers and executives of Life financial group might have committed crimes specified in Articles 159, 160, 196, 201 of the Code of Criminal Procedure, i.e. they (i) illegally transferred Probusinessbank's (the Bank) liquid assets out of the Bank (including outside Russia), which led to the statutory equity (capital) adequacy ratio of the Bank being lower than required, its liabilities exceeding its assets, its banking license being revoked, as well as (ii) used their authority to take advantage and derive benefits for their own gain, contrary to the interests of the Bank's lenders and depositors.

On 01.12.2015, following the probe, the investigator ordered to dismiss the complaint in accordance with Article 24.1.1 of the Code of Criminal Procedure on the ground that there was no criminal act.

The order was premature. The investigator did not receive all previously requested materials and did not take further procedural steps, which was necessary in order to reach a legitimate decision. Therefore, the order is not substantiated and shall be quashed.

When conducting the pre-investigation probe, one must (i) receive responses for all previously filed requests, (ii) interview employees (officials) of the Deposit Insurance Agency in order to find out whether they have intention to file a criminal complaint with the investigation authorities, (iii) receive explanations from the CEOs of companies and enterprises that received loans from the Bank, (iiii) interview employees and managers of the Bank, (iiiii) take other procedural steps which are requisite in order to reach a legitimate and substantiated decision.

Investigation authorities will need an additional period of at least 10 days to conduct the pre-investigation probe. The period is considered to be objective and reasonable, taking into account the large amount of work, its legal and factual complexity.

In view of the foregoing and being guided by Article 39.1.2 and Article 148 of the Code of Criminal Procedure, the investigator

HELD

1. To quash the order on refusal to initiate criminal proceedings dd. 01.12.2015 that was issued based on the pre-investigation probe into complaint No. 01-33-3/8573 dd. 01.10.2015 filed by the Central Bank's Chairperson and actions of Life's owners and managers.
2. To instruct S.A. Novikov to conduct an additional pre-investigation probe.
3. To set a period of 10 days for the additional pre-investigation probe, following the date when the investigator receives the probe's materials.
4. To inform the complainant — the Central Bank's Chairperson — about the decision and explain that it may be appealed in the manner prescribed by Articles 124, 125 and Chapter 16 of the Code of Criminal Procedure.
5. To send a copy of this Order to the Deputy Prosecutor General of the Russian Federation.

Deputy Head of the office for the investigation of particularly important cases involving crimes against the state and the economy of the Main Investigations Department of the Investigative Committee of the Russian Federation

Colonel of Justice

A.A. Shkarbut

/signature/

# ПРИЛОЖЕНИЕ 16

ПОСТАНОВЛЕНИЕ
об отмене постановления об отказе в возбуждении уголовного дела

20 января 2016 года

город Москва

Заместитель руководителя третьего следственного отдела управления по расследованию особо важных дел о преступлениях против государственной власти и в сфере экономики Главного следственного управления Следственного комитета Российской Федерации полковник юстиции Шкарбут А.А., рассмотрев материалы процессуальной проверки в порядке, предусмотренном ст. 144 УПК РФ, зарегистрированные в КРСП Главного следственного управления Следственного комитета Российской Федерации за № 201пр-184/15 от 02.11.2015 и постановление об отказе в возбуждении уголовного дела от 01.12.2015,

УСТАНОВИЛ:

В производстве старшего следователя по особо важным делам Главного следственного управления Следственного комитета Российской Федерации Новикова С.А. находился материал процессуальной проверки в порядке, предусмотренном ст.ст. 144-145 УПК РФ по обстоятельствам указанным в обращении Председателя Банка России № 01-33-3/8573 от 01.10.2015, о возможном наличии в действиях собственников и руководителей финансовой группы «Лайф» признаков преступлений, предусмотренных ст. 159, ст. 160, ст. 196, ст. 201 УК РФ, выразившиеся в незаконном выводе, в том числе за территорию Российской Федерации, ликвидных активов из ОАО АКБ «Пробизнесбанк» (далее по тексту Банк), что повлекло снижение размера собственных средств ниже минимального значения уставного капитала, превышение величины обязательств над стоимостью активов, отзыв лицензии на право осуществления банковской деятельности, использовании своих полномочий в целях извлечения выгод и преимуществ для себя вопреки законным интересам кредиторов и вкладчиков Банка.

01.12.2015 по результатам проверки следователем вынесено постановление об отказе в возбуждении уголовного дела по основаниям, предусмотренным п. 1 ч. 1 ст. 24 УПК РФ, в связи с отсутствием события преступления.

Указанное постановление следователем вынесено преждевременно, без получения всех запрошенных ранее материалов и производства дополнительных процессуальных действий, необходимых для принятия законного решения, следовательно необоснованно и подлежит отмене.

При производстве процессуальной проверки необходимо получить ответы на все ранее направленные запросы, опросить сотрудников государственной корпорации «Агентство по страхованию вкладов», с целью выяснения их решения о подаче в следственные органы заявления о совершенном преступлений; получить объяснения с генеральных директоров организаций и предприятий, которым Банком выданы кредиты; опросить сотрудников и руководителей Банка;

КОПИЯ ВЕРНА
ГЛАВНОЕ СЛЕДСТВЕННОЕ УПРАВЛЕНИЕ
РОССИЙСКОЙ ФЕДЕРАЦИИ
Следователь ТАКИШЕВ А.А.

2

произвести иные процессуальные действия, необходимые для принятия законного и обоснованного решения.

Для выполнения необходимых процессуальных действий потребуется дополнительный срок процессуальной проверки не менее 10 суток, который является объективным и разумным, вызванный её большим объёмом, правовой и фактической сложностью проверки.

На основании изложенного и руководствуясь п. 2 ч. 1 ст. 39 и ст. 148 УПК РФ,

## ПОСТАНОВИЛ:

1. Отменить постановление об отказе в возбуждении уголовного дела от 01.12.2015, вынесенное по результатам проверки по обстоятельствам указанным в обращении Председателя Банка России № 01-33-3/8573 от 01.10.2015 в отношении собственников и руководителей финансовой группы «Лайф».

2. Поручить производство дополнительной процессуальной проверки старшему следователю по особо важным делам Главного следственного управления Следственного комитета Российской Федерации Новикову С.А.

3. Установить срок дополнительной процессуальной проверки 10 суток, с момента поступления материалов проверки следователю.

4. О принятом решении сообщить заявителю – Председателю Банка России, разъяснив, что оно может быть обжаловано в порядке, предусмотренном ст.ст. 124,125 и главой 16 УПК РФ.

5. Копию постановления направить заместителю Генерального прокурора Российской Федерации.

Заместитель руководителя третьего
следственного отдела управления по
расследованию особо важных дел о
преступлениях против государственной
власти и в сфере экономики
Главного следственного управления
полковник юстиции

А.А. Шкарбут

КОПИЯ ВЕРНА