# EXHIBIT 17

**Decree on criminal proceedings and acceptance to its proceedings.**

Moscow

17 February 2016

06.30am

Senior Investigator for particularly important cases of Main investigation department of Investigating committee of the Russian Federation, Colonel Justice Novikov S. A., having considered a crime report, specified by Article 160 (4) of Criminal Code of the Russian Federation – crime report received from Chairman of the Bank of Russia dated 01. 10. 2015 № 01-33-3/8573, registered at Crime Reports Registration Book of Main investigation department of Investigating committee of the Russian Federation for № 201 p.184/15 dated 02. 11. 2015; report on reveal of indicia of crime by Federal Security Services of the Russian Federation dated 18. 01. 2016, registered at Crime Reports Registration Book of the Main investigating department of Investigating committee of the Russian Federation for № 201 p.7/16 dated 22. 01. 2016; crime report received from the first Deputy CEO of the State Corporation "Deposit Insurance Agency" dated 14. 01. 2016 № 1-1/153 and procedural investigation's materials,

HELD:

Open Joint Stock Company incorporated commercial bank "Probusinessbank", abbreviated name OJSC ICB "Probusinessbank" (further in the text Bank), legal address: 119285, Moscow, Pudovkina Street, 3; actual address: Moscow, Petrovka Street, 18/2, building 1, primary state registration number (PSRN) 1027700508978, established and registered in state registration book (BSR) of the Bank of Russia 07. 07. 1993, correspondent account № 30101810600000000986 in the Main department of the Bank of Russia in Central Federal District (further in the text HD of the Bank of Russia in the CFD) , bank identification code (BIC) 044525986, individual number of taxpayer (INT) 7729086087, general license on exercise of banking operations dated 13. 08. 2012 № 2412, issued by the Bank of Russia.

According to Article 1 of Federal Law "On banks and banking activities" dated 02. 12. 1990 № 395-1, bank is a credit organization, which owns an exclusive right to exercise the following banking operations in total: attraction of funds of bodies of persons and legal entities into the investments, allocation of stated funds at their own discretion and at their own expense on terms of repayment, chargeability, urgency, opening and maintenance of the bank accounts of bodies of persons and legal entities.

In 2006 on the basis of the Bank, Financial group "Life" has been founded, including OJSC "VUS-Bank" (INT 6608007473), OJSC CB "Poydem!" (INT 5401122100); JSC ICB "Express-Volga" (INT 6454027396), UJSC National Bank of Savings (INT 3702558680), OJSC "Gasenergobank" (INT 4026006420), OJSC CB "Solidarnost'" (INT 6316028910), CLR (Company with Limited Responsibility) "Kollectorskoe agentstvo "Life" (INT 7707532186), factoring company "Life", developing company CLR "Probisnes-Development" (INT 7743629120), Cypriot company "Poydem Holdings Limited" (the Republic of Cyprus) and other organizations.

In total, Financial group "Life", which's head organization is the Bank, had more than 800 branches in 75 regions of the Russian Federation, 40000000 bodies of persons' clients and 200000 legal entities' clients, funds, securities and other assets of which were entrusted to the management of Financial group "Life" and its head organization – the Bank.

From September 2014 to August 2015, the employees of GI (Government Institution) of the Bank of Russia in CFO (Centre of Financial Operation) and the Bank of Russia have been periodically carrying out checks of the Bank, during production of which numerous breaches in the Bank's operation have been revealed. According to the results of checking activities of GI of the Bank of Russia in CFO and the Bank of Russia, repeated prescriptions on elimination of breaches were introduced.

In September 2014 but no later than 15. 09. 2014, in Moscow, unidentified individuals from among the managers and employees of the Bank and Financial group "Life" in possession of functions of organizational-regulatory and administrative-economical nature, taking an advantage of their official rank, understanding and realizing that in relation to repeated prescription of GI of the Bank of Russia in CFO and the Bank of Russia on elimination of the Bank's breaches of legislation in banking sector and the policy of legal regulation sphere of banking activities conducted by the Bank of Russia, concerning an immediate revocation of license on realization of banking operations from the banks which are repeatedly in breach of legislation, the Bank that is bound by them can be subject to the revocation of license on realization of banking operations, acting out of mercenary motives, for the purpose of personal enrichment, have developed a plan of actions directed on embezzlement of funds of the Bank in an especially large amount, by appropriation and misappropriation in favor of third parties.

Herewith, unidentified individuals from among the managers and employees of the Bank in possession of functions of organizational-regulatory and administrative-economical nature, taking an advantage of their official rank, impleaded as perpetrators and abettors of the crime, their subordinate employees of the Bank and Financial group "Life" who were aware of their criminal intent directed on embezzlement of funds of the Bank: vice-president for business development of the Bank Kazantsev V. V., Head of corporate finances' department of the Bank Alekseev N. V., vice-president for finances – Deputy Chairman of the Board of the Bank Lomov A. V., Head of department of interaction security with the shareholders and subsidiaries Krilov M. M., Head of department of working with problem debts, CEO of CLR "Kollectorskoe agentstvo "Life" Kalachev S. V., and other unidentified individuals from among the employees of the Bank who, in turn, impleaded the managers of pseudo-enterprises under their control, which do not exercise any commercial or other economic activity as abettors of the crime: CEO of CLR "Innovative building company "IvSpetsGarant" (INT 3702522719) Polikarpov I. P., CEO of CLR "Enjiniring-Royalty" (INT 7718894100) Simakov A. V., CEO CLR "Vostok-Kargo-Plus" (INT 7728829090) Danukin A. V., CEO of CLR "Tsentr Torgovli" (INT 7718872866) Shpagin L. B., CEO of CLR "NewHowTrade" (INT 7715825429) Kravchenko O. V., and persons from among the managers and persons in control of the operation of CLR "Probisnes-Development" (INT 7743629120), CLR "Personal+" (INT 7724772597), CLR "ELSO" (INT 7703517821), CLR "Alliance" (INT 6671421093), CLR "Iston" (INT 7718902897), CLR "ProgmaTrade" (INT 7724757944), CLR "PC-Technologies" (INT 7722781123), CLR "Finansoviy Tsentr "Escada" (INT 7701377248), CLR "Sunrise" (INT 7743061260), Cypriot company "Vermenda Holdings Limited" (INT 7729086087) and other unidentified legal entities and bodies of persons.

The general principle of the crime committing provided the abettors' crime commission of malicious acts directed on issuance of credits to pseudo-enterprises under their control, which do not exercise any actual economic activity, knowingly irrecoverable, not secured by mortgaged property credits in an especially large amounts; transfer of credit funds to accounts of stated pseudo-enterprises, opened in the Bank or other banks belonging  to Financial group "Life", whereupon under the guise of payment of fictitious transactions, purchase of illiquid securities and

other fictitious transactions, transfer of funds was made to accounts of controlled legal entities, opened in the Bank or other bank belonging to Financial group "Life".

Hereafter, stolen funds in RUB were converted in full amount to USD and transferred to account of controlled legal entity – non-resident company Vermenda Holdings Limited, registered at the address: Griva Digeni, P. C. 3101, Limassol, Cyprus, opened in credit organization – non-resident Trasta Komercbanka Riga (Latvian Republic), whereupon were transferred to various accounts of unidentified foreign organizations and bodies of persons, and were used by perpetrators of the crime, or third parties, related to perpetrators of the crime at their own discretion.

Documenting of credit issuance, with the purpose of giving a semblance to transactions' legality, officially was of a legitimate character; however, in fact stated documents contained inaccurate information and all the acts of perpetrators of the crime were directed on achievement of criminal intent: embezzlement of the Bank's funds in an especially large amount.

Thus, in the period prior to 15. 09. 2014, in Moscow, vice-president for corporate business development of the Bank Kazantsev V. V., acting on behalf of the Bank, on the grounds of power of attorney № 610/1 dated 16. 07. 2014, issued by Chairman of the Board of the Bank Zhelesnyak A. D., according to which the Bank management has delegated to him the authorities to enter in loan agreements and dispose of funds of the Bank, that is managerial functions of administrative-economical nature in disposition of funds of the Bank entrusted to him, acting deliberately and in accordance with other perpetrators of crime, with a purpose of misappropriation and appropriation, has signed on behalf of the Bank knowingly unenforceable Deed on conditions of medium-term crediting dated 15. 09. 2014 № 211-810/14 with controlled unidentified perpetrators of the crime CLR "Innovative building company "IvSpetsGarant" (further in the text CLR "IBC "IvSpetsGarant") represented by CEO of the company Polikarpov I. P., according to which the Bank undertakes to give out knowingly irrecoverable credit in the amount of 500000000 rubles to stated above company.

Wherein, Polikarpov I. P., assisting to the crime committing by provision of information and elimination of obstacles of its realization, was aware that the company he heads does not exercising any economic activity, the purpose of obtaining the credit is knowingly false, and the credit obtainment is a way of embezzlement of funds of the Bank, out of mercenary motives has signed on behalf of the company mentioned Deed on conditions of medium-term crediting dated 15. 09. 2014 № 211-810/14.

15. 09. 2014 in pursuance of mentioned Deed, according to the application submitted on behalf of Polikarpov I. P., by payment order № 1018062751 dated 15. 09. 2014, the funds in the amount of 280000000 rubles transferred from correspondent account of the Bank № 30101810600000000986, opened in the Bank located at the address: Moscow, Petrovka Street, 18/2, building 1.

15. 09. 2014, after receive of funds to account CLR "IBC "IvSpetsGarant", Polikarpov I. P., continuing to perform his role in the crime committing, assisting to its realization by provision of information and elimination of obstacles, transferred funds received as a credit from the Bank in the amount of 280000000 rubles by multiple payments, including other funds:

- by payment orders №№ 751, 752, 763, 764 dated 15. 09. 2014 to account controlled by perpetrators of the crime, pseudo-enterprise CLR "Personal+" № 40702810300000102610, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in total amount of 24157808,21 rubles;

- by payment orders №№ 747, 748, 749, 750, 757, 758, 759, 760, 761, 762 dated 15. 09. 2014 to account controlled by perpetrators of the crime CLR "Kollectorskoe agentstvo "Life", headed by abettor of the crime Kalachev S. V., № 40702810300110117621, opened in the Bank located at the address Moscow, Petrovka Street, 18/2, building 1, in total amount of 34471698,63 rubles;

- by payment orders №№ 765, 766 dated 15. 09. 2014 to account controlled by perpetrators of the crime CLR "Probisnes-Development" № 40702810300000021377, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in total amount of 222016835,04 rubles;

- 16. 09. 2014, that is on the next day after transfer of funds of the Bank to account of CLR "Personal+", unidentified perpetrators of the crime in possession of an access to account management of mentioned organization, continuing deliberate actions directed on embezzlement of funds in an especially large amount, transferred present funds, among other funds, from account CLR "Personal+":

- by payment order № 133 dated 16. 09. 2014 to account controlled by perpetrators of the crime CLR "Kollectorskoe agentstvo "Life", headed by perpetrator of the crime Kalachev S. V., № 40702810300110117621, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in total amount of 499500000,00 rubles;

Farther, 16. 09. 2014, that is on the next day after transfer of funds of the Bank to account CLR "Probisnes-Development", unidentified perpetrators of the crime in possession of an access to the account of mentioned organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, transferred present funds, among other funds, from account of CLR "Probisnes-Development":

- By payment order № 123 dated 16. 09. 2014 to account controlled by perpetrators of the crime CLR "ELSO", № 40702810800020115239, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 222016835,04 rubles.

Hereafter, 16. 09. 2014, that is on the same day after transfer of funds of the Bank to account of CLR "Probisnes-Development", and further to account of CLR "ELSO", unidentified perpetrators of the crime in possession of an access to the account of mentioned organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, transferred present funds, among other funds, from account CLR "ELSO":

- by payment order № 321 dated 16. 09. 2014 to account controlled by perpetrators of the crime CLR "Kollectorskoe agentstvo "Life", headed by perpetrator of the crime Kalachev S. V., № 40702810300110117621, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 221000000,00 rubles.

Thus, funds stolen from the bank under the guise of issuance of knowingly irrecoverable credits, in the amount of 280000000,00 rubles, among other funds, accumulated to account controlled by perpetrators of the crime CLR "Kollectorskoe agentstvo "Life", headed by perpetrator of the crime Kalachev S. V.

Whereupon, 16. 09. 2014, that is on the same day after receive of funds stolen from the Bank to account of CLR "Kollectorskoe agentstvo "Life", CEO of stated above company Kalachev S. V., assisting to the crime committing by provision of information and elimination of obstacles to its performance, realizing the unlawfulness of his acts, continuing to follow, according to his role, instruction of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amount, transferred funds stolen from the Bank, among other funds:

- by payment order № 1563 dated 16. 09. 2014 to account controlled by perpetrators of the crime of non-resident company Vermenda Holdings Limited, № 40807810900010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 608000000,00 rubles.

Further, 18. 09. 2014, after receive of funds stolen from the Bank to account controlled by perpetrators of the crime, non-resident company Vermenda Holdings Limited, unidentified individuals in possession of an access to account of mentioned non-resident company, continuing to follow, according to their role, direction of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amounts, converted funds stolen from the Bank in the amount of 280000000 rubles, among other funds in the amount of 578655792,00 rubles in USD with simultaneous transfer to foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 15080000,00 USD.

Whereupon, converted in USD, funds stolen from the Bank in the amount of 280000000 rubles, among other funds, by unidentified perpetrators of the crime, were transferred from foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank:

- by payment order № 217 dated 18. 09. 2014 to the foreign currency account controlled by perpetrators of the crime non-resident company Vermenda Holdings Limited № LV63KBRB1111215921001, opened in credit organization – non-resident Trasta Komercbanka Riga (Latvian Republic), located at the address: Palasta iela 1, Riga LV-1050, Latvija, in the amount of 13000000,00 USA dollars.

Whereupon, funds stolen from the Bank in the amount of 280000000 rubles, among other funds, converted to USD, were cashed or transferred to unidentified accounts, in unidentified banking or other credit institutions, unidentified bodies of persons and legal entities, and have been used by unidentified organizers and perpetrators of the crime at their own discretion.

Farther, in the period prior to 09. 04. 2015, in Moscow, continuing to realize a criminal intent, directed on embezzlement of funds of the Bank, in an especially large amount, participant of the crime – director of corporate finances department of the Bank Alekseev N. V., acting on behalf of the Bank, on the grounds of power of attorney № 120/2 dated 17. 02. 2015, given by Chairman of the Board of the Bank Zhelesnyak A. D., according to which, the Bank management has delegated to him the authorities to enter in loan agreements and dispose of funds of the Bank, that is managerial functions of administrative-economical nature of disposition of funds of the Bank entrusted to him, acting deliberately, in accordance with other perpetrators of the crime, has signed on behalf of the Bank knowingly unenforceable Deed on conditions of medium-term crediting dated 09. 04. 2015 № 044-810/15 with pseudo-enterprise controlled by perpetrator of the crime – the head of department for interaction with shareholders and subsidiaries of the Bank Krilova M. M., CLR "Enjiniring-Royalty" represented by CEO of the company Simakov A. V., who was also an employee of the Bank, according to which the Bank undertakes to provide the credit to stated above society in the frameworks of opened credit lines with a maximum extent of indebtedness in the amount of 1000000000 rubles.

Wherein, Krilova M. M. and Simakov A. V., assisting to the crime committing by provision of information and elimination of obstacles of its commission, realized that CLR "Enjiniring-Royalty" does not exercise any economic activity, the purpose of obtaining the credit is knowingly false, and the obtainment of credit is a way of embezzlement of funds of the Bank, out of mercenary

motives, have made and signed stated Deed on conditions of medium-term crediting on behalf of the company dated 09. 04. 2015 № 044-810/15.

09. 04. 2015, in execution of the Deed, according to provided claim of on behalf of Simakov A. V., following direction of Krilova M. M., by payment order № 1019700947 dated 09. 04. 2015, funds in the amount of 600000000 rubles transferred from correspondent account of the Bank № 30101810600000000986, opened in operational management of GI (Government Institution) of the Bank of Russia in CFO of Moscow, located at the address: Moscow, Balchug Street, 2 to account of CLR "Enjiniring-Royalty" № 40702810900110035572, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1.

On the same day, that is 09. 04. 2015, after receipt of funds to account of CLR "Enjiniring-Royalty", Simakov A. V., continuing to perform his role in the crime committing by following unlawful directions of Krilova M. M., assisting to its commission by provision of information and elimination of obstacles, transferred funds received as a credit from the Bank in the amount of 600000000 rubles by payment order № 22 dated 09.04.2015 to account of pseudo-enterprise CLR "Alliance" № 40702810500000113328, controlled by perpetrators of the crime, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1.

Further, 09. 04. 2015 that is on the same day after transfer of funds of the Bank to account of CLR "Alliance", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amounts, transferred stated funds from account of CLR "Alliance":

- by payment order № 33 dated 09. 04. 2015 to account controlled by perpetrators of the crime CLR "Personal+" № 40728103000001026l0, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 600000000,00 rubles.

Whereupon, 09. 04. 2015, that is on the same day after receiving of funds stolen from the Bank to account of CLR "Personal+", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, transferred stated funds from account of CLR "Personal+":

- by payment order № 144 dated 09. 04. 2015, to account of non-resident company Vermenda Holdings Limited, controlled by perpetrators of the crime, № 40807810900010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 600000000,00 rubles.

Hereafter, 09. 04. 2015 and 13. 04. 2015, after receive of funds stolen from the Bank to account of non-resident company Vermenda Holdings Limited, controlled by perpetrators of the crime, unidentified individuals in possession of an access to account management of stated above non-resident company, continuing to follow, according to their role, directions of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amounts, converted funds stolen from the Bank in the amount of 600000000 rubles, among other funds in the amount of 600069891,60 rubles in USD with simultaneous transfer to foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 11182000,00 USD.

Whereupon, converted in USD, funds stolen from the Bank in the amount of 600000000 rubles, among other funds, were transferred by unidentified perpetrators of the crime from foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank:

- by payment order № 271 dated 09. 04. 2015 and № 275 dated 17. 04. 2015 on the foreign currency account of non-resident company Vermenda Holdings Limited controlled by perpetrators of the crime, № LV63KBRB1111215921001, opened in credit organization non-resident Trasta Komercbanka Riga (Latvian Republic), located at the address Palasta iela 1, Riga LV-1050, Latvija, in the amount of 12110000,00 USD.

Whereupon, funds stolen from the Bank in the amount of 600000000 rubles, among other funds converted in USD, have been cashed or transferred to unidentified accounts, in unidentified banking and other credit institutions, unidentified bodies of persons and legal entities, and have been used by unidentified organizers and participants of the crime at their own discretion.

Also, in the period prior to 15. 05. 2015, in Moscow, continuing to realize a criminal intent, directed on embezzlement of funds of the Bank, in an especially large amount, participant of the crime – Head of corporate finances department of the Bank Alekseev N. V., acting on behalf of the Bank, on the grounds of power of attorney № 120/2 dated 17. 02. 2015, issued by Chairman of the Board of the Bank Zhelesnyak A. D., according to which the Bank management has delegated to him the authorities to enter in loan agreements and dispose of funds of the Bank, that is managerial functions of administrative-economical nature on disposal of funds of the Bank entrusted to him, acting deliberately and in accordance with other perpetrators of the crime, has signed on behalf of the Bank knowingly unenforceable Deed on conditions of medium-term crediting, dated 15. 05. 2015 № 071-810/15 with unidentified perpetrator of the crime under control, pseudo-enterprise CLR "Vostok-Kargo-Plus" represented by CEO of the company Danukin A. V., according to which, the Bank undertakes to provide knowingly irrecoverable credit to stated above company in the frameworks of opened credit lines with a maximum extent of the limit of indebtedness in the amount of 500000000 rubles.

Wherein, Danukin A. V., assisting to the crime committing by provision of information and elimination of obstacles of its commission, realized that the company headed by him does not exercise any economic activity, the purpose of obtaining of credit is knowingly false, and the credit obtainment is a way of embezzlement of funds of the Bank, out of mercenary intentions, has signed on behalf of the company stated above Deed on conditions of medium-term crediting dated 15. 05. 2015 № 071-810/15.

18. 05. 2015 and 19. 05. 2015 in pursuance of stated above Deed, according to provided claim on behalf of Danukin A. V., by payment orders № 1019906802 dated 18. 05. 2015, № 1019915598 dated 19. 05. 2015 funds in the amount of 365000000 rubles transferred from correspondent account of the Bank № 30101810600000000986, opened in operational department of GI of the Bank of Russia in CFO of Moscow, located at the address: Moscow, Balchug Street, 2 to account of CLR "Vostok-Kargo-Plus" № 40702810700000107447, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1.

18. 05. 2015 and 19. 05. 2015 after transfer of funds to account of CLR "Vostok-Kargo-Plus", Danukin A. V., continuing to perform his role in the crime committing, assisting to its commission by provision of information and elimination of obstacles, transferred funds received as a credit from the Bank in the amount of 365000000 rubles in multiple payments:

- by payment orders № 1054 dated 18. 05. 2015, № 1057 from 19. 05. 2015 to account controlled by the perpetrators of the crime, pseudo-enterprise CLR "Iston" № 40702810900000100889, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in total amount of 365000000 rubles.

Subsequently, a part of funds in the amount of 300000 rubles stolen from the Bank by unidentified individuals from among the abettors of the crime has been transferred to accounts of a number of various legal entities controlled by perpetrators of the crime and has been used by them at their own discretion.

18. 05. 2015 and 19. 05. 2015, after transfer of funds of the bank to account CLR "Iston", unidentified perpetrators of the crime in possession of the access to account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds from the Bank in an especially large amount, have transferred a part of funds stolen from the Bank, from account of CLR "Iston":

- by payment orders № 39 dated 18. 05. 2015, № 40 dated 19. 05. 2015 to account controlled by perpetrators of the crime CLR "ELSO" № 40702810800020115239, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 36470000,00 rubles.

Subsequently, a part of funds in the amount of 17700000 rubles stolen from the Bank by unidentified individuals from among the perpetrators of the crime, has been transferred to accounts of a number of various legal entities controlled by perpetrators of the crime has been used by them at their own discretion.

18. 05. 2015 after receive of funds stolen from the Bank to account of CLR "ELSO", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amounts, have transferred stated funds from account of CLR "ELSO":

- by payment orders № 199 dated 18. 05. 2015 and № 120 dated 19. 05. 2015 to account of non-resident company Vermenda Holdings Limited controlled by perpetrators of the crime, № 40807810900010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 347000000,00 rubles.

Subsequently, a part of funds in the amount of 41655 rubles stolen from the Bank by unidentified individuals from among the number of abettors of crime, has been transferred to accounts of a number of various legal entities controlled by perpetrators of the crime and has been used by them at their own discretion.

Hereafter, 18. 05. 2015 and 19. 05. 2015, after receive of funds stolen from the Bank to account of non-resident company Vermenda Holdings Limited controlled by perpetrators of the crime, unidentified individuals in possession of an access to the account management of stated above non-resident company, continuing to follow, in accordance with their role, instruction of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amount, have converted the part of funds stolen from the Bank in the amount of 346958345,00 in USA dollars with simultaneous transfer to foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 7014000,00 USD.

Whereupon, converted in USD, funds stolen from the Bank in the amount of 346958345,00 rubles by unidentified perpetrators of the crime, have been transferred from foreign currency account of

non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank:

- by payment orders № 278 dated 18. 05. 2015, № 139 dated 19. 05. 2015 to foreign currency account of non-resident company Vermenda Holdings Limited controlled by perpetrator of the crime, № LV63KBRB1111215921001, opened in credit organization – non-resident Trasta Komercbanka Riga (Latvian Republic), located at the address: Palasta iela 1, Riga LV-1050, Latvija, in the amount of 7600000,00 USD.

Whereupon, funds stolen from the bank in the amount of 346958345,00 rubles, converted in USD dollars, have been cashed or transferred to unidentified accounts, in unidentified banking and other credit organizations, unidentified bodies of persons and legal entities, and have been used by unidentified organizers and perpetrators of the crime at their own discretion.

Thus, perpetrators of the crime have stolen funds of the Bank in the amount of 365000000 rubles, of which they or the third parties have disposed at their own discretion.

Subsequently, 06. 08. 2015, on the day of revocation of license on exercise of banking operations from the Bank, perpetrators of the crime – vice-president for finances – Deputy Chairman of the Board of the Bank Lomov A. V. and CEO of CLR "Vostok-Kargo-Plus" Danukin A. V., with a purpose of concealment of committed embezzlement of funds of the Bank in an especially large amount and giving a semblance of legality to artificial transactions made, entered into the agreement on compensation from, 06. 08. 2015, according to which liabilities of CLR "Vostok-Kargo-Plus", according to the Deed on conditions of medium-term crediting dated 15. 05. 2015 № 071-810/15 have been stopped, and as an executor of liabilities of credit funds' repayment, the Bank accepted the right of demand from CLR "Iston" that is controlled by perpetrators of the crime, which does not exercise any actual economic activity.

Farther, in the period prior to 28. 07. 2015, in Moscow, continuing to realize a criminal intent, directed on embezzlement of funds of the bank, in an especially large amount, perpetrator of the crime – Head of corporate finances' department Alekseev N. V., acting on behalf of the Bank, on the grounds of power of attorney № 120/2 dated 17. 02. 2015, issued by Chairman of the Board of the Bank Zhelesnyak A. D., according to which the Bank management has delegated to him the authorities to enter in loan agreements and dispose of funds of the Bank, that is managerial functions of administrative-economical nature related to disposition of funds of the Bank entrusted to him, acting deliberately and in accordance with other perpetrators of the crime, has signed on behalf of the Bank knowingly unenforceable Deed on conditions of medium-term crediting dated 28. 07. 2015 № 137-810/15 along with controlled perpetrators of crime CLR "NewHowTrade" represented by CEO of the company Kravchenko O. V., according to which the Bank undertakes to provide a credit to stated above company in the frameworks of opened credit lines with a maximum extent of limit of indebtedness in the amount of 1000000000 rubles.

Wherein, Kravchenko O. V., assisting to the crime committing by provision of information and elimination of obstacles of its commission, realized that the company headed by her does not exercise any economic activity, the purpose of obtaining the credit is knowingly false, and the credit obtainment is a way of theft of funds of the Bank, out of mercenary motives, has signed stated above Deed on conditions of medium-term crediting on behalf of the company dated 28. 07. 2015 № 137-810/15.

28. 07. 2015 in pursuance of stated above Deed, according to the application submitterd on behalf of Kravchenko O. V., by payment order № 1020346334 dated 28. 07. 2015 funds in the amount

of 499995968 rubles have been transferred from correspondent account of the Bank № 30101810600000000986, opened in operational management of GI the Bank of Russia in CFO of Moscow, located at the address: Moscow, Balchug Street, 2, to account of CLR "NewHowTrade" № 40702810000000207734, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1.

28. 07. 2015, after receive of funds to account of CLR "NewHowTrade", Kravchenko O. V., continuing to perform her role in the crime committing, assisting its commission by provision of information and elimination of obstacles, has transferred funds received from the Bank as a credit in the amount of 499995968 rubles:

- by payment order № 9 dated 28. 07. 2015 to account controlled by perpetrators of the crime, pseudo-enterprise CLR "Finansoviy Tsentr "Escada", № 40702810800000210934, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1.

28. 07. 2015 after receive of funds stolen from the Bank to account of CLR "Finansoviy Tsentr "Escada", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, have transferred stated funds from account of CLR "Finansoviy Tsentr "Escada":

- by payment order № 35 dated 28. 07. 2015 to account of CLR "Sunrise" controlled by perpetrators of the crime № 40702810500070015537, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 499995968,00 rubles.

Subsequently, the part of funds in the amount of 1124939,97 rubles stolen from the Bank by unidentified individuals from among the perpetrators of the crime, has been transferred from account of CLR "Sunrise" to accounts of a number of different legal entities controlled by perpetrators of the crime and used by them at their own discretion.

Hereafter, 29. 07. 2015, that is on the next day after transfer of funds of the Bank to account of CLR "NewHowTrade", and further, to account of CLR "Finansoviy Tsentr "Escada" and to account of CLR "Sunrise", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, have transferred stated funds from account of CLR "Sunrise":

- by payment orders №№ 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 dated 29. 07. 2015 to account of CLR "Kollectorskoe agentstvo "Life", controlled by perpetrators of the crime, headed by abettor of the crime Kalachev S. V., № 40702810300110117621, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 498871028,03 rubles.

Thus, the part of funds stolen from the Bank as an issuance of knowingly irrecoverable credit, in the amount of 498871028,03 rubles, has been accumulated to account of CLR "Kollectorskoe agentstvo "Life" controlled by perpetrators of the crime, headed by abettor of crime Kalachev S. V.

Whereupon, 29. 07. 2015 and 30. 07. 2015, after receive of funds stolen from the Bank to account of CLR "Kollectorskoe agentstvo "Life", CEO of stated above company Kalachev S. V., assisting to the crime committing by provision of information and elimination of obstacles to its commission, realizing unlawfulness of his actions, continuing to perform, according to his role,

direction of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amount, has transferred funds stolen from the Bank, among other funds:

- by payment orders № 1372 dated 29. 07. 2015, № 1373 dated 29. 07. 2015, № 1374 dated 29. 07. 2015, № 1426 dated 30. 07. 2015, to account of non-resident company Vermenda Holdings Limited, controlled by perpetrators of the crime, unidentified individuals in possession of an access to the account management of stated above non-resident company, continuing to perform, according to their role, directions of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amount, have converted funds stolen from the Bank, in the amount of 498871028,03 rubles, from among other funds in the amount of 598561497,50 rubles in USD, with simultaneous transfer to foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 10015000,00 of the USA dollars.

Whereupon, funds stolen from the Bank in the amount of 498871028,03 rubles, converted in USD dollars, from among other funds, have been transferred by unidentified perpetrators of the crime, from foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank:

- by payment orders №№ 290, 291 dated 30. 07. 2015 on foreign currency account of non-resident company    Vermenda Holdings Limited, controlled by perpetrators of the crime, № LV63KBRB1111215921001, opened in credit organization – non-resident Trasta Komercbanka Riga (Latvian Republic), located at the address: Palasta iela 1, Riga LV-1050, Latvija, in the amount of 10000000,00 USA dollars.

Whereupon, funds stolen from the Bank in the amount of 498871028,03 rubles, from among other funds, converted in USD, have been cashed or transferred to unidentified accounts, in unidentified banking or other credit institutions, unidentified bodies of persons and legal entities, and have been used by organizers and perpetrators of the crime at their own discretion.

Thus, perpetrators of the crime have stolen funds of the Bank in the amount of 499995968,00 rubles, of which they or the third parties have disposed at their own discretion.

Subsequently, 29. 07. 2015, that is on the next day after the issuance of credit, perpetrators of the crime – Head of corporate finances' department of the Bank Alekseev N. V. and CEO of CLR "NewHowTrade" Kravchenko O. V., with the purpose of concealment of embezzlement of funds of the Bank, in an especially large amount and a giving a semblance of legality to artificial transactions made, entered in the Agreement on compensation from 29. 07. 2015, according to which liabilities of CLR "NewHowTrade" on the Deed on conditions of medium-term crediting dated 28. 07. 2015 № 137-810/15 have been terminated, and, as an executor of liabilities of funds repayment, the Bank accepted the right of demand from CLR "Sunrise" controlled by perpetrators of the crime, which does not exercise any actual economic activity.

Farther, in the period prior to 22.06.2015, in Moscow, continuing to realize a criminal intent, directed on embezzlement of funds of the Bank, in an especially large amount, perpetrator of the crime vice-president for finances – Deputy of Chairman of the Board of the Bank Lomov A. V., acting on behalf of the Bank, on the grounds of power of attorney № 92.5 dated 09. 02. 2015, issued by Chairman of the Board of the Bank Zheleznyak A. D., according to which the Bank management has delegated to him the authorities to enter in loan agreements and dispose of funds of the Bank, that is managerial functions of administrative-economical nature in disposition of

funds of the Bank entrusted to him, acting deliberately and in accordance with other perpetrators of the crime, has signed knowingly unenforceable Deed on conditions of medium-term crediting on behalf of the Bank dated 22. 06. 2015 № 099-810/15 with CLR "Tsentr Torgovli" controlled by unidentified perpetrators of the crime, represented by CEO of the company Shpagina L. B., according to which the Bank undertakes to provide knowingly irrecoverable credit to stated above company in the frameworks of opened credit lines with a maximum extent of indebtedness limit in the amount of 1000000000 rubles.

Wherein, Shpagina L. B., assisting to the crime committing by provision of information and elimination of obstacles of its commission, realized that the company headed by her does not exercise any economic activity, the purpose of obtaining the credit is knowingly false, and the credit obtainment is a way of embezzlement of funds of the Bank, out of mercenary motives, has signed stated above Deed on conditions of medium-term crediting on behalf of the company dated 22. 06. 2015 № 099-810/15.

23. 06. 2015 in pursuance of stated above Deed, according to the application provided on behalf of Shpagina L. B., by payment orders № 1020125374 dated 23. 06. 2015, the funds in the amount of 698200000 rubles have been transferred from correspondence account of the Bank № 30101810600000000986, opened in operational management of GI the Bank of Russia in CFO of Moscow, located at the address: Moscow, Balchug Street, 2 to account of CLR "Tsentr Torgovli" № 40702810400000207965, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1.

23. 06. 2015, after receive of funds to account of CLR "Tsentr Torgovli", Shpagina L. B., continuing to perform her role in the crime committing, assisting to its commission by provision of information and elimination of obstacles, has transferred funds received as a credit from the Bank:

- by payment order № 94 dated 23. 06. 2015 to account of pseudo-enterprise CLR "ProgmaTrade", controlled by perpetrators of the crime, № 40702810000000207844, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 698200000 rubles.

23. 06. 2015, after receive of funds stolen from the Bank to account of CLR "ProgmaTrade", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, have transferred stated funds from account of CLR "ProgmaTrade":

- by payment order № 85 dated 23. 06. 2015 to account of CLR "PK-Technologies", controlled by perpetrators of the crime, № 40702810200010035573, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 698200000,00 rubles.

Hereafter, 23. 06. 2015, that is on the same day after transfer of funds of the Bank to account of CLR "PK-Technologies", unidentified perpetrators of the crime in possession of an access to the account management of stated above organization, continuing deliberate actions, directed on embezzlement of funds in an especially large amount, have transferred stated funds from account of CLR "PK-Technologies":

- by payment order № 124 dated 23. 06. 2015 to account of CLR "Kollectorskoe agentstvo "Life" controlled by perpetrators of the crime, headed by abettor of crime Kalachev S. V, № 40702810300110117621, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 698200000,00 rubles.

Thus, funds stolen from the Bank as an issuance of knowingly irrecoverable credits, in the amount of 698200000,00 rubles, have been accumulated to account of CLR "Kollectorskoe agentstvo "Life", controlled by perpetrators of the crime, headed by abettor of the crime Kalachev S. V.

Hereafter, 24. 06. 2015, after receive of funds stolen from the Bank to account of CLR "Kollectorskoe agentstvo "Life", CEO of stated company Kalachev S. B., assisting to the crime committing by provision of information and elimination of obstacles of its commission, realizing unlawfulness of his acts, continuing to perform, according to his role, instruction of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amount, has transferred funds stolen from the Bank, among other funds:

- by payment orders №№ 1114, 1115, 1116 dated 24. 06. 2015, to account of non-resident company Vermenda Holdings Limited, controlled by perpetrators of the crime, № 40807810900010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 700000000,00 rubles.

25. 06. 2015, after receive of funds stolen from the Bank to account of non-resident company Vermenda Holdings Limited, controlled by perpetrators of the crime, unidentified individuals in possession of an access to the account management of stated above non-resident company, continuing to perform, according to their role, instructions of unidentified individuals, directed on embezzlement of funds of the Bank, in an especially large amount, have converted funds stolen from the Bank in the amount of 698200000,00 rubles from among other funds in the amount of 702969800,00 rubles in USD with simultaneous transfer to foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank, located at the address: Moscow, Petrovka Street, 18/2, building 1, in the amount of 13000000,00 USD.

Whereupon, converted in the USD, funds stolen from the Bank in the amount of 698200000,00 rubles, from among other funds, by unidentified perpetrators of the crime, have been transferred from foreign currency account of non-resident company Vermenda Holdings Limited № 40807840200010030608, opened in the Bank:

- by payment order № 281 dated 25. 06. 2015 to account of non-resident company Vermenda Holdings Limited, controlled by perpetrators of the crime, № LV63KBRB1111215921001, opened in credit organization – non-resident Trasta Komercbanka Riga (Latvian Republic), located at the address: Palasta iela 1, Riga LV-1050, Latvija, in the amount of 13000000,00 USA dollars.

Subsequently, funds stolen from the Bank in the amount of 698200000,00 rubles, among other funds, converted into USD, have been cashed or transferred to unidentified accounts, in unidentified banking or other credit institutions, unidentified bodies of persons and legal entities, and have been used by unidentified organizers and perpetrators of the crime at their discretion.

Thus, perpetrators of the crime have stolen funds of the Bank in the amount of 698200000,00 rubles, which they or the third parties have disposed of at their discretion.

03. 08. 2015, abettors of the crime – Head of corporate finances' Department of the Bank Alekseev N. V. and CEO of CLR "Tsentr Torgovli", Shpagina L. B., with a purpose of concealment of embezzlement of funds of the Bank in an especially large amount and a giving a semblance of legality to artificial transactions, entered in the Agreement on compensation dated 03. 08. 2015, according to which liabilities of CLR "Tsentr Torgovli", according to the Deed on conditions of medium-term crediting dated 22. 06. 2015 № 099-810/15 have been terminated, and, as an executor of liabilities of credit funds repayment, the Bank has accepted the right of demand from

CLR "ProgmaTrade", controlled by perpetrators of the crime, which does not exercise any actual economic activity.

Thus, in the period from September 2014 to July 2015, in Moscow perpetrators of the crime, acting deliberately, have committed embezzlement of funds of the Bank by the way of appropriation and misappropriation in the amount of 2443195968,00 rubles, that is in an especially large amount.

12. 08. 2015, in relation to failure of the Bank to comply with Federal law, regulating banking activity, and regulations of the Bank of Russia, due to lower than required capital adequacy by 2% and decrease in capital stated as of the date of state registration and based on the Order of the Bank of Russia dated 12. 08. 2015 № OD-2071, the license of the Bank on banking activity's exercise has been revoked dated 12. 08. 2015.

28. 10. 2015 by decision of the Commercial Arbitration Court of Moscow on the case № A40-154909/15 dated 28. 10. 2015 the Bank is recognized as non-independent (bankrupt); bankruptcy manager' functions are entrusted to the State corporation "Deposit Insurance Agency", which, according to article 189.78 of the Federal law "on bankruptcy" dated 26. 10. 2002 № 127-F3 is exercising the authorities of the Bank management apparatus.

The reasons for initiation of criminal proceedings are – crime report received from the first Deputy of CEO of the State corporation "Deposit Insurance Agency" dated 14. 01. 2016 № 1-1/153 and crime report received from Chairman of the Bank of Russia dated 01. 10. 2015 № 01-33-3/8573, registered at Crime Reports Registration Book of the Main investigations department of the Investigating committee of the Russian Federation for № 201, paragraph 184/15 dated 02. 11. 2015, and report of committed crime, received from other sources – report on reveal of indicia of crime FSS of Russia dated 18. 01. 2016, registered at Crime Reports Registration Book of the Main investigations department of Investigating committee of the Russian Federation for № 201, paragraph 7/16 dated 22. 01. 2016.

The reason for initiation of criminal proceedings is the presence of sufficient information indicating indicia of crime, specified by Article 160 (4) of Criminal Code of the Russian Federation, contained in materials of carried out procedural examination, and received during this examination.

Based on the foregoing, regarding to Article 38, 140, 145, 146 (147), 151 of Code of Criminal Procedure of the Russian Federation.

HELD:

1. To initiate a criminal proceeding based on indicia of crime, specified by Article 160 (4) of Criminal Code of the Russian Federation:

- to initiate a criminal proceeding against Kazantsev Vyacheslav Victorovich, born on 13. 08. 1966 in Biysk of Altai region; Lomov Alexander Vladimirovich, born on 17. 08. 1967 in Moscow; Alekseev Nikolay Vladimirovich, born on 09. 05. 1969 in Kupanskoe Pereslavskiy district of Yaroslavskaya region, on indicia of crime specified by Article 160 (4) of Criminal Code of the Russian Federation;

- to initiate a criminal proceeding against Krilova Marina Mihailovna, born on 17. 03. 1973 in Moscow; Kalachev Sergey Vasilievich, born on 09. 06. 1960 in Novosibirsk of Novosibirskaya region; Polikarpov Igor Petrovich, born on 18. 05. 1949 in Buhta Provideniya of Magadanskaya region; Simakov Aleksey Vladimirovich, born on 28. 03. 1988 in Moscow; Danukin Andrey Vyacheslavovich, born on 09. 02. 1977 in Magnitogorsk of Chelyabinskaya region; Shpagina

Ludmila Borisovna, born on 23. 05. 1957 in Balhash of Zheskagzanskaya region KSSR, on indicia of crime specified by Article 33 (5) and Article 160 (4) of Criminal Code of Russian Federation;

- to initiate a criminal proceedings against other unidentified owners, managers and employees of OJSC ICB "Probusinessbank" and Financial group "Life", and other unidentified individuals, on indicia of crime specified by Article 160 (3,4,5), Article 33 (4) and 160 (4) of Criminal Code of the Russian Federation.

2. To accept the criminal case to its proceeding and start an investigation.

3. To give a number 11602007703000015 to the criminal case.

4. To inform interested parties about the decision made – individuals against whom the criminal proceeding has been initiated, and the first Deputy CEO of State Corporation "Deposit Insurance Agency" and Chairman of the Bank of Russia.

5. To send a copy of stated Decree to the Deputy General prosecutor of the Russian Federation.


Senior Investigator on particularly important cases of Main Investigation Department of Investigating Committee of the Russian Federation.


Colonel Justice                    *(Signature)*                         S. A. Novikov


*Handwriting:*

*I have received a copy of the decree on initiation of the criminal proceeding against me.*

*Krilova M. M.     (Signature)       17.02.2016*

*I have received a copy of the decree on initiation of the criminal proceeding against me.*

*Alekseev N. V.  (Signature)       17.02.2016*

*Lawyer has received a copy of the decree on initiation of the criminal proceeding.*

*Kostitsin I. P.   (Signature)*

*I have received a copy of the decree on initiation of the criminal proceeding.*

*Ageeva A. V. (Signature)       17.02.2016*

*I have received a copy of the decree on initiation of the criminal proceeding against me  (Kazantsev Vyacheslav Viktorovich) and others.*

*Kazantsev V. V. (Signature) 17.02.2016*

*I have received a copy of the decree on initiation of the criminal proceeding against me (Kalachev Sergey Vasilievich) and others.*

*Kalachev S. V. (Signature) 17.02.2016*

*Lawyer has received a copy of the decree on initiation of the criminal proceeding.*

*(Surname is not readable) A. A. (Signature) 17.02.2016*

# ПРИЛОЖЕНИЕ 17

# ПОСТАНОВЛЕНИЕ
о возбуждении уголовного дела
и о принятии его к своему производству

город Москва «17» февраля 2016 года
«06» час. «30» мин.

Старший следователь по особо важным делам Главного следственного управления Следственного комитета Российской Федерации полковник юстиции Новиков С.А., рассмотрев сообщения о преступлении, предусмотренном ч. 4 ст. 160 УК РФ – заявление о преступлении, поступившее от Председателя Банка России от 01.10.2015 № 01-33-3/8573, зарегистрированное в КРСП Главного следственного управления Следственного комитета Российской Федерации за № 201пр-184/15 от 02.11.2015; рапорт об обнаружении признаков преступления ФСБ России от 18.01.2016, зарегистрированный в КРСП Главного следственного управления Следственного комитета Российской Федерации за № 201пр-7/16 от 22.01.2016; заявление о преступлении, поступившее от первого заместителя генерального директора Государственной корпорации «Агентство по страхованию вкладов» от 14.01.2016 № 1-1/153 и материалы процессуальной проверки,

## УСТАНОВИЛ:

Открытое акционерное общество акционерный коммерческий банк «Пробизнесбанк», сокращённое наименование ОАО АКБ «Пробизнесбанк» (далее по тексту Банк), юридический адрес: 119285, гор. Москва, ул. Пудовкина, д. 3, фактический адрес: гор. Москва, ул. Петровка, д. 18/2, стр. 1, основной государственный регистрационный номер (ОГРН) 1027700508978, учреждён и зарегистрирован в книге государственной регистрации (КГР) Банка России 07.07.1993, корреспондентский счёт № 30101810600000000986 в Главном управлении Банка Росси по Центральному федеральному округу (далее по тексту ГУ Банка России по ЦФО), банковский идентификационный код (БИК) 044525986, индивидуальный номер налогоплательщика (ИНН) 7729086087, генеральная лицензия на осуществление банковских операций от 13.08.2012 № 2412, выдана Банком России.

В соответствии со ст. 1 Федерального закона «О банках и банковской деятельности» от 02.12.1990 № 395-1 банком является кредитная организация, которая имеет исключительное право осуществлять в совокупности следующие банковские операции: привлечение во вклады денежных средств физических и юридических лиц, размещение указанных средств от своего имени и за свой счёт на условиях возвратности, платности, срочности, открытие и ведение банковских счетов физических и юридических лиц.

В 2006 году на базе Банка была образована Финансовая группа «Лайф», в состав которой вошли ОАО «ВУЗ-банк» (ИНН 6608007473), ОАО КБ «Пойдем!» (ИНН 5401122100); АО АКБ «Эксперсс-Волга» (ИНН 6454027396), ЗАО Национальный Банк Сбережений (ИНН 3702558680), ОАО «Газэнергобанк»

«Агентство по страхованию вкладов»
Вх. № 9794 от 10 МАР 2016
«К» срок

(ИНН 4026006420), ОАО КБ «Солидарность» (ИНН 6316028910), ООО «Коллекторское агентство «Лайф» (ИНН 7707532186), факторинговая компания «Лайф», девелоперская компания ООО «Пробизнес-Девелопмент» (ИНН 7743629120), кипрская компания «Пойдём Холдингс Лимитед» (Республика Кипр) и другие организации.

В совокупности Финансовая группа «Лайф», головной организацией которой является Банк, имела свыше 800 отделений в 75 регионах Российской Федерации, 4 000 000 клиентов физических лиц и 200 000 клиентов юридических лиц, денежные средства, ценные бумаги и иные активы которых были вверены в управление Финансовой группе «Лайф» и её головной организации – Банку.

С сентября 2014 года по август 2015 года сотрудниками ГУ Банка России по ЦФО и Банка России периодически производились проверки Банка, при производстве которых выявлены многочисленные нарушения в деятельности Банка. По результатам проверочных мероприятий ГУ Банка России по ЦФО и Банка России вносились неоднократные предписания об устранении нарушений.

В сентябре 2014 года, но не позднее 15.09.2014, в гор. Москве, неустановленные лица из числа руководителей и сотрудников Банка и Финансовой группы «Лайф», обладающих функциями организационно-распорядительного и административно-хозяйственного характера, используя своё служебное положение, понимая и осознавая, что в связи с неоднократными предписаниями ГУ Банка России по ЦФО и Банка России об устранении нарушений Банком законодательства в банковской сфере и проводимой Банком России политики в сфере правового регулирования банковской деятельности, относительно незамедлительного отзыва лицензий на осуществление банковских операций у банков неоднократно нарушающих законодательство, у руководимого ими Банка может быть отозвана лицензия на осуществление банковских операций, действуя из корыстных побуждений, с целью личного обогащения разработали план действий, направленный на хищение денежных средств Банка в особо крупном размере, путем присвоения и растраты в пользу третьих лиц.

При этом, неустановленные лица из числа руководителей и сотрудников Банка, обладающие функциями организационно-распорядительного и административно-хозяйственного характера, используя своё служебное положение, привлекли в качестве исполнителей и пособников преступления, подчинённых им сотрудников Банка и Финансовой группы «Лайф» осведомленных об их преступном умысле, направленном на хищение денежных средств Банка: вице-президента по развитию бизнеса Банка Казанцева В.В., начальника департамента корпоративных финансов Банка Алексеева Н.В. вице-президента по финансам – заместителя председателя Правления банка Ломова А.В., начальника управления по обеспечению взаимодействия с акционерами и дочерними организациями Крылову М.М., начальника управления по работе с проблемной задолженностью, генерального директора ООО «Коллекторское агентство «Лайф» Калачева С.В., а также иных неустановленных лиц из числа сотрудников Банка, которые в свою очередь

привлекли в качестве пособников преступления подконтрольных им руководителей лжепредприятий, не осуществляющих какой-либо коммерческой и иной хозяйственной деятельности: генерального директора ООО «Инновационно-строительная компания «ИвСпецГарант» (ИНН 3702522719) Поликарпова И.П., генерального директора ООО «Инжиниринг-Роялти» (ИНН 7718894100) Симакова А.В., Генерального директора ООО «Восток-Карго-Плюс» (ИНН 7728829090) Данукина А.В., генерального директора ООО «Центр Торговли» (ИНН 7718872866) Шпагину Л.Б., генерального директора ООО «НьюХауТрейд» (ИНН 7715825429) Кравченко О.В., а также лиц из числа руководителей и лиц, контролирующих деятельность ООО «Пробизнес-Девелопмент» (ИНН 7743629120), ООО «Персонал+» (ИНН 7724772597), ООО «ЭЛСО (ИНН 7703517821), ООО «Альянс» (ИНН 6671421093), ООО «Истон» (ИНН 7718902897), ООО «ПрогмаТрейд» (ИНН 7724757944), ООО «ПК-Технолоджис» (ИНН 7722781123), ООО «Финансовый центр «Эскада» (ИНН 7701377248), ООО «Санрис» (ИНН 7743061260), кипрской компании Vermenda Holdings Limited (Верменда Холдингс Лимитед) (ИНН 7729086087) и иных неустановленных юридических и физических лиц.

Общий принцип совершения преступления предусматривал совершение соучастниками преступления умышленных действий, направленных на выдачу подконтрольным лжепредприятиям, не ведущих никакой фактической хозяйственной деятельности заведомо невозвратных, не обеспеченных залоговым имуществом кредитов, в особо крупных размерах, перечисление кредитных денежных средств на расчётные счета указанных лжепредприятий, открытых в Банке либо ином банке, входящем в Финансовую группу «Лайф», после чего под видом оплаты фиктивных сделок, приобретения неликвидных ценных бумаг и иных мнимых сделок, проводилось перечисление денежных средств на счета подконтрольных юридических лиц, открытые в Банке либо ином банке, входящем в Финансовую группу «Лайф».

Затем, похищенные денежные средства в рублях Российской Федерации конвертировались в полном объёме в доллары США и перечислялись на расчётный счёт подконтрольного юридического лица – нерезидента компании Vermenda Holdings Limited (Верменда Холдингс Лимитед), зарегистрированной по адресу: Griva Digeni, P.C. 3101, Limassol, Cyprus, открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), после чего перечислялись на различные счета неустановленных зарубежных организаций и физических лиц, и использовались участниками преступления, либо третьими лицами, связанными с участниками преступления, по своему усмотрению.

Документальное оформление выдачи кредитов, с целью придания видимости законности производимых сделок, формально носило законный характер, однако фактически указанные документы содержали недостоверные сведения и все действия участников преступления были направлены на достижение преступного умысла на хищение денежных средств Банка в особо крупном размере.

Так, в период предшествующий 15.09.2014, в гор. Москве, вице-президент по развитию корпоративного бизнеса Банка Казанцев В.В. действуя от имени Банка, на основании доверенности № 610/1 от 16.07.2014, выданной председателем Правления Банка Железняком А.Д., согласно которой ему руководством Банка делегированы полномочия по заключению кредитных договоров и распоряжению денежными средствами Банка, то есть управленческие функции административно-хозяйственного характера по распоряжению вверенными ему денежными средствами Банка, действуя умышленно и согласованно с другим участниками преступления, с целью растраты и присвоения подписал от имени Банка заведомо не исполнимый Договор об условиях среднесрочного кредитования от 15.09.2014 № 211-810/14ю с подконтрольным неустановленным участникам преступления ООО «Инновационно-строительная компания «ИвСпецГарант» (далее по тексту ООО «ИСК «ИвСпецГарант») в лице генерального директора общества Поликарпова И.П., согласно которому Банк обязуется выдать указанному обществу заведомо невозвратный кредит в сумме 500 000 000 рублей.

При этом, Поликарпов И.П., оказывая содействие совершению преступления предоставлением информации и устранением препятствий его совершения, осознавал, что возглавляемое им общество не ведёт какой-либо хозяйственной деятельности, цель получения кредита является заведомо ложной, а получение кредита является способом хищения денежных средств Банка, из корыстных побуждений подписал от имени общества вышеуказанный Договор об условиях среднесрочного кредитования от 15.09.2014 № 211-810/14ю.

15.09.2014 во исполнение вышеуказанного Договора, согласно представленной заявки от имени Поликарпова И.П., платежным поручением № 1018062751 от 15.09.2014, денежные средства в сумме 280 000 000 рублей перечислены с корреспондентского счета Банка № 30101810600000000986, открытого в операционном управлении ГУ Банка России по ЦФО гор. Москвы, расположенном по адресу: гор. Москва, ул. Балчуг, д. 2 на расчётный счет ООО «ИСК «ИвСпецГарант» № 45207810600000127604, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

15.09.2014, после поступления денежных средств на расчётный счёт ООО «ИСК «ИвСпецГарант», Поликарпов И.П. продолжая выполнять отведённую ему роль в совершении преступления, оказывая содействие его совершению предоставлением информации и устранением препятствий, перечислил денежные средства, полученные в виде кредита от Банка в сумме 280 000 000 рублей, несколькими платежами, в числе прочих денежных средств:

– платёжными поручениями №№ 751, 752, 763, 764 от 15.09.2014 на расчётный счёт подконтрольного участникам преступления, лжепредприятия ООО «Персонал+» № 40702810300000102610, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в общей сумме 24 157 808, 21 рублей;

– платёжными поручениями №№ 747, 748, 749, 750, 757, 758, 759, 760, 761, 762 от 15.09.2014 на расчётный счёт подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В., № 40702810300110117621, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в общей сумме 34 471 698, 63 рублей;

– платёжными поручениями №№ 765, 766 от 15.09.2014 на расчётный счёт подконтрольного участникам преступления ООО «Пробизнес-Девелопмент» № 40702810300000021377, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в общей сумме 222 016 835,04 рублей.

16.09.2014, то есть на следующий день, после перечисления денежных средств Банка на расчётный счет ООО «Персонал+», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства, в числе прочих денежных средств, с расчётного счета ООО «Персонал+»:

– платежным поручением № 133 от 16.09.2014 на расчётный счёт подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В., № 40702810300110117621, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 499 500 000, 00 рублей.

Также, 16.09.2014, то есть на следующий день, после перечисления денежных средств Банка на расчётный счет ООО «Пробизнес-Девелопмент», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства, в числе прочих денежных средств, с расчётного счета ООО «Пробизнес-Девелопмент»:

– платежным поручением № 123 от 16.09.2014 на расчётный счёт подконтрольного участникам преступления ООО «ЭЛСО», № 40702810800020115239, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 222 016 835, 04 рублей.

Затем, 16.09.2014, то есть в этот же день, после перечисления денежных средств Банка на расчётный счет ООО «Пробизнес-Девелопмент», а затем на расчётный счет ООО «ЭЛСО, неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства, в числе прочих денежных средств, с расчётного счета ООО «ЭЛСО»:

– платежным поручением № 321 от 16.09.2014 на расчётный счёт подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В.,

№ 40702810300110117621, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 221 000 000, 00 рублей.

Таким образом, денежные средства, похищенные у Банка под видом выдачи заведомо невозвратных кредитов, в сумме 280 000 000, 00 рублей, в числе прочих денежных средств, аккумулировались на расчётном счету подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В.

После чего, 16.09.2014, то есть в этот же день, после поступления похищенных у Банка денежных средств на расчётный счет ООО «Коллекторское агентство «Лайф», генеральный директор указанного общества Калачёв С.Б., оказывая содействие совершению преступления предоставлением информации и устранением препятствий его совершения, сознавая преступность своих действий, продолжая выполнять согласно отведённой ему роли указание неустановленных лиц, направленных на хищение денежных средств Банка, в особо крупном размере, перечислил денежные средства, похищенные у Банка, в числе прочих денежных средств:

– платежным поручением № 1563 от 16.09.2014 на расчётный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № 40807810900010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 608 000 000, 00 рублей.

Затем, 18.09.2014, после поступления похищенных у Банка денежных средств на расчётный счет подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), неустановленные лица, имеющие доступ к управлению счётом вышеуказанной компании-нерезидента, продолжая выполнять согласно отведённой им роли указание неустановленных лиц, направленных на хищение денежных средств Банка, в особо крупном размере, конвертировали, похищенные у Банка денежные средства в сумме 280 000 000 рублей, в числе прочих денежных средств в сумме 578 655 792,00 рубля, в доллары США с одновременным зачислением на валютный счёт компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 15 080 000, 00 долларов США.

После чего, конвертированные в доллары США, денежные средства, похищенные у Банка в сумме 280 000 000 рублей, в числе прочих денежных средств, неустановленными участниками преступления, были перечислены с валютного счета компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытого в Банке:

– платежным поручением № 217 от 18.09.2014 на валютный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № LV63KBRB1111215921001, открытый в открытый в кредитной организации – нерезиденте Trasta Komercbanka

Riga (Траста Комерцбанка Рига) (Латвийская Республика), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija, в сумме 13 000 000, 00 долларов США.

После чего, денежные средства, похищенные у Банка в сумме 280 000 000 рублей, в числе прочих денежных средств, конвертированных в доллары США, были обналичены либо перечислены на неустановленные счета, в неустановленных банковских и иных кредитных учреждениях, неустановленных физических и юридических лиц, и использовались неустановленными организаторами и участниками преступления по своему усмотрению.

Также, в период предшествующий 09.04.2015, в гор. Москве, продолжая реализовывать преступный умысел, направленный на хищение денежных средств Банка, в особо крупном размере, участник преступления – начальник департамента корпоративных финансов Банка Алексеев Н.В., действуя от имени Банка, на основании доверенности № 120/2 от 17.02.2015, выданной председателем Правления Банка Железняком А.Д., согласно которой ему руководством Банка делегированы полномочия по заключению кредитных договоров и распоряжению денежными средствами Банка, то есть управленческие функции административно-хозяйственного характера по распоряжению вверенными ему денежными средствами Банка, действуя умышленно и согласованно с другим участниками преступления, подписал от имени Банка заведомо не исполнимый Договор об условиях среднесрочного кредитования от 09.04.2015 № 044-810/15ю с подконтрольным участнику преступления – начальнику Управления по взаимодействию с акционерами и дочерними предприятиями Банка Крыловой М.М. лжепредприятием ООО «Инжиниринг-Роялти» в лице генерального директора общества Симакова А.В., который также являлся сотрудником Банка, согласно которому Банк обязуется предоставить указанному обществу кредит в рамках открываемых кредитных линий с максимальным размером лимита задолженности в размере 1 000 000 000 рублей.

При этом, Крылова М.М. и Симаков А.В. оказывая содействие совершению преступления, предоставлением информации и устранением препятствий его совершения, осознавали, что ООО «Инжиниринг-Роялти» не ведёт какой-либо хозяйственной деятельности, цель получения кредита является заведомо ложной, а получение кредита является способом хищения денежных средств Банка, из корыстных побуждений, изготовили и подписали от имени общества вышеуказанный Договор об условиях среднесрочного кредитования от 09.04.2015 № 044-810/15ю.

09.04.2015 во исполнение вышеуказанного Договора, согласно представленной заявки от имени Симакова А.В., по указанию Крыловой М.М., платежным поручением № 1019700947 от 09.04.2015, денежные средства в сумме 600 000 000 рублей перечислены с корреспондентского счета Банка № 30101810600000000986, открытого в операционном управлении ГУ Банка России по ЦФО гор. Москвы, расположенном по адресу: гор. Москва, ул. Балчуг, д. 2 на расчётный счет ООО «Инжиниринг-Роялти» № 40702810900110035572,

открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

В этот же день, то есть 09.04.2015, после поступления денежных средств на расчётный счёт ООО «Инжиниринг-Роялти», Симаков А.В. продолжая выполнять отведённую ему роль в совершении преступления, выполняя незаконные указания Крыловой М.М., оказывая содействие его совершению, предоставлением информации и устранением препятствий, перечислил денежные средства, полученные в виде кредита от Банка в сумме 600 000 000 рублей платёжным поручением № 22 от 09.04.2015 на расчётный счёт подконтрольного участникам преступления, лжепредприятия ООО «Альянс» № 40702810500000113328, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

Далее, 09.04.2015, то есть в этот же день, после перечисления денежных средств Банка на расчётный счет ООО «Альянс», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «Альянс»:

– платежным поручением № 33 от 09.04.2015 на расчётный счёт подконтрольного участникам преступления ООО «Персонал +» № 40728103000000102610, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 600 000 000, 00 рублей.

После чего, 09.04.2015, то есть в этот же день, после поступления похищенных у Банка денежных средств на расчётный счет ООО «Персонал +», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «Персонал +»:

– платежным поручением № 144 от 09.04.2015 на расчётный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807810900010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 600 000 000, 00 рублей.

Затем, 09.04.2015 и 13.04.2015, после поступления похищенных у Банка денежных средств на расчётный счет подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), неустановленные лица, имеющие доступ к управлению счётом вышеуказанной компании-нерезидента, продолжая выполнять согласно отведённой им роли указания неустановленных лиц, направленные на хищение денежных средств Банка, в особо крупном размере, конвертировали, похищенные у Банка денежные средства в сумме 600 000 000 рублей, в числе прочих денежных средств в сумме 600 069 891,60 рубля, в доллары США с одновременным зачислением на валютный счёт компании-нерезидента Vermenda Holdings Limited (Верменда

Холдингс Лимитед) № 40807840200010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 11 182 000, 00 долларов США.

После чего, конвертированные в доллары США, денежные средства, похищенные у Банка в сумме 600 000 000 рублей, в числе прочих денежных средств, неустановленными участниками преступления, были перечислены с валютного счета компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытого в Банке:

– платежными поручениями № 271 от 09.04.2015 и № 275 от 17.04.2015 на валютный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № LV63KBRB1111215921001, открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija, в сумме 12 110 000, 00 долларов США.

После чего, денежные средства, похищенные у Банка в сумме 600 000 000 рублей, в числе прочих денежных средств, конвертированных в доллары США, были обналичены либо перечислены на неустановленные счета, в неустановленных банковских и иных кредитных учреждениях, неустановленных физических и юридических лиц, и использовались неустановленными организаторами и участниками преступления по своему усмотрению.

Также, в период предшествующий 15.05.2015, в гор. Москве, продолжая реализовывать преступный умысел, направленный на хищение денежных средств Банка, в особо крупном размере, участник преступления – начальник департамента корпоративных финансов Банка Алексеев Н.В., действуя от имени Банка, на основании доверенности № 120/2 от 17.02.2015, выданной председателем Правления Банка Железняком А.Д., согласно которой ему руководством Банка делегированы полномочия по заключению кредитных договоров и распоряжению денежными средствами Банка, то есть управленческие функции административно-хозяйственного характера по распоряжению вверенными ему денежными средствами Банка, действуя умышленно и согласованно с другим участниками преступления, подписал от имени Банка заведомо не исполнимый Договор об условиях среднесрочного кредитования от 15.05.2015 № 071-810/15ю с подконтрольным неустановленным участникам преступления лжепредприятием ООО «Восток-Карго-Плюс» в лице генерального директора общества Данукина А.В., согласно которому Банк обязуется предоставить указанному обществу заведомо невозвратный кредит в рамках открываемых кредитных линий с максимальным размером лимита задолженности в размере 500 000 000 рублей.

При этом, Данукин А.В. оказывая содействие совершению преступления предоставлением информации и устранением препятствий его совершения, осознавал, что возглавляемое им общество не ведёт какой-либо хозяйственной деятельности, цель получения кредита является заведомо ложной, а получение

кредита является способом хищения денежных средств Банка, из корыстных побуждений, подписал от имени общества вышеуказанный Договор об условиях среднесрочного кредитования от 15.05.2015 № 071-810/15ю.

18.05.2015 и 19.05.2015 во исполнение вышеуказанного Договора, согласно представленной заявки от имени Данукина А.В., платёжными поручениями № 1019906802 от 18.05.2015, № 1019915598 от 19.05.2015 денежные средства в сумме 365 000 000 рублей перечислены с корреспондентского счета Банка № 30101810600000000986, открытого в операционном управлении ГУ Банка России по ЦФО гор. Москвы, расположенном по адресу: гор. Москва, ул. Балчуг, д. 2 на расчётный счет ООО «Восток-Карго-Плюс» № 40702810700000107477, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

18.05.2015 и 19.05.2015, после поступления денежных средств на расчётный счёт ООО «Восток-Карго-Плюс», Данукин А.В. продолжая выполнять отведённую ему роль в совершении преступления, оказывая содействие его совершению, предоставлением информации и устранением препятствий, перечислил денежные средства, полученные в виде кредита от Банка в сумме 365 000 000 рублей несколькими платежами:

– платёжными поручениями № 1054 от 18.05.2015, № 1057 от 19.05.2015 на расчётный счёт подконтрольного участникам преступления, лжепредприятия ООО «Истон» № 40702810900000100889, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в общей сумме 365 000 000 рублей.

Впоследствии, часть денежных средств в сумме 300 000 рублей, похищенных у Банка, неустановленными лицами из числа соучастников преступления, была перечислена на расчётные счета множества различных подконтрольных участникам преступления юридических лиц и использована ими по своему усмотрению.

18.05.2015 и 19.05.2015, после перечисления денежных средств Банка на расчётный счет ООО «Истон», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств Банка в особо крупном размере, перечислили часть денежных средств, похищенных у Банка, с расчётного счета ООО «Истон»:

– платежными поручениями № 39 от 18.05.2015, № 40 от 19.05.2015 на расчётный счёт подконтрольного участникам преступления ООО «ЭЛСО» № 40702810800020115239, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 364 700 000, 00 рублей.

Впоследствии, часть денежных средств в сумме 17 700 000 рублей, похищенных у Банка, неустановленными лицами из числа соучастников преступления, была перечислена на расчётные счета множества различных подконтрольных участникам преступления юридических лиц и использована ими по своему усмотрению.

18.05.2015, после поступления похищенных у Банка денежных средств на расчётный счет ООО «ЭЛСО», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «ЭЛСО»:

– платежными поручениями № 199 от 18.05.2015 и № 120 от 19.05.2015 на расчётный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № 40807810900010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 347 000 000, 00 рублей.

Впоследствии, часть денежных средств в сумме 41 655 рублей, похищенных у Банка, неустановленными лицами из числа соучастников преступления, была перечислена на расчётные счета множества различных подконтрольных участникам преступления юридических лиц и использована ими по своему усмотрению.

Затем, 18.05.2015 и 19.05.2015, после поступления похищенных у Банка денежных средств на расчётный счет подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), неустановленные лица, имеющие доступ к управлению счётом вышеуказанной компании-нерезидента, продолжая выполнять согласно отведённой им роли указание неустановленных лиц, направленных на хищение денежных средств Банка, в особо крупном размере, конвертировали, часть похищенных у Банка денежные средства в сумме 346 958 345,00, в доллары США с одновременным зачислением на валютный счёт компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 7 014 000, 00 долларов США.

После чего, конвертированные в доллары США, денежные средства, похищенные у Банка в сумме 346 958 345,00 рублей, неустановленными участниками преступления, были перечислены с валютного счета компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытого в Банке:

– платежными поручениями № 278 от 18.05.2015, № 139 от 19.05.2015 на валютный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № LV63KBRB1111215921001, открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija, в сумме 7 600 000, 00 долларов США.

После чего, денежные средства, похищенные у Банка в сумме 346 958 345,00 рублей, конвертированных в доллары США, были обналичены либо перечислены на неустановленные счета, в неустановленных банковских и иных кредитных

учреждениях, неустановленных физических и юридических лиц, и использовались неустановленными организаторами и участниками преступления по своему усмотрению.

Таким образом, участниками преступления были похищены денежные средства Банка на сумму 365 000 000 рублей, которыми они либо третьи лица распорядились по своему усмотрению.

Впоследствии, 06.08.2015, в день отзыва у Банка лицензии на право осуществления банковских операций, соучастники преступления – вице-президентом по финансам – заместитель Председателя Правления Банка Ломов А.В. и генеральный директор ООО «Восток-Карго-Плюс» Данукин А.В., с целью сокрытия совершенного у Банка хищения денежных средств в особо крупном размере и придания видимости законности совершенных мнимых сделок, заключили Соглашение об отступном от 06.08.2015, согласно которому обязательства ООО «Восток-Карго-Плюс» по Договору об условиях среднесрочного кредитования от 15.05.2015 № 071-810/15ю были прекращены, а качестве исполнителя обязательств по выплате кредитных денежных средств Банк принял право требования к подконтрольному участникам преступления ООО «Истон», не осуществляющее какой-либо фактической хозяйственной деятельности.

Также, в период предшествующий 28.07.2015, в гор. Москве, продолжая реализовывать преступный умысел, направленный на хищение денежных средств Банка, в особо крупном размере, участник преступления – начальник департамента корпоративных финансов Банка Алексеев Н.В., действуя от имени Банка, на основании доверенности № 120/2 от 17.02.2015, выданной председателем Правления Банка Железняком А.Д., согласно которой ему руководством Банка делегированы полномочия по заключению кредитных договоров и распоряжению денежными средствами Банка, то есть управленческие функции административно-хозяйственного характера по распоряжению вверенными ему денежными средствами Банка, действуя умышленно и согласованно с другим участниками преступления, подписал от имени Банка заведомо не исполнимый Договор об условиях среднесрочного кредитования от 28.07.2015 № 137-810/15ю с подконтрольным участникам преступления ООО «НьюХауТрейд» в лице генерального директора общества Кравченко О.В., согласно которому Банк обязуется предоставить указанному обществу кредит в рамках открываемых кредитных линий с максимальным размером лимита задолженности в размере 1 000 000 000 рублей.

При этом, Кравченко О.В. оказывая содействие совершению преступления, предоставлением информации и устранением препятствий его совершения, осознавала, что возглавляемое ей общество не ведёт какой-либо хозяйственной деятельности, цель получения кредита является заведомо ложной, а получение кредита является способом хищения денежных средств Банка, из корыстных побуждений, подписала от имени общества вышеуказанный Договор об условиях среднесрочного кредитования от 28.07.2015 № 137-810/15ю.

28.07.2015 во исполнение вышеуказанного Договора, согласно представленной заявки от имени Кравченко О.В., платёжным поручением № 1020346334 от 28.07.2015 денежные средства в сумме 499 995 968 рублей перечислены с корреспондентского счета Банка № 30101810600000000986, открытого в операционном управлении ГУ Банка России по ЦФО гор. Москвы, расположенном по адресу: гор. Москва, ул. Балчуг, д. 2 на расчётный счет ООО «НьюХауТрейд» № 40702810000000207734, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

28.07.2015, после поступления денежных средств на расчётный счёт ООО «НьюХауТрейд», Кравченко О.В. продолжая выполнять отведённую ей роль в совершении преступления, оказывая содействие его совершению, предоставлением информации и устранением препятствий, перечислила денежные средства, полученные в виде кредита от Банка в сумме 499 995 968 рублей:

– платёжным поручением № 9 от 28.07.2015 на расчётный счёт подконтрольного участникам преступления, лжепредприятия ООО «Финансовый центр «Эскада» № 40702810800000210934, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

28.07.2015 после поступления похищенных у Банка денежных средств на расчётный счет ООО «Финансовый центр «Эскада», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «Финансовый центр «Эскада»:

– платежным поручением № 35 от 28.07.2015 на расчётный счёт подконтрольного участникам преступления ООО «Санрис» № 40702810500070015537, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 499 995 968, 00 рублей.

Впоследствии, часть денежных средств в сумме 1 124 939,97 рублей, похищенных у Банка, неустановленными лицами из числа соучастников преступления, была перечислена с расчётного счета ООО «Санрис» на расчётные счета множества различных подконтрольных участникам преступления юридических лиц и использована ими по своему усмотрению.

Затем, 29.07.2014, то есть на следующий день, после перечисления денежных средств Банка на расчётный счет ООО «НьюХауТрейд», а затем на расчётный счет ООО «Финансовый центр «Эскада» и на расчётный счет ООО «Санрис», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «Санрис»:

– платежными поручениями №№ 44, 45, 46. 47, 48, 49, 50, 51, 52, 53, 54, 55, 56 от 29.07.2015 на расчётный счёт подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В., № 40702810300110117621, открытый в Банке,

расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 498 871 028, 03 рублей.

Таким образом, часть денежных средств, похищенных у Банка под видом выдачи заведомо невозвратного кредита, в сумме 498 871 028, 03 рублей, аккумулировались на расчётном счету подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В.

После чего, 29.07.2015 и 30.07.2015, после поступления похищенных у Банка денежных средств на расчётный счет ООО «Коллекторское агентство «Лайф», генеральный директор указанного общества Калачёв С.Б. оказывая содействие совершению преступления, предоставлением информации и устранением препятствий его совершения, сознавая преступность своих действий, продолжая выполнять согласно отведённой ему роли указание неустановленных лиц, направленных на хищение денежных средств Банка, в особо крупном размере, перечислил денежные средства, похищенные у Банка, в числе прочих денежных средств:

– платежными поручениями № 1372 от 29.07.2015, № 1373 от 29.07.2015, № 1374 от 29.07.2015, № 1426 от 30.07.2015, на расчётный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № 40807810900010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 600 000 000, 00 рублей.

Затем, 30.07.2015, после поступления похищенных у Банка денежных средств на расчётный счет подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), неустановленные лица, имеющие доступ к управлению счётом вышеуказанной компании-нерезидента, продолжая выполнять согласно отведённой им роли указания неустановленных лиц, направленные на хищение денежных средств Банка, в особо крупном размере, конвертировали, похищенные у Банка денежные средства в сумме 498 871 028,03 рублей, в числе прочих денежных средств в сумме 598 561 497,50 рублей, в доллары США с одновременным зачислением на валютный счёт компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 10 015 000, 00 долларов США.

После чего, конвертированные в доллары США, денежные средства, похищенные у Банка в сумме 498 871 028,03 рублей, в числе прочих денежных средств, неустановленными участниками преступления, были перечислены с валютного счета компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытого в Банке:

– платежными поручениями №№ 290, 291 от 30.07.2015 на валютный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № LV63KBRB1111215921001,

открытый в открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija, в сумме 10 000 000, 00 долларов США.

После чего, денежные средства, похищенные у Банка в сумме 498 871 028,03 рублей, в числе прочих денежных средств, конвертированных в доллары США, были обналичены либо перечислены на неустановленные счета, в неустановленных банковских и иных кредитных учреждениях, неустановленных физических и юридических лиц, и использовались неустановленными организаторами и участниками преступления по своему усмотрению.

Таким образом, участниками преступления были похищены денежные средства Банка на сумму 499 995 968,00 рублей, которыми они либо третьи лица распорядились по своему усмотрению.

Впоследствии, 29.07.2015, то есть на следующий день после выдачи кредита, соучастники преступления – начальник Департамента корпоративных финансов Банка Алексеев Н.В. и генеральный директор ООО «НьюХауТрейд» Кравченко О.В., с целью сокрытия совершенного у Банка хищения денежных средств в особо крупном размере и придания видимости законности совершенных мнимых сделок, заключили Соглашение об отступном от 29.07.2015, согласно которому обязательства ООО «НьюХауТрейд» по Договору об условиях среднесрочного кредитования от 28.07.2015 № 137-810/15ю были прекращены, а качестве исполнителя обязательств по выплате кредитных денежных средств Банк принял право требования к подконтрольному участникам преступления ООО «Санрис», не осуществляющее какой-либо фактической хозяйственной деятельности.

Также, в период предшествующий 22.06.2015, в гор. Москве, продолжая реализовывать преступный умысел, направленный на хищение денежных средств Банка, в особо крупном размере, участник преступления – вице президент по финансам – заместитель председателя правления Банка Ломов А.В. действуя от имени Банка, на основании доверенности № 92/5 от 09.02.2015, выданной председателем Правления Банка Железняком А.Д., согласно которой ему руководством Банка делегированы полномочия по заключению кредитных договоров и распоряжению денежными средствами Банка, то есть управленческие функции административно-хозяйственного характера по распоряжению вверенными ему денежными средствами Банка, действуя умышленно и согласованно с другим участниками преступления, подписал от имени Банка заведомо не исполнимый Договор об условиях среднесрочного кредитования от 22.06.2015 № 099-810/15ю с подконтрольным неустановленным участникам преступления ООО «Центр торговли» в лице генерального директора общества Шпагиной Л.Б., согласно которому Банк обязуется предоставить указанному обществу заведомо невозвратный кредит в рамках открываемых кредитных линий с максимальным размером лимита задолженности в размере 1 000 000 000 рублей.

При этом, Шпагина Л.Б. оказывая содействие совершению преступления, предоставлением информации и устранением препятствий его совершения,

осознавала, что возглавляемое ей общество не ведёт какой-либо хозяйственной деятельности, цель получения кредита является заведомо ложной, а получение кредита является способом хищения денежных средств Банка, из корыстных побуждений, подписала от имени общества вышеуказанный Договор об условиях среднесрочного кредитования от 22.06.2015 № 099-810/15ю.

23.06.2015 во исполнение вышеуказанного Договора, согласно представленной заявки от имени Шпагиной Л.Б., платёжными поручениями № 1020125374 от 23.06.2015 денежные средства в сумме 698 200 000 рублей перечислены с корреспондентского счета Банка № 30101810600000000986, открытого в операционном управлении ГУ Банка России по ЦФО гор. Москвы, расположенном по адресу: гор. Москва, ул. Балчуг, д. 2 на расчётный счет ООО «Центр торговли» № 40702810400000207965, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1.

23.06.2015, после поступления денежных средств на расчётный счёт ООО «Центр торговли», Шпагина Л.Б. продолжая выполнять отведённую ей роль в совершении преступления, оказывая содействие его совершению, предоставлением информации и устранением препятствий, перечислила денежные средства, полученные в виде кредита от Банка:

– платёжным поручением № 94 от 23.06.2015 на расчётный счёт подконтрольного участникам преступления, лжепредприятия ООО «ПрогмаТрейд» № 40702810000000207844, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 698 200 000 рублей.

23.06.2015 после поступления похищенных у Банка денежных средств на расчётный счет ООО «ПрогмаТрейд», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «ПрогмаТрейд»:

– платежным поручением № 85 от 23.06.2015 на расчётный счёт подконтрольного участникам преступления ООО «ПК-Технолоджис» № 40702810200110035573, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 698 200 000, 00 рублей.

Затем, 23.06.2015, то есть в этот же день, после перечисления денежных средств Банка на расчётный счет ООО «ПК-Технолоджис», неустановленные участники преступления, имеющие доступ к управлению счетом вышеуказанной организации, продолжая умышленные действия, направленные на хищение денежных средств в особо крупном размере, перечислили данные денежные средства с расчётного счета ООО «ПК-Технолоджис»:

– платежным поручением № 124 от 23.06.2015 на расчётный счёт подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В., № 40702810300110117621, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 698 200 000,00 рублей.

Таким образом, денежные средства, похищенные у Банка под видом выдачи заведомо невозвратных кредитов, в сумме 698 200 000,00 рублей, аккумулировались на расчётном счете подконтрольного участникам преступления ООО «Коллекторское агентство «Лайф», возглавляемого соучастником преступления Калачёвым С.В.

Затем, 24.06.2015, после поступления похищенных у Банка денежных средств на расчётный счет ООО «Коллекторское агентство «Лайф», генеральный директор указанного общества Калачёв С.Б. оказывая содействие совершению преступления предоставлением информации и устранением препятствий его совершения, сознавая преступность своих действий, продолжая выполнять согласно отведённой ему роли указание неустановленных лиц, направленных на хищение денежных средств Банка, в особо крупном размере, перечислил денежные средства, похищенные у Банка, в числе прочих денежных средств:

– платежными поручениями №№ 1114, 1115, 1116 от 24.06.2015, на расчётный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № 40807810900010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 700 000 000, 00 рублей.

25.06.2015, после поступления похищенных у Банка денежных средств на расчётный счет подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), неустановленные лица, имеющие доступ к управлению счётом вышеуказанной компании-нерезидента, продолжая выполнять согласно отведённой им роли указания неустановленных лиц, направленные на хищение денежных средств Банка, в особо крупном размере, конвертировали, похищенные у Банка денежные средства в сумме 698 200 000,00 рублей, в числе прочих денежных средств в сумме 702 969 800,00 рублей, в доллары США с одновременным зачислением на валютный счёт компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытый в Банке, расположенном по адресу: гор. Москва, ул. Петровка, д. 18/2, стр. 1, в сумме 13 000 000, 00 долларов США.

После чего, конвертированные в доллары США, денежные средства, похищенные у Банка в сумме 698 200 000,00 рублей, в числе прочих денежных средств, неустановленными участниками преступления, были перечислены с валютного счета компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед) № 40807840200010030608, открытого в Банке:

– платежным поручением № 281 от 25.06.2015 на валютный счёт подконтрольной участникам преступления компании-нерезидента Vermenda Holdings Limited (Верменда Холдингс Лимитед), № LV63KBRB1111215921001, открытый в открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), расположенном по адресу: Palasta iela 1, Riga LV-1050, Latvija, в сумме 13 000 000, 00 долларов США.

Впоследствии, денежные средства, похищенные у Банка в сумме 698 200 000,00 рублей, в числе прочих денежных средств, конвертированных в

доллары США, были обналичены либо перечислены на неустановленные счета, в неустановленных банковских и иных кредитных учреждениях, неустановленных физических и юридических лиц, и использовались неустановленными организаторами и участниками преступления по своему усмотрению.

Таким образом, участниками преступления были похищены денежные средства Банка на сумму 698 200 000,00 рублей, которыми они либо третьи лица распорядились по своему усмотрению.

03.08.2015, соучастники преступления – начальник Департамента корпоративных финансов Банка Алексеев Н.В. и генеральный директор ООО «Центр торговли» Шпагина Л.Б., с целью сокрытия совершенного у Банка хищения денежных средств в особо крупном размере и придания видимости законности совершенных мнимых сделок, заключили Соглашение об отступном от 03.08.2015, согласно которому обязательства ООО «Центр торговли» по Договору об условиях среднесрочного кредитования от 22.06.2015 № 099-810/15ю были прекращены, а качестве исполнителя обязательств по выплате кредитных денежных средств Банк принял право требования к подконтрольному участникам преступления ООО «ПрогмаТрейд», не осуществляющее какой-либо фактической хозяйственной деятельности.

Таким образом, в период с сентября 2014 года по июль 2015 года, в гор. Москве, совершенными участниками преступления умышленными действиями, у Банка путём присвоения и растраты похищены денежные средства в сумме 2 443 195 968,00 (два миллиарда четыреста сорок три миллиона сто девяносто пять тысяч девятьсот шестьдесят восемь) рублей, то есть в особо крупном размере.

12.08.2015 в связи с неисполнением Банком федеральных законом, регулирующих банковскую деятельность, а также нормативных актов Банка России, значением всех нормативов достаточности собственных средств (капитала) ниже 2 процентов, снижением размера собственных средств (капитала), установленного на дату государственной регистрации кредитной организации, приказом Банка России от 12.08.2015 № ОД-2071 у Банка с 12.08.2015 отозвана лицензия на осуществление банковских операций.

28.10.2015 решением Арбитражного суда города Москвы по делу № А40-154909/15 от 28.10.2015 Банк признан несостоятельным (банкротом), функции конкурсного управляющего возложены на государственную корпорацию «Агентство по страхованию вкладов», которая в соответствии со ст. 189.78 Федерального закона «О несостоятельности (банкротстве) от 26.10.2002 №127-ФЗ осуществляет полномочия органов управления Банка.

Поводами для возбуждения уголовного дела являются – заявление о преступлении, поступившее от первого заместителя генерального директора Государственной корпорации «Агентство по страхованию вкладов» от 14.01.2016 № 1-1/153 и заявление о преступлении, поступившее от Председателя Банка России от 01.10.2015 № 01-33-3/8573, зарегистрированное в КРСП Главного

следственного управления Следственного комитета Российской Федерации за № 201пр-184/15 от 02.11.2015, а также сообщение о совершённом преступлении, полученное из иных источников – рапорт об обнаружении признаков преступления ФСБ России от 18.01.2016, зарегистрированный в КРСП Главного следственного управления Следственного комитета Российской Федерации за № 201пр-7/16 от 22.01.2016.

Основанием для возбуждения уголовного дела является наличие в материалах проведённой процессуальной проверки достаточных данных, указывающих на признаки преступления, предусмотренного ч. 4 ст. 160 УК РФ, полученных при производстве проверки.

На основании изложенного, руководствуясь ст.ст. 38, 140, 145, 146 (147), 151 УПК РФ,

ПОСТАНОВИЛ:

1. Возбудить уголовное дело по признакам преступления, предусмотренного ч. 4 ст. 160 УК РФ:

– возбудить уголовное дело в отношении Казанцева Вячеслава Викторовича, 13.08.1966 года рождения, уроженца гор. Бийск Алтайского края; Ломова Александра Владимировича, 17.08.1967 года рождения, уроженца гор. Москвы; Алексеева Николая Викторовича, 09.05.1969 года рождения, уроженца пос. Купанское Переславского района Ярославской области по признакам преступления, предусмотренного ч. 4 ст. 160 УК РФ;

– возбудить уголовное дело в отношении Крыловой Марины Михайловны, 17.03.1973 года рождения, уроженки гор. Москвы; Калачёва Сергея Васильевича, 09.06.1960 года рождения, уроженца гор. Новосибирска Новосибирской области; Поликарпова Игоря Петровича, 18.05.1949 года рождения, уроженца пос. бухта Провидения, Магаданской области; Симакова Алексея Владимировича, 28.03.1988 года рождения, уроженца гор. Москвы; Данукина Андрея Вячеславовича, 09.02.1977 года рождения, уроженец гор. Магнитогорска Челябинской области; Шпагиной Людмилы Борисовны, 23.05.1957 года рождения, уроженки гор. Москвы; Кравченко Оксаны Викторовны, 28.01.1974 года рождения, уроженки гор. Балхаш, Жезказганской области КазССР по признакам преступления, предусмотренного ч. 5 ст. 33, ч. 4 ст. 160 УК РФ;

– возбудить уголовное дело в отношении иных неустановленных владельцев, руководителей и сотрудников ОАО АКБ «Пробизнесбанк» и финансовой группы «Лайф», а также иных неустановленных лиц по признакам преступлений, предусмотренных ч. 4 ст. 160 и ч.ч. 3, 5 ст. 33, ч. 4 ст. 160 УК РФ.

2. Уголовное дело принять к своему производству и приступить к расследованию.

3. Уголовному делу присвоить № 11602007703000015.

4. О принятом решении уведомить заинтересованных лиц – лиц, в отношении которых возбуждено уголовное дело, а также первого заместителя генерального директора Государственной корпорации «Агентство по страхованию вкладов» и Председателя Банка России.

5. Копию настоящего постановления направить заместителю Генерального прокурора Российской Федерации.

Старший следователь по особо важным делам
Главного следственного управления
Следственного комитета Российской Федерации
полковник юстиции [signature] С.А. Новиков

Копию постановления о возбуждении уголовного дела в отношении меня получила. Крылова М.Ю.
М. Кр [signature] 19.02.2016

Копию постановления о возбуждении уголовного дела в отношении меня получил. Алексеев И.В. [signature] 17.02.2016

Копию постановления о возбуждении уголовного дела получил адвокат Кисилицын И.А. [signature]

Копию постановления о возбуждении уголовного дела получила. [illegible] [signature] [illegible] 17.02.2016

Копию постановления о возбуждении уголовного дела в отношении меня (Казанцева Вячеслава Викторовича) и других получил.

Казанцев В.В.
17.02.2016 г.

Копию постановления о возбуждении уголовного дела в отношении меня (Калачева Сергея Васильевича) и других получил.

Калачев С.В.
17.02.2016г

Копию постановления получил
Адвокат А.А. [illegible]
17.02.2016 г.