# EXHIBIT 24

Decree Designating the Injured Party

Moscow                                                                                              March 10, 2016

Having considered all materials of the Criminal Case No. 11602007703000015, Senior Investigator for Particularly Important Cases of the Main Investigations Department of the Investigative Committee of the Russian Federation Colonel of Justice Novikov S.A.

HAVE ESTABLISHED THE FOLLOWING:

This Criminal Case had been initiated against former managers and employees of Commercial Joint-Stock Bank Probusinessbank OJSC, as well as other unidentified persons, on 17.02.2016, based on the elements of the crimes set forth in Part 5 Article 33, Part 4 Article 160, Part 4 Article 160 of the Criminal Code of the Russian Federation, in connection with embezzlement through appropriation and misappropriation of the Bank's funds on an especially large scale during 2014-2015 in Moscow.

The investigation has found that in 2014 (but not later than 15.09.2014) in Moscow unidentified persons (managers and employees of the Bank and Life Financial Group), who carried out managerial, administrative and economic functions, developed a plan to embezzle the Bank's funds on an especially large scale by appropriation and misappropriation of the funds for the benefit of third parties. It was found that they carried out the abovementioned activities by abusing their position, understanding and realizing that, in accordance with Central Bank of the Russian Federation Main Branch's in Central Federal District and Central Bank's multiple instructions to correct Bank's violations of banking legislation and Central Bank's banking regulation policy regarding immediate revocation of banking licenses from banks that have repeatedly committed violations, their Bank's banking license may be revoked, acting out of mercenary interests and with the purpose of personal enrichment.

Unidentified persons (managers and employees of the Bank and Life Financial Group), who carried out managerial, administrative and economic functions, by abusing their position, have involved their subordinate employees from the Bank and Life Financial Group, who were informed of their criminal intent to embezzle the Bank's funds, into this crime as perpetrators and accomplices. Namely: Bank's Vice-president for Business Development Kazantsev V.V., Bank's Head of Corporate Finance Department Alekseev A.V., Vice-president for Finances – Deputy Chairman of the Board of the Bank Lomov A.V., Head of Shareholders and Subsidiaries Cooperation Department Krylov M.M., Head of Non-performing Loans Department, CEO of Life Debt Collection Agency OJSC, Kalacheva S.V., and other unidentified persons (managers and employees of the Bank and Life Financial Group), who, on their part, have involved the following persons, who did not engage in any business and economic activity, into this crime as perpetrators and accomplices: CEO of IvSpetsGarant Investment and Construction Company OJSC Polikarpov I.P., CEO of Engineering Royalty OJSC Simakov A.V., CEO of Vostok-Cargo-Plus OJSC Danukin A.V., CEO of Centr Torgovly OJSC Shpagina L.B., CEO of KnewHowTrade OJSC Kravchenko O.V., and other managers and persons who control activities of the following companies: Probusiness-Development OJSC, Personnel+ OJSC, ELSO OJSC, Alliance OJSC, Iston OJSC, ProgmaTrade OJSC, PC-Technologies OJSC, Eskada Financial Center OJSC, Sangris OJSC, Cyprus-based Vermenda Holdings Limited, and other unidentified individuals and legal entities.

These crimes had been generally perpetrated by committing deliberate actions by the accomplices in order to grant knowingly non-performing, non-secured by pledge, especially large amounts of loans to the controlled fake companies that do not engage in any actual economic activity, as well as by transferring credit funds to settlement accounts opened by the said fake companies with the Bank or another bank from Life Financial Group. After that, they transferred these funds, disguised as payment in consideration of fake transactions, payment for purchase of illiquid securities, and as payment in consideration of other artificial transactions, to the accounts of the controlled legal entities opened with the Bank or another bank form Life Financial Group.

Then, the embezzled funds denominated in RUB had been fully converted in USD and transferred to the settlement account of the controlled legal entity, which is a non-resident entity – Vermenda Holdings Limited with its legal address at Griva Digeni, P.C. 3101, Limassol, Cyprus, opened with a non-resident credit institution – Trasta Komercbanka Riga. After that, the said funds had been transferred to various accounts belonging to unidentified foreign entities and individuals and used by the perpetrators at their own discretion.

Execution of documentation related to the loans granted in order to give a semblance of legality to the transactions in question was formally legal. However, these documents contained false information, and all actions of the perpetrators were carried out in order to realize their criminal intent and embezzle the Bank's funds on an especially large scale.

Therefore, the amount of 2,443,195,968.00 RUB, that is an especially large amount, had been embezzled from the Bank through appropriation and misappropriation by the perpetrators in Moscow from September 2014 – July 2015.

Based on the Bank's failure to comply with federal banking laws and Russian Central Bank's regulations due to lower than required capital adequacy by 2% and decrease in capital stated as of the date of the state registration and based on Order No. ОД-2071 of the Central Bank, the Bank's banking license had been revoked as of 12.08.2015.

Based on Moscow Commercial Court's Decision dated 28.10.2015 No. regarding case A40-154909/15, the Bank had been declared bankrupt. Deposit Insurance Agency State Corporation had been appointed as bankruptcy manager and, based on Article 189.78 of the Federal Law On Bankruptcy No. 128-ФЗ dated 26.10.2002, has been exercising powers of the Bank's managing bodies.

Reason for initiation of the criminal case was, inter alia, crime incident report No. 1-1/153 dated 14.01.2016 submitted by First Deputy CEO of Deposit Insurance Agency.

Deposit Insurance Agency through its representative submitted a motion to recognize the Bank as the injured party on 10.03.2016. This motion was submitted by the leading legal counsel of Civil and Criminal Procedure Division of Expert and Analytical Department of Deposit Insurance Agency Savin Vasiliy Anatolievich and was considered and allowed.

The investigator received power of attorney No. 1522 dated 10.12.2015 issued by Deposit Insurance Agency that authorizes Savin. V.A. to represent Deposit Insurance Agency in the criminal case. The power of attorney is valid for 3 years.

Based on the above, taking into account that the Bank represented by the bankruptcy manager - Deposit Insurance Agency – sustained harm as a result of the crime, guided by Article 42 and Article 45 of the Code of Civil Procedure of the Russian Federation, the investigator

HAS HELD

to recognize Commercial Joint-Stock Bank Probusinessbank OJSC represented by Deposit Insurance Agency through the leading legal counsel of Civil and Criminal Procedure Division of Expert and Analytical Department of Deposit Insurance Agency Savin Vasiliy Anatolievich as the injured party in criminal case 11602007703000015 against signature.

Senior Investigator for Particularly Important Cases of the Main Investigations Department

Colonel of Justice

                                                          Novikov S.A.

/signature/

In handwriting: Rights and obligations set forth in Article 42 were explained and understood

10.03.2016

/signature/

Savin V.A.

ПРИЛОЖЕНИЕ 24

ПОСТАНОВЛЕНИЕ
о признании потерпевшим

город Москва                                                                                                10 марта 2016 года

Старший следователь по особо важным делам Главного следственного управления Следственного комитета Российской Федерации полковник юстиции Новиков С.А., рассмотрев материалы уголовного дела № 11602007703000015,

УСТАНОВИЛ:

Настоящее уголовное дело возбуждено 17.02.2016 в отношении бывших руководителей и сотрудников ОАО АКБ «Пробизнесбанк» (далее по тексту Банк) и иных неустановленных лиц, по признакам преступлений, предусмотренных ч. 5 ст. 33, ч. 4 ст. 160, ч. 4 ст. 160 УК РФ по обстоятельствам хищения, путём присвоения и растраты, в период 2014-2015 годов, в гор. Москве денежных средств Банка, в особо крупном размере.

Следствием установлено, что в сентябре 2014 года, но не позднее 15.09.2014, в гор. Москве, неустановленные лица из числа руководителей и сотрудников Банка и Финансовой группы «Лайф», обладающих функциями организационно-распорядительного и административно-хозяйственного характера, используя своё служебное положение, понимая и осознавая, что в связи с неоднократными предписаниями ГУ Банка России по ЦФО и Банка России об устранении нарушений Банком законодательства в банковской сфере и проводимой Банком России политики в сфере правового регулирования банковской деятельности, относительно незамедлительного отзыва лицензий на осуществление банковских операций у банков неоднократно нарушающих законодательство, у руководимого ими Банка может быть отозвана лицензия на осуществление банковских операций, действуя из корыстных побуждений, с целью личного обогащения разработали план действий, направленный на хищение денежных средств Банка в особо крупном размере, путем присвоения и растраты в пользу третьих лиц.

При этом, неустановленные лица из числа руководителей и сотрудников Банка, обладающие функциями организационно-распорядительного и административно-хозяйственного характера, используя своё служебное положение, привлекли в качестве исполнителей и пособников преступления, подчинённых им сотрудников Банка и Финансовой группы «Лайф» осведомленных об их преступном умысле, направленном на хищение денежных средств Банка: вице-президента по развитию бизнеса Банка Казанцева В.В., начальника департамента корпоративных финансов Банка Алексеева Н.В. вице-президента по финансам – заместителя председателя Правления банка Ломова А.В., начальника управления по обеспечению взаимодействия с акционерами и дочерними организациями Крылову М.М., начальника управления по работе с проблемной задолженностью, генерального директора ООО «Коллекторское агентство «Лайф» Калачева С.В., а также иных

«Агентство по страхованию вкладов»
Вх. № 10908 от 16 МАР 2016

неустановленных лиц из числа сотрудников Банка, которые в свою очередь привлекли в качестве пособников преступления подконтрольных им руководителей лжепредприятий, не осуществляющих какой-либо коммерческой и иной хозяйственной деятельности: генерального директора ООО «ИСК «ИвСпецГарант» Поликарпова И.П., генерального директора ООО «Инжиниринг-Роялти» Симакова А.В., Генерального директора ООО «Восток-Карго-Плюс» Данукина А.В., генерального директора ООО «Центр Торговли» Шпагину Л.Б., генерального директора ООО «НьюХауТрейд» Кравченко О.В., а также лиц из числа руководителей и лиц, контролирующих деятельность ООО «Пробизнес-Девелопмент», ООО «Персонал+», ООО «ЭЛСО, ООО «Альянс», ООО «Истон», ООО «ПрогмаТрейд», ООО «ПК-Технолоджис», ООО «Финансовый центр «Эскада», ООО «Санрис», кипрской компании Vermenda Holdings Limited (Верменда Холдингс Лимитед) и иных неустановленных юридических и физических лиц.

Общий принцип совершения преступления предусматривал совершение соучастниками преступления умышленных действий, направленных на выдачу подконтрольным лжепредприятиям, не ведущих никакой фактической хозяйственной деятельности заведомо невозвратных, не обеспеченных залоговым имуществом кредитов, в особо крупных размерах, перечисление кредитных денежных средств на расчётные счета указанных лжепредприятий, открытых в Банке либо ином банке, входящем в Финансовую группу «Лайф», после чего под видом оплаты фиктивных сделок, приобретения неликвидных ценных бумаг и иных мнимых сделок, проводилось перечисление денежных средств на счета подконтрольных юридических лиц, открытые в Банке либо ином банке, входящем в Финансовую группу «Лайф».

Затем, похищенные денежные средства в рублях Российской Федерации конвертировались в полном объёме в доллары США и перечислялись на расчётный счёт подконтрольного юридического лица – нерезидента компании Vermenda Holdings Limited (Верменда Холдингс Лимитед), зарегистрированной по адресу: Griva Digeni, P.C. 3101, Limassol, Cyprus, открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), после чего перечислялись на различные счета неустановленных зарубежных организаций и физических лиц, и использовались участниками преступления, либо третьими лицами, связанными с участниками преступления, по своему усмотрению.

Документальное оформление выдачи кредитов, с целью придания видимости законности производимых сделок, формально носило законный характер, однако фактически указанные документы содержали недостоверные сведения и все действия участников преступления были направлены на достижение преступного умысла на хищение денежных средств Банка в особо крупном размере.

Таким образом, в период с сентября 2014 года по июль 2015 года, в гор. Москве, совершенными участниками преступления умышленными действиями, у Банка путём присвоения и растраты похищены денежные средства в сумме 2 443 195 968,00 (два миллиарда четыреста сорок три миллиона сто девяносто пять тысяч девятьсот шестьдесят восемь) рублей, то есть в особо крупном размере.

12.08.2015 в связи с неисполнением Банком федеральных законом, регулирующих банковскую деятельность, а также нормативных актов Банка России, значением всех нормативов достаточности собственных средств (капитала) ниже 2 процентов, снижением размера собственных средств (капитала), установленного на дату государственной регистрации кредитной организации, приказом Банка России от 12.08.2015 № ОД-2071 у Банка с 12.08.2015 отозвана лицензия на осуществление банковских операций.

28.10.2015 решением Арбитражного суда города Москвы по делу № А40-154909/15 от 28.10.2015 Банк признан несостоятельным (банкротом), функции конкурсного управляющего возложены на Государственную корпорацию «Агентство по страхованию вкладов», которая в соответствии со ст. 189.78 Федерального закона «О несостоятельности (банкротстве) от 26.10.2002 №127-ФЗ осуществляет полномочия органов управления Банка.

Поводом для возбуждения уголовного дела явилось, в том числе, заявление о преступлении, поступившее от первого заместителя генерального директора Государственной корпорации «Агентство по страхованию вкладов» от 14.01.2016 № 1-1/153.

10.03.2016 Государственной корпорацией «Агентство по страхованию вкладов» подано ходатайство о признании Банка в лице представителя Государственной корпорации «Агентство по страхованию вкладов» потерпевшим по уголовному делу – ведущего юрисконсульта отдела сопровождения гражданского и уголовного судопроизводства экспертно-аналитического департамента Государственной корпорации «Агентство по страхованию вкладов» Савина Василия Анатольевича, которое в этот же день рассмотрено и удовлетворено.

10.03.2016 следствию представлена доверенность № 1522 от 10.12.2015, выданная Государственной корпорацией «Агентство по страхованию вкладов», согласно которой Савин В.А. уполномочен представлять Государственную корпорацию «Агентство по страхованию вкладов» в уголовном деле. Срок действия доверенности 3 года.

На основании изложенного и учитывая, что Банку в лице конкурсного управляющего – Государственной корпорации «Агентство по страхованию вкладов» – совершённым преступлением причинён вред его имуществу, руководствуясь ст. 42 и ст. 45 УПК РФ,

ПОСТАНОВИЛ:

Признать ОАО АКБ «Пробизнесбанк» в лице представителя Государственной корпорации «Агентство по страхованию вкладов» – ведущего юрисконсульта отдела сопровождения гражданского и уголовного судопроизводства экспертно-аналитического департамента Государственной корпорации «Агентство по страхованию вкладов» Савина Василия Анатольевича, потерпевшим по уголовному делу № 11602007703000015, о чём объявить ему под расписку.

Старший следователь по особо важным делам
Главного следственного управления
полковник юстиции                                                                  С.А. Новиков

*[Handwritten note:]* Копию постановления получил. Права, предусмотренные ст. 42 УПК РФ разъяснены и понятны.
10 марта 2016 г.                                            Савин В.А.