# EXHIBIT 25

Decree Designating the Civil Plaintiff

Moscow                                                                    March 10, 2016

Having considered all materials of criminal case No. 11602007703000015 and statement of claim submitted by the representative of the injured party Savin V.A. in order to recover property damages, Senior Investigator for Particularly Important Cases of the Main Investigations Department of the Investigative Committee of the Russian Federation Colonel of Justice Novikov S.A.

HAVE ESTABLISHED THE FOLLOWING:

This Criminal Case had been initiated against former managers and employees of Commercial Joint-Stock Bank Probusinessbank OJSC (hereinafter, the Bank), as well as other unidentified persons, on 17.02.2016, based on the elements of the crimes set forth in Part 5 Article 33, Part 4 Article 160, Part 4 Article 160 of the Criminal Code of the Russian Federation, in connection with embezzlement through appropriation and misappropriation of the Bank's funds on an especially large scale during 2014-2015 in Moscow.

The investigation has found that in 2014 (but not later than 15.09.2014) in Moscow unidentified persons (managers and employees of the Bank and Life Financial Group), who carried out managerial, administrative and economic functions, developed a plan to embezzle the Bank's funds on an especially large scale by appropriation and misappropriation of the funds for the benefit of third parties. It was found that they carried out the abovementioned activities by abusing their position, understanding and realizing that, in accordance with Central Bank of the Russian Federation Main Branch's in Central Federal District and Central Bank's multiple instructions to correct Bank's violations of banking legislation and Central Bank's banking regulation policy regarding immediate revocation of banking licenses from banks that have repeatedly committed violations, their Bank's banking license may be revoked, acting out of mercenary interests and with the purpose of personal enrichment.

Unidentified persons (managers and employees of the Bank and Life Financial Group), who carried out managerial, administrative and economic functions, by abusing their position, have involved their subordinate employees from the Bank and Life Financial Group, who were informed of their criminal intent to embezzle the Bank's funds, into this crime as perpetrators and accomplices. Namely: Bank's Vice-president for Business Development Kazantsev V.V., Bank's Head of Corporate Finance Department Alekseev A.V., Vice-president for Finances – Deputy Chairman of the Board of the Bank Lomov A.V., Head of Shareholders and Subsidiaries Cooperation Department Krylov M.M., Head of Non-performing Loans Department, CEO of Life Debt Collection Agency OJSC, Kalacheva S.V., and other unidentified persons (managers and employees of the Bank and Life Financial Group), who, on their part, have involved the following persons, who did not engage in any business and economic activity, into this crime as perpetrators and accomplices: CEO of IvSpetsGarant Investment and Construction Company OJSC Polikarpov I.P., CEO of Engineering Royalty OJSC Simakov A.V., CEO of Vostok-Cargo–Plus OJSC Danukin A.V., CEO of Centr Torgovly OJSC Shpagina L.B., CEO of KnewHowTrade OJSC Kravchenko O.V., and other managers and persons who control activities of the following companies: Probusiness-Development OJSC, Personnel+ OJSC, ELSO OJSC, Alliance OJSC, Iston OJSC, ProgmaTrade OJSC, PC-Technologies OJSC, Eskada Financial Center OJSC, Sangris OJSC, Cyprus-based Vermenda Holdings Limited, and other unidentified individuals and legal entities.

These crimes had been generally perpetrated by committing deliberate actions by the accomplices in order to grant knowingly non-performing, non-secured by pledge, especially large amounts of loans to the controlled fake companies that do not engage in any actual economic activity, as well as by transferring credit funds to settlement accounts opened by the said fake companies with the Bank or another bank from Life Financial Group. After that, they transferred these funds, disguised as payment in consideration of fake transactions, payment for purchase of illiquid securities, and as payment in consideration of other artificial transactions, to the accounts of the controlled legal entities opened with the Bank or another bank form Life Financial Group.

Then, the embezzled funds denominated in RUB had been fully converted in USD and transferred to the settlement account of the controlled legal entity, which is a non-resident entity – Vermenda Holdings Limited with its legal address at Griva Digeni, P.C. 3101, Limassol, Cyprus, opened with a non-resident credit institution – Trasta Komercbanka Riga. After that, the said funds had been transferred to various accounts belonging to unidentified foreign entities and individuals and used by the perpetrators at their own discretion.

Execution of documentation related to the loans granted in order to give a semblance of legality to the transactions in question was formally legal. However, these documents contained false information, and all actions of the perpetrators were carried out in order to realize their criminal intent and embezzle the Bank's funds on an especially large scale.

Therefore, the amount of 2,443,195,968.00 RUB, that is an especially large amount, had been embezzled from the Bank through appropriation and misappropriation by the perpetrators in Moscow from September 2014 – July 2015.

Based on the Bank's failure to comply with federal banking laws and Russian Central Bank's regulations due to lower than required capital adequacy by 2% and decrease in capital stated as of the date of the state registration and based on Order No. ОД-2071 of the Central Bank, the Bank's banking license had been revoked as of 12.08.2015.

Based on Moscow Commercial Court's Decision dated 28.10.2015 No. regarding case A40-154909/15, the Bank had been declared bankrupt. Deposit Insurance Agency State Corporation had been appointed as bankruptcy manager and, based on Article 189.78 of the Federal Law On Bankruptcy No. 128-ФЗ dated 26.10.2002, has been exercising powers of the Bank's managing bodies.

The Bank represented by Deposit Insurance Agency through Savin A.V. had been recognized as the injured party in the criminal case on 10.03.2016.

The investigator received power of attorney No. 1522 dated 10.12.2015 issued by Deposit Insurance Agency that authorizes Savin. V.A. to represent Deposit Insurance Agency in the criminal case having all rights set forth in Article 42 and Article 45 of the Criminal Code and power of attorney No. 1526 dated 10.12.2015 issued by Deposit Insurance Agency that authorizes Savin. V.A. to bring claims. These powers of attorney are valid for 3 years.

Savin V.A. acting as the representative of the injured party brought the claim on 10.03.2016 in order to recover damages in the amount of 2,443,195,968.00 RUB, which were embezzled from the Bank as a result of the crime. These claims are considered to be valid and reasonable.

As specified in Part 1 Article 44 of the Code of Civil Procedure, a civil plaintiff is considered to be a legal entity that bring claims to recover property damages if there are reasonable grounds to believe that such damages has been caused as a result of a crime.

Based on the above and guided by Article 44 of the Code of Civil Procedure, the investigator

HAS HELD

to recognize Commercial Joint-Stock Bank Probusinessbank OJSC represented by Deposit Insurance Agency through the leading legal counsel of Civil and Criminal Procedure Division of Expert and Analytical Department of Deposit Insurance Agency Savin Vasiliy Anatolievich, recognized as the injured party in criminal case No. 11602007703000015, as the civil plaintiff in this case and to inform him thereof.

Senior Investigator for Particularly Important Cases of the Main Investigations Department

Colonel of Justice

Novikov S.A.

/signature/

Decree was presented to me on 10.03.2016

Rights and obligations set forth in Article 42 were explained and understood

Civil plaintiff

/signature/

Savin V.A.

Decree was presented and rights and obligations explained by

Senior Investigator for Particularly Important Cases of the Main Investigations Department

Colonel of Justice

Novikov S.A.

/signature/

# ПРИЛОЖЕНИЕ 25

ПОСТАНОВЛЕНИЕ
о признании гражданским истцом

город Москва

10 марта 2016 года

Старший следователь по особо важным делам Главного следственного управления Следственного комитета Российской Федерации полковник юстиции Новиков С.А., рассмотрев материалы уголовного дела № 11602007703000015 и исковое заявление представителя потерпевшего Савина В.А. от 10.03.2016 о возмещении имущественного вреда,

УСТАНОВИЛ:

Настоящее уголовное дело возбуждено 17.02.2016 в отношении бывших руководителей и сотрудников ОАО АКБ «Пробизнесбанк» (далее по тексту Банк) и иных неустановленных лиц, по признакам преступлений, предусмотренных ч. 5 ст. 33, ч. 4 ст. 160, ч. 4 ст. 160 УК РФ по обстоятельствам хищения, путём присвоения и растраты, в период 2014-2015 годов, в гор. Москве денежных средств Банка, в особо крупном размере.

Следствием установлено, что в сентябре 2014 года, но не позднее 15.09.2014, в гор. Москве, неустановленные лица из числа руководителей и сотрудников Банка и Финансовой группы «Лайф», обладающих функциями организационно-распорядительного и административно-хозяйственного характера, используя своё служебное положение, понимая и осознавая, что в связи с неоднократными предписаниями ГУ Банка России по ЦФО и Банка России об устранении нарушений Банком законодательства в банковской сфере и проводимой Банком России политики в сфере правового регулирования банковской деятельности, относительно незамедлительного отзыва лицензий на осуществление банковских операций у банков неоднократно нарушающих законодательство, у руководимого ими Банка может быть отозвана лицензия на осуществление банковских операций, действуя из корыстных побуждений, с целью личного обогащения разработали план действий, направленный на хищение денежных средств Банка в особо крупном размере, путём присвоения и растраты в пользу третьих лиц.

При этом, неустановленные лица из числа руководителей и сотрудников Банка, обладающие функциями организационно-распорядительного и административно-хозяйственного характера, используя своё служебное положение, привлекли в качестве исполнителей и пособников преступления, подчинённых им сотрудников Банка и Финансовой группы «Лайф» осведомленных об их преступном умысле, направленном на хищение денежных средств Банка: вице-президента по развитию бизнеса Банка Казанцева В.В., начальника департамента корпоративных финансов Банка Алексеева Н.В. вице-президента по финансам – заместителя председателя Правления банка Ломова А.В., начальника управления по обеспечению взаимодействия с акционерами и дочерними организациями Крылову М.М., начальника управления по работе с проблемной задолженностью, генерального директора

«Агентство по страхованию вкладов»
Вх. № _10914_ от 16 МАР 2016

2

ООО «Коллекторское агентство «Лайф» Калачева С.В., а также иных неустановленных лиц из числа сотрудников Банка, которые в свою очередь привлекли в качестве пособников преступления подконтрольных им руководителей лжепредприятий, не осуществляющих какой-либо коммерческой и иной хозяйственной деятельности и иных неустановленных юридических и физических лиц.

Общий принцип совершения преступления предусматривал совершение соучастниками преступления умышленных действий, направленных на выдачу подконтрольным лжепредприятиям, не ведущим никакой фактической хозяйственной деятельности заведомо невозвратных, не обеспеченных залоговым имуществом кредитов, в особо крупных размерах, перечисление кредитных денежных средств на расчётные счета указанных лжепредприятий, открытых в Банке либо ином банке, входящем в Финансовую группу «Лайф», после чего под видом оплаты фиктивных сделок, приобретения неликвидных ценных бумаг и иных мнимых сделок, проводилось перечисление денежных средств на счета подконтрольных юридических лиц, открытые в Банке либо ином банке, входящем в Финансовую группу «Лайф».

Затем, похищенные денежные средства в рублях Российской Федерации конвертировались в полном объёме в доллары США и перечислялись на расчётный счёт подконтрольного юридического лица – нерезидента компании Vermenda Holdings Limited (Верменда Холдингс Лимитед), зарегистрированной по адресу: Griva Digeni, P.C. 3101, Limassol, Cyprus, открытый в кредитной организации – нерезиденте Trasta Komercbanka Riga (Траста Комерцбанка Рига) (Латвийская Республика), после чего перечислялись на различные счета неустановленных зарубежных организаций и физических лиц, и использовались участниками преступления, либо третьими лицами, связанными с участниками преступления, по своему усмотрению.

Документальное оформление выдачи кредитов, с целью придания видимости законности производимых сделок, формально носило законный характер, однако фактически указанные документы содержали недостоверные сведения и все действия участников преступления были направлены на достижение преступного умысла на хищение денежных средств Банка в особо крупном размере.

Таким образом, в период с сентября 2014 года по июль 2015 года, в гор. Москве, совершенными участниками преступления умышленными действиями, у Банка путём присвоения и растраты похищены денежные средства в сумме 2 443 195 968,00 (два миллиарда четыреста сорок три миллиона сто девяносто пять тысяч девятьсот шестьдесят восемь) рублей, то есть в особо крупном размере.

12.08.2015 в связи с неисполнением Банком федеральных законом, регулирующих банковскую деятельность, а также нормативных актов Банка России, значением всех нормативов достаточности собственных средств (капитала) ниже 2 процентов, снижением размера собственных средств (капитала), установленного на дату государственной регистрации кредитной

3

организации, приказом Банка России от 12.08.2015 № ОД-2071 у Банка с 12.08.2015 отозвана лицензия на осуществление банковских операций.

28.10.2015 решением Арбитражного суда города Москвы по делу № А40-154909/15 от 28.10.2015 Банк признан несостоятельным (банкротом), функции конкурсного управляющего возложены на Государственную корпорацию «Агентство по страхованию вкладов», которая в соответствии со ст. 189.78 Федерального закона «О несостоятельности (банкротве) от 26.10.2002 №127-ФЗ осуществляет полномочия органов управления Банка.

10.03.2016 Банк в лице представителя Государственной корпорацией «Агентство по страхованию вкладов» Савина В.А. признан потерпевшим по уголовному делу.

10.03.2016 следствию представлена доверенность № 1522 от 10.12.2015, выданная Государственной корпорацией «Агентство по страхованию вкладов», согласно которой Савин В.А. уполномочен представлять Государственную корпорацию «Агентство по страхованию вкладов» в уголовном деле, с правами предусмотренными ст.ст. 42, 45 УПК РФ, а также доверенность № 1526 от 10.12.2015, выданная Государственной корпорацией «Агентство по страхованию вкладов», согласно которой Савин В.А. уполномочен заявлять исковые требования. Сроки действия доверенностей 3 года.

10.03.2016 представитель потерпевшего Савин В.И. подал исковое заявление о возмещении Банку имущественного вреда в размере 2 443 195 968,00 рублей, которые были похищены у Банка в результате совершения преступления, данные исковые требования являются обоснованными и разумными.

В соответствии с ч. 1 ст. 44 УПК РФ гражданским истцом является юридическое лицо, предъявившее требование о возмещении имущественного вреда, при наличии оснований полагать, что данный вред причинён ему непосредственно преступлением.

На основании изложенного, руководствуясь ст. 44 УПК РФ,

ПОСТАНОВИЛ:

Признать ОАО АКБ «Пробизнесбанк» в лице представителя Государственной корпорации «Агентство по страхованию вкладов» – ведущего юрисконсульта отдела сопровождения гражданского и уголовного судопроизводства экспертно-аналитического департамента Государственной корпорации «Агентство по страхованию вкладов» Савина Василия Анатольевича, признанного представителем потерпевшего по уголовному делу № 11602007703000015 гражданским истцом по настоящему уголовному делу, о чём ему объявить.

Старший следователь по особо важным делам
Главного следственного управления

полковник юстиции                                                                    С.А. Новиков

4

Настоящее постановление мне объявлено «10» марта 20 16 г.
Мне разъяснены права и обязанности, предусмотренные ст. 44 УПК РФ.

Гражданский истец                                          В.А. Савин

        Постановление объявил. Права и обязанности, предусмотренные ст. 44 УПК РФ разъяснил.

Старший следователь по особо важным делам
Главного следственного управления

полковник юстиции                                          С.А. Новиков