# EXHIBIT 3



17 August 2017

# New Rules Broaden Liability in Bankruptcy Cases

Share

Russia's bankruptcy law (the Law) has been amended to expand the list of persons who may be held vicariously liable for a bankrupt's debts and clarify the grounds for such liability.[1]

**Definition of controlling person clarified**

Under the new rules, in addition to the CEO, other top managers, including the CFO, COO and accountants, as well as liquidators and other persons who controlled or had significant influence over the bankrupt's actions by kin or position, or could force the bankrupt to enter into unprofitable transactions, may be made vicariously liable for a bankrupt company's debts.

Persons who profited from the illegal actions of the management may also be brought to liability through court action.

The Law clarifies that shareholders owning less than 10% in the bankrupt company shall not be deemed controlling unless it is proven that they played a role in the company's bankruptcy.


**Contact**



Edward Bekeschenko

Partner

Moscow

+ 7 495 787 2717 Email



Pavel V. Novikov

### Controlling persons' fault

The Law explicitly provides that the fault of a controlling person is evidenced by the following:

- provision of inaccurate information to state registers (the companies register, the register of facts about legal entities' activities)
- misrepresentation or absence of accounting reports and corporate documents if such actions hinder bankruptcy proceedings (if such circumstances are proved, in addition to the company's CEO and chief accountant, external accountants and organizations retained for keeping records may be held liable)
- actions that significantly deteriorated the financial standing of a debtor who was already insolvent

Additionally, the Law states that controlling persons should be held liable if it is proven that their actions (or inaction) make it impossible to satisfy creditors' claims, more than half of which consist of claims arising out of administrative, criminal or tax offences.

The insolvency manager and/or creditors may demand that controlling persons be made vicariously liable for causing significant damage to the creditors as a result of transactions made by the debtor for the benefit of or with controlling persons or with the approval of controlling persons. Whether such transactions were previously challenged or declared void by the court is irrelevant. The court may review such transactions and conclude that they caused damage to the bankrupt within the vicarious liability proceedings.

### Exemptions from liability


Associate
Moscow

☎ + 7 495 787 5563 Email

### Regions

- Europe, Middle East and Africa

### Countries

- Russia

### Offices

- Moscow
- St. Petersburg

### Professionals

- Edward Bekeschenko
- Maxim Kalinin
- Pavel V. Novikov

Officers and shareholders will not be held liable (or their liability will be decreased) if it is proven that the bankrupt was de facto controlled by another person. The burden of proof in this case rests with the director (or shareholder).

Controlling persons do not bear liability in the absence of their fault. To avoid liability, the controlling person shall prove that its actions were in the ordinary course of business and did not violate the interests of the bankrupt or third parties. The court may also exempt controlling persons from liability if it is proven that such actions were committed to prevent larger losses to the bankrupt's creditors.

**Liability for failure to file for bankruptcy**

The Law extends liability for failing to file for bankruptcy to shareholders, in addition to the CEO. Shareholders are obliged to convene a general meeting to decide on filing a bankruptcy petition if the CEO failed to do so when the company showed signs of insolvency. All persons at fault are held jointly liable.

Under the Law, the controlling person has the burden of proving the absence of the causal link between failure to file the bankruptcy petition in due time and the bankrupt's failure to satisfy creditors’ claims. If such evidence is submitted to court, the controlling persons shall not be held liable.

**Liability for bankruptcy fraud**

Controlling persons may be liable for damages if the company files for bankruptcy in circumstances when it was in a position to fully satisfy creditors' claims.

The court may also recover damages from controlling persons if they failed to challenge groundless creditors' claims either at the initiation of bankruptcy proceedings or in the course of bankruptcy.

**Practical conclusions**

The Law expands the list of persons who may be subject to secondary liability and grounds/circumstances for recognizing fault for a company's bankruptcy, sending a warning signal to management and business owners as well as controlling persons, including financial and executive directors, accountants, auditors and even organizations responsible for maintaining the company's records.

[1]The amendments were introduced by Federal Law No. 266-FZ dated 29 July 2017 "On Amendments to the Federal Law "On Insolvency (Bankruptcy)" and the Code of Administrative Offences of the Russian Federation", effective as of 4 August 2017.

## Explore More Insight

VIEW ALL

© 2018 Baker McKenzie