UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
:
In re Application of DEPOSIT INSURANCE :
AGENCY for an order to conduct discovery :
for use in a foreign proceeding, :
:
                           Petitioner. : Case No. 1:17-mc-00414-GBD
:
:
:
:
:
----------------------------------------------------------x

**SUPPLEMENTAL DECLARATION OF MARSHALL R. KING IN SUPPORT OF RESPONDENT'S MOTION TO QUASH SUBPOENA ISSUED PURSUANT TO 28 U.S.C. § 1782**

    I, Marshall R. King, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

    1.    I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and am admitted to practice law in the State of New York and the Southern District of New York. My firm represents Sergey Leontiev ("Mr. Leontiev" or "Respondent"). I make this declaration in support of Mr. Leontiev's motion to quash the subpoena served on him by Petitioner, the Deposit Insurance Agency ("DIA"), pursuant to 28 U.S.C. § 1782.

    2.    Attached hereto as Exhibit 1 is a true and correct copy of Amendment No. 5 to Agreement No. VA-1-18740/1 on the Rendering of Legal Assistance between the DIA, acting as the bankruptcy receiver for Probusinessbank ("PRBB" or the "Bank"), and Quorum Moscow Bar Association ("Quorum"), signed by Andrei Pavlov, and a certified translation thereof. Under the terms of this agreement, Quorum is entitled to a monthly fee of 8,500,000 rubles and "an additional fee in the amount of 15 (fifteen) percent of the funds actually credited to the Bank's bankruptcy assets based on the results" of Quorum's work. Ex. 1 at 24.

1

3.      Attached hereto as Exhibit 2 is a true and correct copy of a news update from Quorum's website, titled "Quorum Wins a Landmark Case," dated May 4, 2017, available at http://quorumlegal.ru/en/2017/05/04/andrey-pavlov-addressed-the-eighth-perm-congress-of-academic-lawyers/, which contains the following language:  "Quorum lawyers Adeliya Abdullina, Anastasia Zhidchenko, and Andrey Pavlov represented [Probusinessbank] filing a complaint with the Supreme Court."

4.      Attached hereto as Exhibit 3 is a true and correct copy of Pavlov's attorney biography page from Quorum's website, accessed March 12, 2018, available at http://quorumlegal.ru/en/team/pavlov-andrey/, which displays Pavlov's title as Head of the Bar Association, lists him as Quorum's senior partner, and states that Pavlov "became one of Quorum founders in 2009."

5.      Attached hereto as Exhibit 4 are true and correct copies of the minutes from the February 16, 2018 meeting of the PRBB Creditors' Committee and an Explanatory Memorandum addendum to the same minutes, and certified translations thereof.

6.      Attached hereto as Exhibit 5 are true and correct copies of the statements of estimated expenses incurred in conducting PRBB's bankruptcy proceedings for the second, third, and fourth quarters of 2017 and the first quarter of 2018, and certified translations thereof.  These four quarterly statements, each approved and signed by the individual serving on the DIA's behalf in its role as PRBB's bankruptcy receiver, show that the DIA has made regular payments to Pavlov, which are separate from the DIA's compensation of Quorum.  Over the past year, the DIA paid Pavlov personally:  1,500,000 rubles on a monthly basis between April and December 2017; 3,500,000 rubles in January 2018; 2,000,000 rubles in February 2018; and 1,000,000 rubles in March 2018.

7. Attached hereto as Exhibit 6 are true and correct copies of the Finding of Violation, issued by the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") and sent to B Whale Corporation on January 18, 2017, available at https://www.treasury.gov/resource-center/sanctions/CivPen/Documents/20170203_bwc_fov.pdf, and the Enforcement Information for February 3, 2017, published by OFAC and available at https://www.treasury.gov/resource-center/sanctions/CivPen/Documents/20170203_bwc.pdf.

8. Attached hereto as Exhibit 7 is a true and correct copy of Nikolay Alekseev's Pre-trial Cooperation Agreement, executed by Deputy Prosecutor General Victor Grin, dated December 8, 2016, and a certified translation thereof.

9. Attached hereto as Exhibit 8 is a true and correct copy of an article by Valeriya Frantseva entitled "DIA: Deposit Insurer Not Insured Against General Prosecutor's Office," dated January 19, 2016, available at https://www.kommersant.ru/doc/2895656, and a certified translation thereof.

10. Attached hereto as Exhibit 9 is a true and correct copy of a text adopted by the European Parliament entitled "European Parliament recommendation to the Council on establishing common visa restrictions for Russian officials involved in the Sergei Magnitsky case," dated April 2, 2014, available at http://www.europarl.europa.eu/sides/getDoc.do?pubRef=-//EP//TEXT+TA+P7-TA-2014-0258+0+DOC+XML+V0//EN.

11. The DIA's Subpoena contains 19 requests that relate to 92 named entities: 47 of these entities—4 entities affiliated or purportedly affiliated with Mr. Leontiev, 17 of 22 "Leontiev Companies," and 26 of 48 "Sham Companies"—are not described at all by the DIA. Indeed, the DIA does not allege a single specific action undertaken by, and the DIA's exhibits contain no mention of, the following 47 entities:

| | |
|---|---|
| 4 entities affiliated or purportedly affiliated with Mr. Leontiev | (1) Legion Trust<br>(2) Southpac Trust International, Inc.,<br>(3) Holdco Ltd.<br>(4) Wonderworks Investments Limited |
| 17 of 22 "Leontiev Companies" | (1) Higold Investments Limited (like Wonderworks Investments Limited, a company previously owned indirectly by Mr. Leontiev)<br>(2) Vennop Trading Limited<br>(3) Atlas – Investment Solutions<br>(4) Valkera Investments Ltd.<br>(5) Probusiness Management Limited<br>(6) Lunare Trading Limited<br>(7) Finbay Group Ltd.<br>(8) Morselo Investment Limited<br>(9) Fairbourne Logistics LP<br>(10) Larienta Management Limited<br>(11) Greenex Trading Ltd.<br>(12) Greenbox Trading Limited<br>(13) Trustway Investments Ltd.<br>(14) Digitime Alliance Ltd.<br>(15) Kollado Inc.<br>(16) Solariom Limited<br>(17) Vesvora Trading Limited |
| 26 of 48 "Sham Companies" | (1) Zolotoy express lombard region LLC<br>(2) Creditkin.ru LLC<br>(3) Rustorg-finance LLC<br>(4) Flaver LLC<br>(5) J R management LLC<br>(6) Avtoreal LLC<br>(7) Vanilla LLC<br>(8) Evromag LLC |

|  | (9) Tsentr innovatsionnykh resheniy LLC |
|---|---|
|  | (10) Zernoprom LLC |
|  | (11) Golden Funds LLC |
|  | (12) GeotorgOil LLC |
|  | (13) Iskra LLC |
|  | (14) Zolotoy Express lombard south LLC |
|  | (15) North-Neft LLC |
|  | (16) Khrisaor LLC |
|  | (17) SN Trading LLC |
|  | (18) Multibrand LLC |
|  | (19) Teknologiyi and Oborudovanie LLC |
|  | (20) BaltAvtoTrade C LLC |
|  | (21) Metall invest LLC |
|  | (22) Signal LLC |
|  | (23) Life Sreda LLC |
|  | (24) PB-Invest LLC |
|  | (25) Escada LLC |
|  | (26) Finpremium LLC |

12. For an additional 8 companies, the DIA has attempted to describe their relevance in the Diachenko Declaration—albeit in a brief and conclusory fashion (*see* Diachenko Decl. ¶¶ 38-39)—but the exhibits submitted by the DIA still contain no mention of them. These 8 companies are:

(1) Vest LLC
(2) AstraPlus LLC
(3) Dengi LLC
(4) Zolotaya Rybka LLC
(5) Holmeks LLC
(6) Alcologistika LLC
(7) Dekant Rus LLC
(8) Vient+ LLC

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 13, 2018                                */s/ Marshall R. King*
        New York, New York                           Marshall R. King