# EXHIBIT 6



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

## FINDING OF VIOLATION

**ENF** ▮▮▮

▮▮▮▮▮▮▮▮

Owner
B Whale Corporation                                    JAN 18 2017

▮▮▮▮▮

Dear Mr. ▮ :

The U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC) has determined that B Whale Corporation ("BWC" or "you"), a member of the TMT Group of shipping companies, engaged in certain conduct, detailed below, in violation of the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560 (the "Regulations"), promulgated pursuant to the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-06 (IEEPA).  Specifically,

> **OFAC has determined that from on or about August 30, 2013, to on or about September 2, 2013, BWC violated §§ 560.201 and 560.211 of the Regulations when its vessel, M/V *B Whale*, received 2,086,486 barrels of condensate crude oil from a ship-to-ship transfer off the coast of Iran with the vessel M/T *Nainital*, an Iranian vessel listed on OFAC's List of Specially Designated Nationals and Blocked Persons at the time the transaction occurred.**

OFAC has considered the General Factors Affecting Administrative Action (the "General Factors") set forth in OFAC's Economic Sanctions Enforcement Guidelines (the "Guidelines"), 31 C.F.R. Part 501, app. A, available at www.treasury.gov/ofac, as well as your responses dated December 30, 2014, May 29, 2015, and January 13, 2016.  After due consideration, OFAC has determined that the issuance of this Finding of Violation, in lieu of a civil monetary penalty, is the appropriate enforcement response to the transactions identified above.  This Finding of Violation represents a final enforcement response, unless OFAC later learns of additional related violations or other relevant facts, and constitutes OFAC's final agency determination that a violation has occurred.

In accordance with the Guidelines, BWC's compliance history, including the issuance of this Finding of Violation, may be considered by OFAC in determining an appropriate enforcement response to any apparent violations of OFAC-administered sanctions programs that come to OFAC's attention in the future.  Civil monetary penalties may be imposed for violations of orders or regulations issued pursuant to IEEPA, not to exceed the greater of $284,582 or an amount that is twice the amount of the transaction that is the basis of the violation.[1]  In

---

[1] Pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Sec. 701 of Public Law 114-74 (FCPIA), OFAC adjusted its civil monetary penalty amounts on August 1, 2016. *See* 81 Fed. Reg.

**B Whale Corporation**

appropriate circumstances, OFAC may refer the matter to appropriate law enforcement agencies for criminal investigation and/or prosecution.

**Contact Person**

If BWC has any questions concerning this matter, please feel free to contact ▮▮▮▮▮▮▮▮▮ at telephone number ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Please have the ENF number listed at the top of this Notice available when you call.

Sincerely,

*John Smith*

John E. Smith
Acting Director
Office of Foreign Assets Control

---

43,070 (Jul. 1, 2016). The adjusted civil monetary penalty amounts are applicable only to civil monetary penalties assessed after August 1, 2016, whose associated violations occurred after November 2, 2015, the date of enactment of the FCPIA. Any violations occurring on or before November 2, 2015, are subject to OFAC's prior civil monetary penalty amounts, *e.g.*, $250,000 or an amount that is twice the amount of the transaction for violations of orders or regulations issued pursuant to IEEPA.

**ENFORCEMENT INFORMATION FOR February 3, 2017**

**Information concerning the civil penalties process can be found in the Office of Foreign Assets Control (OFAC) regulations governing each sanctions program; the Reporting, Procedures, and Penalties Regulations, 31 C.F.R. part 501; and the Economic Sanctions Enforcement Guidelines, 31 C.F.R. part 501, app. A. These references, as well as recent final civil penalties and enforcement information, can be found on OFAC's Web site at www.treasury.gov/ofac/enforcement.**

**ENTITIES – 31 C.F.R. § 501.805(d)(1)(i)**

**OFAC Issues a Finding of Violation to B Whale Corporation, a Member of the TMT Group of Shipping Companies, for a Violation of the Iranian Transactions and Sanctions Regulations:** OFAC has issued a Finding of Violation to B Whale Corporation (BWC), a company based in Taipei, Taiwan and a member of the TMT Group of shipping companies (TMT), for a violation of the Iranian Transactions and Sanctions Regulations, 31 C.F.R. part 560 (ITSR). Between on or about August 30, 2013 and on or about September 2, 2013, BWC violated §§ 560.201 and 560.211 of the ITSR when its vessel, the M/V *B Whale*, conducted a ship-to-ship transfer with, and received 2,086,486 barrels of condensate crude oil from, the vessel M/T *Nainital*, a vessel owned by the National Iranian Tanker Company and identified on OFAC's List of Specially Designated Nationals and Blocked Persons (the "SDN List") at the time the transaction occurred.[1]

The transactions described above occurred after BWC entered into bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of Texas on June 20, 2013. OFAC determined that BWC was a U.S. person within the scope of the ITSR because it was present in the United States for the bankruptcy proceedings when the transaction occurred. Additionally, the vessel M/V *B Whale* was subject to U.S. sanctions regulations because it was property under the jurisdiction of a U.S. bankruptcy court, and therefore the oil transferred to the vessel was an importation from Iran to the United States as defined in the ITSR.

The determination to issue a Finding of Violation to BWC in connection with the above transaction reflects OFAC's consideration of the following facts and circumstances, pursuant to the General Factors under OFAC's Economic Sanctions Enforcement Guidelines, 31 C.F.R. part 501, app. A. OFAC considered the following to be aggravating factors: (1) BWC demonstrated reckless disregard for U.S. sanctions requirements while the company and its vessel were subject to U.S. jurisdiction; (2) BWC took steps to conceal a ship-to-ship transfer of Iranian oil with an Iranian vessel on the SDN List, including by leaving ship logs blank and switching off the vessel's automatic identification system during the time period corresponding with the ship-to-ship transfer; (3) BWC knew or should have known that this transaction involved Iranian-origin oil and an Iranian vessel on the SDN List; and (4) this transaction provided a significant benefit

---

[1] On January 16, 2016, Implementation Day of the Joint Comprehensive Plan of Action, M/T *Nainital* was removed from the SDN List and added to the List of Persons Identified as Blocked Solely Pursuant to E.O. 13599. U.S. persons must, pursuant to Executive Order 13599 and the ITSR, continue to block the property and interests in property of the M/T *Nainital*.

to Iran because it allowed condensate crude oil from an Iranian vessel identified on the SDN List to be transported to a market in a manner that concealed its origin.

OFAC considered the following to be mitigating factors: (1) BWC has not been the subject of a penalty notice or Finding of Violation from OFAC in the five years preceding the transaction constituting the violation; and (2) all of BWC's assets appear to have been liquidated in bankruptcy.

For a copy of OFAC's Finding of Violation issued to BWC, please visit the following url: https://www.treasury.gov/resource-center/sanctions/CivPen/Documents/20170203_bwc_fov.pdf.

For more information regarding OFAC regulations, please go to: www.treasury.gov/ofac.