# EXHIBIT 7

PRE-TRIAL COOPERATION AGREEMENT

Moscow                                                                                                          December *8,* 2016

V.Ya. Grin, Deputy Prosecutor General of the Russian Federation and a Grade 1 State Justice Counselor, acting on the basis of the authority prescribed by Article 37 of the RF Criminal Procedure Code, on behalf of the prosecution, and the accused Nikolai Viktorovich Alekseyev, born 5/9/1969, a native of the settlement of Kupanskoye, Pereslavl District, Yaroslavl Region, with the participation of attorney O.A. Zvyagin, who presented certificate No. 9742 dated 10/23/2008 and attorney authorization No. SA No. 111678 dated 10/7/2016, on behalf of the defense, pursuant to Article 317.3 of the RF Criminal Procedure Code have entered into this agreement in respect of Criminal Case No. 11602007703000015 as to the following:

1. Subject of the agreement

The subject of this agreement between the prosecution and the defense consists of the agreed terms and conditions of the liability of the accused N.V. Alekseyev based on his actions after the indictment is filed.

2. Description of the crime
of which N.V. Alekseyev is accused

N.V. Alekseyev is accused of committing a crime specified in Article 160(4) of the RF Criminal Code. According to the indictment, during the period from September 2014 to July 2015 A.D. Zheleznyak, Chair of the Management Board of Probusinessbank JSCB OJSC (hereinafter, the Bank), and S.L. Leontiev, President of the Bank, committed a theft of the Bank's funds by misappropriating and embezzling them for the benefit of third parties. The following persons were recruited for the commission of the crime: N.V. Alekseyev, chief of the corporate finance department of the Bank; V.V. Kazantsev, M.M. Krylova, A.V. Lomov, S.V. Kalachev, I.P. Polikarpov, A.V. Simakov, A.V. Danukin, L.B. Shpagina, O.V. Kravchenko and other unidentified persons.

The theft was committed by issuing unsecured, clearly unrepayable loans to legal entities controlled by the collaborators. The monies received in this manner were transferred, under the guise of payment for fictitious services, acquiring illiquid securities and other sham transactions, to the accounts of other entities controlled by the collaborators, after which they were accumulated in the transaction account of the Cypriot company Vermenda Holdings Limited and were used by the participants at their discretion. More than RUB 2.4 billion was stolen from the Bank under these circumstances.

In fulfilling the role assigned to him in the overall criminal plan and acting with a view to committing theft, N.V. Alekseyev signed on behalf of the Bank credit facility agreements with the following entities controlled by the collaborators: on 4/9/2015 with Engineering-Royalty LLC; on 5/15/2015 with Vostok-Cargo-Plus LLC; and on 7/28/2015 with NewHowTrade LLC. Based on these agreements, more than RUB 1.4 billion was transferred to the transaction

2

accounts of these companies, and subsequently it was transferred by the collaborators, under the guise of payments for sham transactions, to the account of the aforementioned Cypriot company.

On 11/28/2016 N.V. Alekseyev declared that he understood the substance of the indictment, that he confesses total culpability in the crime and agrees with the indictment.

### 3. Obligations of the parties
#### 3.1. Actions that the accused pledges to take

The accused N.V. Alekseyev pledges to assist investigators in exposing and investigating this crime, in the criminal prosecution of the other collaborators in the crime and in the search for the property acquired as a result of the crime by:

- giving detailed and truthful testimony on the circumstances of his participation in the offense with which he is charged, and about all other members of the criminal group known to him and their role in the commission of the crime;
- providing all the information he has about the persons who were the beneficiaries of the theft, and about their possession of the property and its location;
- giving detailed and truthful testimony about the count of theft, which is unknown to investigators, of funds from the Bank by using New Estate CJSC, and about a new collaborator in the crime, O.Ye. Papakhin;
- assisting in obtaining information of probative value that is contained in the phone confiscated from him;
- upon presentation of material evidence and other documents and materials during investigative actions, providing detailed testimony regarding their content and the persons who have anything to do with them and participating in face-to-face confrontations of witnesses, on-scene verifications of testimony, investigative experiments and other investigative actions that investigators deem necessary to execute.

#### 3.2. Actions that the prosecution pledges to take

If the nature and limits of the assistance of the accused N.V. Alekseyev to investigators contribute to the exposure and investigation of the crime with which he is charged and to the incrimination and criminal prosecution of the other collaborators in the crime, and the fullness and truthfulness of the information he provides to investigators raises no doubts, then if N.V. Alekseyev fulfills all the obligations specified in clause 3.1 hereof the prosecution pledges:

- to conduct the preliminary investigation in regard to the accused N.V. Alekseyev according to the procedure prescribed by chapters 22-27 and 30 of the RF Criminal Procedure Code, subject to the special provisions in Article 317.4 of the RF Criminal Procedure Code;
- in the event a threat arises to the safety of N.V. Alekseyev, his close relatives, relatives and persons close to him, to keep the documents specified in Article 317.4(2) of the RF Criminal Procedure Code in a sealed envelope, to take the security measures provided for in Article 11(3) and Article 241(2)(4) of the RF Criminal Procedure Code and to remove the materials

identifying him from Criminal Case File No. 11602007703000015;

- when the criminal case is considered on its merits in court, the prosecutor will petition for the imposition of a sentence for N.V. Alekseyev that takes account of the circumstances specified in Article 61(1)(i) and Article 62(2) of the RF Criminal Code.

### 4. Other provisions

4.1. The accused N.V. Alekseyev is entering into this agreement voluntarily and after consultation with his defense attorney, cognizant of its nature and consequences.

4.2. The accused N.V. Alekseyev has been warned that:

- if it is established that he has provided false information or concealed from an investigator or prosecutor any circumstances related to the commission of the crime, the court will impose a sentence on him in accordance with Article $63^1$ of the RF Criminal Code, i.e. without applying the provisions of Article 62(2) of the RF Criminal Code concerning the term and magnitude of the sentence;

- if, after the court imposes sentence on him pursuant to the provisions of Chapter $40^1$ of the RF Criminal Procedure Code, it is discovered that he deliberately provided false information, the sentence shall be reviewed under the procedure specified by Section XV of the RF Criminal Procedure Code.

### 5. Effective period of the agreement

This agreement shall take effect at the time it is executed by both parties and shall remain in effect until the conclusion of the criminal court proceedings in the criminal case against N.V. Alekseyev.

### 6. General provisions

The rights of the parties to this agreement shall be exercised in strict compliance with the criminal procedure law of the Russian Federation.

Pursuant to Article 317.3(1) of the RF Criminal Procedure Code, this agreement is done by the prosecutor in three counterparts, each having equal legal force, with the participation of D.Kh. Khkramshin [sic], investigator of major cases of the Main Investigations Department of the Investigative Committee of Russia, who is supervising Criminal Case 11602007703000015 and the aforementioned representatives of the defense.

| For the prosecution: | For the defense: |
|---|---|
| Deputy Prosecutor General of the Russian Federation | Accused _____[signature]___ N.V. Alekseyev |
| Grade 1 State Justice Counselor | December _7_, 2016 |
|  | Defense attorney |
| _____[signature]___ V.Ya. Grin December _8,_ 2016 | _____[signature]___ O.A. Zvyagin December _7_, 2016 |

# ДОСУДЕБНОЕ СОГЛАШЕНИЕ О СОТРУДНИЧЕСТВЕ

г. Москва

«8» декабря 2016 г.

Заместитель Генерального прокурора Российской Федерации государственный советник юстиции 1 класса Гринь В.Я., действующий на основании полномочий, предусмотренных ст. 37 УПК РФ – со стороны обвинения, а также обвиняемый Алексеев Николай Викторович 09.05.1969 г.р., уроженец пос. Купанское Переславского р-на Ярославской обл., при участии адвоката Звягина О.А., представившего удостоверение № 9742 от 23.10.2008 и ордер № СА № 111678 от 07.10.2016 со стороны защиты, в соответствии со ст. 317.3 УПК РФ заключили настоящее соглашение по уголовному делу № 11602007703000015 о нижеследующем:

## 1. Предмет соглашения

Предметом настоящего соглашения между сторонами обвинения и защиты являются согласованные условия ответственности обвиняемого Алексеева Н.В. в зависимости от его действий после предъявления обвинения.

## 2. Описание преступления, в совершении которого обвиняется Алексеев Н.В.

Алексеев Н.В. обвиняется в совершении преступления, предусмотренного ч. 4 ст. 160 УК РФ. Согласно предъявленному обвинению, в период сентября 2014 - июля 2015 года Председателем Правления ОАО АКБ «Пробизнесбанк» (далее – Банк) Железняком А.Д. и Президентом Банка Леонтьевым С.Л. совершено хищение денежных средств Банка путем их присвоения и растраты в пользу третьих лиц. К совершению преступления были привлечены начальник департамента корпоративных финансов Банка Алексеев Н.В., а также Казанцев В.В., Крылова М.М., Ломов А.В., Калачев С.В., Поликарпов И.П., Симаков А.В., Данукин А.В., Шпагина Л.Б., Кравченко О.В., и иные неустановленные лица.

Хищение совершалось путем выдачи подконтрольным соучастникам юридическим лицам заведомо невозвратных, не обеспеченных залоговым имуществом кредитов. Полученные таким образом деньги под видом оплаты фиктивных услуг, приобретения неликвидных ценных бумаг и иных мнимых сделок перечислялись на счета иных подконтрольных соучастникам организаций, после чего аккумулировались на расчетном счете кипрской компании Vermenda Holdings Limited и использовались участниками по своему усмотрению. При указанных обстоятельствах у Банка похищено более 2,4 млрд. рублей.

Выполняя отведенную в общем преступном плане роль, действуя с целью совершения хищения, Алексеев Н.В. подписывал от имени Банка договоры об условиях кредитования с подконтрольным соучастникам: 09.04.2015 с ООО «Инжиниринг-Роялти», 15.05.2015 с ООО «Восток-Карго-Плюс», 28.07.2015 с ООО «НьюХауТрейд». На основании указанных договоров, на расчётные счета данных компаний были перечислены более 1,4 млрд. рублей которые в

дальнейшем, под видом оплаты мнимых сделок, перечислялись соучастниками на счет вышеназванной кипрской компании.

Алексеев Н.В. 28.11.2016 заявил, что существо предъявленного обвинения ему понятно, в совершении данного преступления он полностью признает себя виновным, с обвинением согласен.

### 3. Обязательства сторон

#### 3.1. Действия, которые обязуется совершить обвиняемый

Обвиняемый Алексеев Н.В. обязуется содействовать следствию в раскрытии и расследовании данного преступления, уголовном преследовании других соучастников преступления, а также розыске имущества, добытого в результате преступления путем:

- дачи развернутых и правдивых показаний об обстоятельствах своего участия в инкриминируемом ему деянии, а также о всех иных известных ему членах преступной группы, и их роли в совершении данного преступления;

- предоставления всех имеющихся у него сведений о лицах, являющихся выгодоприобретателями в результате хищения, а также о наличии у них имущества и месте его нахождения;

- дачи подробных и правдивых показаний о неизвестном следствию эпизоде хищения у Банка денежных средств с использованием ЗАО «Новая Усадьба», а также о новом соучастнике преступления - Папахине О.Е.;

- содействия в получении имеющей доказательственное значение информации, хранящейся в изъятом у него телефоне;

- по предъявлению в ходе следственных действий вещественных доказательств, иных документов и материалов дать подробные показания об их содержании и имеющих к ним отношение лицах, участвовать в проведении очных ставок, проверках показаний на месте, следственных экспериментах, иных следственных действиях, производство которых следствие признает необходимым;

#### 3.2. Действия, которые обязуется совершить сторона обвинения

Если характер и пределы содействия обвиняемого Алексеева Н.В. следствию будут способствовать раскрытию и расследованию инкриминируемого ему преступления, изобличению и уголовному преследованию других соучастников преступления, а полнота и правдивость сообщенных им следствию сведений не будут вызывать сомнений, то при выполнении Алексеевым Н.В. всех обязательств, указанных в п. 3.1. настоящего соглашения, сторона обвинения обязуется:

- предварительное следствие в отношении обвиняемого Алексеева Н.В. проводить в порядке, установленном главами 22-27 и 30 УПК РФ, с учетом особенностей, предусмотренных ст. 317.4 УПК РФ;

- в случае возникновения угрозы безопасности Алексеева Н.В., его близких родственников, родственников и близких лиц, хранить документы, указанные в ч. 2 ст. 317.4 УПК РФ, в опечатанном конверте, а также, принять предусмотренные ч. 3 ст. 11 и п. 4 ч. 2 ст. 241 УПК РФ меры безопасности, изъять

из уголовного дела № 11602007703000015 материалы, идентифицирующие его личность;
- при рассмотрении уголовного дела в суде по существу прокурором будет заявлено ходатайство о назначении Алексееву Н.В. наказания с учетом обстоятельств, предусмотренных п. «и» ч. 1 ст. 61, ч. 2 ст. 62 УК РФ.

### 4. Прочие условия

4.1. Обвиняемый Алексеев Н.В. заключает настоящее соглашение добровольно и после консультации со своим защитником, осознавая его характер и последствия.

4.2. Обвиняемый Алексеев Н.В. предупрежден о том, что:
- в случае, если будет установлено, что им предоставлены ложные сведения или сокрыты от следователя либо прокурора какие-либо обстоятельства совершения преступления, то судом ему будет назначено наказание в соответствии со ст. 63$^1$ УК РФ, т.е. без применения положений ч. 2 ст. 62 УК РФ, касающихся срока и размера наказания;
- если после назначения ему судом наказания в соответствии с положениями главы 40$^1$ УПК РФ будет обнаружено, что он умышленно сообщил ложные сведения, то приговор подлежит пересмотру в порядке, предусмотренном разделом XV УПК РФ.

### 5. Срок действия соглашения

Настоящее соглашение вступает в силу с момента его подписания обеими сторонами и действительно до окончания уголовного судопроизводства по уголовному делу в отношении Алексеева Н.В.

### 6. Общие положения

Реализация прав сторон настоящего соглашения осуществляется в строгом соответствии с уголовно-процессуальным законом Российской Федерации.

В соответствии с ч. 1 ст. 317.3 УПК РФ настоящее соглашение составлено прокурором в трех экземплярах, имеющих одинаковую юридическую силу, с участием следователя по особо важным делам ГСУ СК России Хкрамшина Д.Х., в производстве у которого находится уголовное дело № 11602007703000015 и вышеуказанных представителей стороны защиты.

От стороны обвинения:

Заместитель Генерального
прокурора Российской Федерации
государственный советник
юстиции 1 класса

_____ В.Я. Гринь

«8» декабря 2016 г.

От стороны защиты:

Обвиняемый _____ Н.В. Алексеев

«07» декабря 2016 г.

Защитник _____ О.А. Звягин

«07» декабря 2016 г.



translations@geotext.com
www.geotext.com

STATE OF NEW YORK      )
                       )
                       )   ss
COUNTY OF NEW YORK     )

### CERTIFICATION

This is to certify that the attached translation is, to the best of my knowledge and belief, a true and accurate translation from Russian into English of the attached Pre-trial Cooperation Agreement, dated December 8, 2016.

_____
Lynda Green, Senior Managing Editor
Geotext Translations, Inc.

Sworn to and subscribed before me this 13th day of March, 2018.

_____
KRISTEN DUFFY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DU6121852
Qualified In Queens County
My Commission Expires 01-31-2021

New York              Washington, D.C.        Chicago              Houston              San Francisco
t: +1.212.631.7432    t: +1.202.828.1267      t: +1.312.242.3756   t: +1.713.353.3909   t: +1.415.576.9500
London                Paris                   Stockholm            Frankfurt            Hong Kong
t: +44.20.7553.4100   t: +33.1.42.68.51.47    t: +46.8.463.11.87   t: +49.69.7593.8434  t: +852.2159.9143