# EXHIBIT B

GDC Draft 11/1/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
In re Application of DEPOSIT INSURANCE                     :
AGENCY for an order to conduct discovery                   :
for use in a foreign proceeding,                           :
                                                           :   Case No. 1:17-mc-00414-GBD
                                          Petitioner.      :
                                                           :   PROTECTIVE ORDER
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :
-----------------------------------------------------------x

SARAH NETBURN, U.S.M.J.

The Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the response by Sergey Leontiev ("Leontiev") to the subpoena *duces tecum* and *ad testificandum* (the "Subpoena") served on him by the Deposit Insurance Agency ("DIA") in this proceeding, it is therefore hereby

ORDERED that any person subject to this Order – including without limitation the DIA, its attorneys, representatives, agents, experts, and consultants, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon penalty of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in response to the Subpoena) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. Leontiev may designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the terms herein. A designation as CONFIDENTIAL shall

#8135689 v5 \026113 \0001

constitute a representation by Leontiev and his counsel that they believe in good faith that the material so designated: (i) includes sensitive personal information, including, for example, private details such as social security numbers, bank account numbers, home addresses or personal telephone numbers; (ii) includes confidential business information, including for example, non-public financial, customer or commercial information, or other information that Leontiev and his counsel believe in good faith to be entitled to protection under F.R.C.P. 26(c)(1)(G); or (iii) includes information that Leontiev is contractually or legally obligated to keep confidential.  A designation as HIGHLY CONFIDENTIAL shall constitute a representation by Leontiev and his counsel that they believe in good faith that the material so designated contains or constitutes highly confidential information that is so sensitive to Leontiev that the filing of such material in the Russian Bankruptcy Action (as hereafter defined)  will cause irreparable harm to Leontiev and that such harm outweighs the probative value of the material to the Russian Bankruptcy Action (as defined below).

   3. Any Confidential or Highly Confidential Material produced in response to the Subpoena shall be utilized by the DIA, its counsel, and any other authorized recipients set forth in paragraph 6 below only for use in the Probusinessbank bankruptcy proceeding pending in Russia, Case No. A40-154909/2015 (the "Core Proceeding"), and the related action filed under the Core Proceeding for subsidiary liability against Zheleznyak and others (individually and collectively, the "Russian Bankruptcy Action") and for no other purposes.  Notwithstanding the foregoing, prior to filing any material designated Highly Confidential with the court in the Russian Bankruptcy Action, DIA's counsel shall give Leontiev's counsel 7 (seven) days advance written notice (the "Notice Period") of the Bates numbers for the Highly Confidential material that DIA intends to file (the "Noticed Documents").  DIA shall not file the Noticed Documents

in the Russian Bankruptcy Action prior to the expiration of the Notice Period. If, prior to the expiration of the Notice Period, Leontiev shall move this Court, upon reasonable notice to DIA, for a protective order to prohibit DIA from filing any of the Noticed Documents, DIA shall not file the Noticed Documents that are the subject of such motion absent an Order from this Court permitting the Noticed Documents that are the subject of such motion (or certain of them) to be filed in the Russian Bankruptcy Action. For the avoidance of doubt, the filing of any Confidential or Highly Confidential Discovery Material in the Russian Bankruptcy Action shall not alter or eliminate any restrictions imposed by this Protective Order on the DIA's use or disclosure of such material.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, Leontiev or his counsel may, subject to Section 2 hereof, designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits, subject to Section 2 hereof, Leontiev or his counsel may either (a) indicate on the record that any question or the entire deposition calls for Confidential or Highly Confidential Information, or (b) provide notice to counsel for the DIA within seven days after the transcript is made available to Leontiev that any portion or the entire deposition is Confidential or Highly Confidential, in either of which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential [or Highly Confidential] Information Governed by Protective Order" by the reporter. Any deposition transcript shall be treated as Highly Confidential for seven days after the transcript is made available to Leontiev.

5. If at any point, Leontiev or his counsel concludes that some portion[s] of Discovery Material that he previously produced without limitation should be designated as Confidential or Highly Confidential, then subject to Section 2 hereof, he may so designate by so apprising the DIA's counsel in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. Disclosure of any Discovery Material designated as Confidential or Highly Confidential, including deposition transcripts and exhibits, will be limited to the following persons, provided that each such person, except for those persons referred to in subparagraphs 6(a), (b), and 6(f), has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto:

    (a) managers or employees of the DIA or Probusinessbank specifically assigned to work on the Russian Bankruptcy Action (i.e., not only attorneys);

    (b) U.S. based counsel retained specifically for this proceeding, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c) non-U.S. based counsel for the DIA working on the Russian Bankruptcy Action, including any paralegal, clerical and other assistant employed by such counsel;

    (d) any person retained by a party to serve as a translator or expert witness in connection with this action, and his or her employees or assistants;

    (e) stenographers engaged to transcribe depositions conducted in this action;

    (f) the Court and its support personnel;

    (g) as to any document, its author, or its addressee, and any other person indicated on the face of the document as having received a copy; and

(h)     such other person as may be specifically agreed in writing by the parties.

Notwithstanding the foregoing, no disclosure of Confidential or Highly Confidential Discovery Material shall be made (i) to any person referred to in subparagraphs 6(c), (d), (e), (g) or (h) unless such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (ii) to any person referred to in subparagraphs 6(a), (b), or (c) unless such person shall have been informed that such Discovery Material is subject to this Protective Order and may not be further disclosed except in accordance with this Protective Order (and the DIA shall be responsible for any violation of this Protective Order by its or Probusinessbank's managers, employees, representatives, counsel and its staff); or (iii) to Andrei Pavlov, or any person or entity with which he is affiliated in any way (whether as employee, agent, partner, officer, director, owner, independent contractor, representative or otherwise).  Should any Confidential or Highly Confidential Discovery Material be filed with this Court, it shall be submitted under seal.

7.     Notwithstanding anything to the contrary herein contained, disclosure of any Discovery Material designated as Highly Confidential prior to such Highly Confidential material being filed in the Russian Bankruptcy Court in accordance with Paragraph 3 hereof, will be limited to U.S.-based counsel retained specifically for this proceeding, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter.  Such U.S. counsel may provide a copy of such Highly Confidential material to such non-U.S. based attorney(s) engaged by DIA or Probusinessbank for the Russian Bankruptcy Action, provided that (a) he or she has executed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto and U.S.-based counsel for DIA has provided a copy of such executed Non-Disclosure Agreement to counsel for Leontiev five (5) business days in advance of providing a copy of such

Highly Confidential material to the signatory of the Non-Disclosure Agreement, and if Leontiev raises an objection to such person receiving Highly Confidential material it shall not be provided until this Court has resolved such objection, and (b) Andrei Pavlov is not affiliated with such non-U.S. based counsel in any way (whether as employee, agent, partner, officer, director, owner, independent contractor, representative or otherwise).

8. If Petitioner objects to any designation of Confidential or Highly Confidential Discovery Material or Inadvertently Disclosed Information (as hereafter defined), it may at any time serve upon Leontiev's counsel a written notice stating with particularity an objection to any such designation and the grounds for the objection. Counsel for Leontiev shall respond in writing to such objection within five (5) business days and shall state with particularity the grounds for asserting that the document or information is "Confidential" or "Highly Confidential." Thereafter, the parties shall meet and confer in good faith in an effort to resolve the dispute. If agreement cannot be reached promptly, the parties may seek a ruling from the Court. The production of all Confidential and Highly Confidential Discovery Material will be limited in accordance with the provisions of paragraph 6 unless and until the DIA obtains an Order from this Court permitting broader dissemination or disclosure. Any application for such an order shall be made on reasonable notice to counsel for Leontiev, but Confidential and Highly Confidential Discovery Material filed in connection with such application shall be submitted under seal to this Court.

9. Prior to any disclosure of any Confidential or Highly Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(d), 6(e), and 6(g) above, such person shall be provided by counsel for the DIA with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has

read this Order and agrees to be bound by its terms.  Said counsel shall retain each signed Non-Disclosure Agreement, and produce it promptly to opposing counsel if a good faith reason confirmed in writing shall exist for opposing counsel to request it, or if the Court should order its production or at the conclusion of the case, whichever comes first.

10. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in response to the Subpoena, Leontiev inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or any other claim of privilege ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If Leontiev makes a claim of inadvertent disclosure, and Petitioner does not challenge such designation pursuant to paragraph 8, Petitioner shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information that have not been filed in the Russian Bankruptcy Action, and provide a certification of counsel that all such information has been returned or destroyed.  Nothing contained in this paragraph prevents Petitioner from challenging such a designation of documents or information pursuant to the procedures contained in paragraph 8.

13. Within ten business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, Leontiev shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. If a receiving party is served with a subpoena, court order, or other request for production ("Third Party Request") that would compel disclosure of any Confidential or Highly Confidential Discovery Material, the receiving party (a) must notify counsel for Leontiev, promptly and in writing with a copy of the Third Party Request, and in no event more than five (5) business days after receiving the Third Party Request, (b) shall not comply with the Third Party Request unless and until counsel for Leontiev has a reasonable opportunity to file a motion or proceeding to challenge or limit compliance with the Third Party Request, which counsel for Leontiev shall make promptly. The receiving party also must promptly inform, in writing, the party who caused the Third Party Request to issue that some or all of the material covered by the Third Party Request is subject to this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue. If, within seven days of receiving notice from the DIA, Leontiev shall move this Court for a protective order to prohibit disclosure pursuant to the Third Party Request, the DIA shall not comply with the Third Party Request absent an Order from this Court permitting such disclosure.

15. This Protective Order shall survive the termination of both this proceeding and the Russian Bankruptcy Action.

16. Within 30 days of the final disposition of the Russian Bankruptcy Action, all Discovery Material designated "Confidential" or "Highly Confidential", that has not been filed in the Russian Bankruptcy Action, and all copies thereof, shall be promptly returned to counsel for Leontiev or destroyed. Notwithstanding the foregoing sentence, U.S. based counsel of record for the DIA in this proceeding may retain one copy of any attorney work product, correspondence, hearing transcripts, expert reports, papers filed with the Court and exhibits, and

discovery responses exchanged by the parties. Any such archival copies that contain Discovery Material designated "Confidential" or "Highly Confidential" remain subject to this Order.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

18. This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

19. Notice given hereunder (a) shall be given by email and recognized overnight courier to counsel of record and (b) shall be deemed given upon dispatch if provided before 5:00 p.m. Eastern time on a business day, or shall be deemed given on the next United States business day if provided on a day that is not a United States business day or after 5:00 p.m. Eastern time on a United States business day.

IT IS SO STIPULATED.

Dated: October __, 2018

> Robert L. Weigel
> Marshall R. King
> Alison L. Wollin
> Gibson, Dunn & Crutcher, LLP
> 200 Park Avenue
> New York, NY  10166-0193
> Telephone:     212-351-4000
> Fax:           212-351-4035
>
> *Attorneys for Respondent Sergey Leontiev*

Dated: October __, 2018

> Mary E. Flynn
> Morrison Cohen LLP
> 909 Third Avenue

#8135689 v5 \026113 \0001

9

New York, NY 10022-4784
Telephone: 212-735-8631
mflynn@morrisoncohen.com

*Attorney for Petitioner Deposit Insurance Agency*

**O R D E R**

IT IS SO ORDERED.

DATED: _____   _____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE

GDC Draft 11/1/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                            :
In re Application of DEPOSIT INSURANCE                      :
AGENCY for an order to conduct discovery                    :
for use in a foreign proceeding,                            :
                                                            :
                              Petitioner.                   :   Case No. 1:17-mc-00414-GBD
                                                            :
                                                            :   <u>NON-DISCLOSURE AGREEMENT</u>
                                                            :
                                                            :
                                                            :
                                                            :
                                                            :
-----------------------------------------------------------x

      I, _____, acknowledge that I have read and understand the Protective Order in this proceeding governing the non-disclosure of Discovery Material that has been designated as Confidential or Highly Confidential.  I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of the Russian Bankruptcy Action and that at the conclusion of the Russian Bankruptcy Action, I will return all discovery information to the party or attorney from whom I received it.  I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Protective Order and to take steps to ensure their compliance with the terms of the Protective Order.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

#8135689 v5 \026113 \0001