# EXHIBIT B
# TO PROTECTIVE ORDER
# FILED DECEMBER 3, 2018
# (DOCKET ENTRY NO. 53)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of DEPOSIT INSURANCE AGENCY for an order to conduct discovery for use in a foreign proceeding.

Petitioner.

Case No. 17-MC-00414-GBD

### DECLARATION OF ANNA VIACHESLAVOVNA ZERNITSKAIA

I, Anna Viacheslavovna Zernitskaia, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am a Senior Associate of Quorum, a law firm with offices in Moscow, Russia. Quorum has been retained by Petitioner Deposit Insurance Agency ("DIA") to serve as its legal counsel to assist with matters concerning the Russian insolvency proceeding in which DIA, as administrator of Probusinessbank ("PBB") and the bankruptcy receiver, is actively seeking to recover assets of PBB in order to maximize satisfaction of the claims asserted by PBB's depositors and creditors.

2. I submit this declaration pursuant to 28 U.S.C. § 1782 to set forth how Quorum will establish and maintain a conflict wall for compliance with the requirements set forth in paragraph 6 of the Protective Order in this proceeding governing the non-disclosure of Discovery Material[1] that has been designated as Confidential or Highly Confidential.

3. Although my native language is Russian, I am fluent in English, and have elected to execute and submit this declaration in English.

---

[1] Capitalized terms not defined herein shall have the same meaning ascribed to them in the Protective Order.

4. Hard copies of Discovery Materials designated as Confidential or Highly Confidential received by Quorum shall be stored in a locked file cabinet access to which shall be limited to:

    a. any person listed in subparagraphs 6(a)-(b) of the Protective Order, once that person is informed that such Discovery Material is subject to the Protective Order and may not be further disclosed except in accordance with the Protective Order;

    b. any person listed in subparagraph 6(c) of the Protective Order once that person is informed that such Discovery Material is subject to the Protective Order and may not be further disclosed except in accordance with the Protective Order; and only after that person has executed the Non-Disclosure Agreement in the form annexed as Exhibit A to the Protective Order; and

    c. any person listed in 6(d), (e), (g) or (h) of the Protective Order once that person has first executed the Non-Disclosure Agreement in the form annexed as Exhibit A to the Protective Order.

5. Electronic copies of Discovery Materials designated as Confidential or Highly Confidential received by Quorum shall be stored on a Network Attached Storage drive ("NAS Drive"), access to which shall require individual credentials and passwords, which will be provided only to:

    a. any person listed in subparagraphs 6(a)-(b) of the Protective Order, once that person is informed that such Discovery Material is subject to the Protective Order and may not be further disclosed except in accordance with the Protective Order;

    b. any person listed in subparagraph 6(c) of the Protective Order once that person is informed that such Discovery Material is subject to the Protective Order and may not be further disclosed except in accordance with the Protective Order; and only after that person has executed the Non-Disclosure Agreement in the form annexed as Exhibit A to the Protective Order; and

    c. any person listed in 6(d), (e), (g) or (h) of the Protective Order once that person has first executed the Non-Disclosure Agreement in the form annexed as Exhibit A to the Protective Order.

6. Pavlov will have no access to Discovery Materials designated as Confidential or Highly Confidential received by Quorum.

7. Pavlov will have no access to the file cabinet or NAS drive discussed in paragraphs 4 and 5 herein.

8. Pavlov will not work on or otherwise participate in the Russian Bankruptcy Action.

9. Those persons with access to Discovery Materials designated as Confidential or Highly Confidential shall not (a) share logins or provide access to the file cabinet or the NAS drive discussed in paragraphs 4 and 5 herein to any person other than those permitted in those paragraphs; or (b) disclose any information contained in the Confidential or Highly Confidential Discovery Material to Pavlov.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30 day of November, 2018 in Moscow, Russia.

_____
Anna Viacheslavovna Zernitskaia

RUSSIAN FEDERATIVE REPUBLIC            )
MOSCOW OBLAST                          )
CITY OF MOSCOW                         )SS:
EMBASSY OF THE UNITED STATES OF AMERICA )
CONSULAR SECTION                       )

SUBSCRIBED AND SWORN TO BEFORE ME THIS
6th DAY OF December, 2018

Anton A. Vozheiko
Vice Consul
U.S. Embassy Moscow

Commission Indefinite

3