# MorrisonCohen LLP

Mary E. Flynn
Partner
(212) 735-8631
mflynn@morrisoncohen.com

January 16, 2019

**VIA ECF**
Honorable Sarah Netburn
United States Magistrate Judge
United States Courthouse - Thurgood Marshall
40 Foley Square
New York, New York 10007

      Re:    In re Application of Deposit Insurance Agency
              Docket No. 1:17-mc-00414-GBD-SN

Dear Judge Netburn:

      We are counsel to the Petitioner, Deposit Insurance Agency ("DIA" or "Petitioner"). We write pursuant to both Rule II.b. of Your Honor's Individual Practices and Local Rule 37.2 to request an informal conference to resolve a dispute regarding the scheduling of the deposition of Respondent Sergey Leontiev ("Leontiev"). Specifically, DIA seeks to compel Leontiev to appear for a deposition on or about February 5, 2019, as required by a So Ordered stipulation in place in this proceeding. (DE # 7).

      As Your Honor is aware, DIA commenced this 28 U.S.C. § 1782 proceeding on October 26, 2017 – nearly 15 months ago -- seeking documents and deposition testimony from Leontiev, in aid of a Russian bankruptcy action involving Probusinessbank, a commercial bank he founded. U.S. District Judge George B. Daniels granted DIA's application for discovery from Leontiev on November 1, 2017. (DE # 6). The November 1, 2017 Order directed Leontiev to produce documents responsive to DIA's subpoena duces tecum and ad testificandum (the "Subpoena") within 30 days of receiving service of the Subpoena and to appear for deposition within 60 days of receiving service of the Subpoena. Subsequently, in exchange for a modification of the time limits set forth in the November 1, 2017 Order, Leontiev's counsel agreed to accept service on Leontiev's behalf. This agreement was codified in a stipulation that was signed by the parties on November 15, 2017 and "So Ordered" by Judge Daniels on November 17, 2017 (the "November 17, 2017 Stipulation and Order") (DE # 7).

      Among other things, the November 17, 2017 Stipulation and Order required that "Respondent Sergey Leontiev shall submit any responses, objections, or motions addressing Petitioner's Subpoena within 60 days of [November 17, 2017], and any deposition of Mr. Leontiev will be conducted on a mutually convenient date within 30 days of production of any documents as ordered by the Court upon adjudication of any such responses, objections or motions." (DE # 7, page 2).

MorrisonCohen LLP

Honorable Sarah Netburn
United States Magistrate Judge
Page 2

Leontiev then brought a motion to quash the Subpoena on January 16, 2018. (DE # 8). On July 23, 2018, this Court denied Leontiev's motion to quash the subpoena and ordered the parties to meet and confer regarding the scope of discovery and the need for a protective order. (DE # 28). The parties subsequently agreed to a significant narrowing of the scope of the Subpoena, subject to DIA's reservation of rights to seek additional documents covered by the original Subpoena in the future. The parties' remaining disputed issues regarding the scope of a protective order were resolved by this Court in a November 28, 2018 Order (DE # 48). The November 28, 2018 Order required the parties to finalize a protective order by no later than November 30, 2018 and ordered Leontiev "to produce documents responsive to the agreed-upon subpoena within 30 days of entry of the Protective Order. The parties' stipulated protective order was entered by the Court on December 4, 2018. (DE # 53).

Leontiev produced documents responsive to the Subpoena on January 4, 2019. Pursuant to the November 17, 2017 Stipulation and Order," Leontiev is required to appear for deposition within 30 days of that date. (DE # 7). Therefore, on January 11, 2019, we proposed to counsel for Leontiev that the deposition take place on February 5, 2019. Counsel for Leontiev, however, objects to the deposition going forward on that date due to Leontiev's pending motion for leave to file a complaint in this proceeding. Leontiev's counsel contends that DIA is entitled to depose Leontiev merely once for purposes of both DIA's § 1782 proceeding and the declaratory judgment action that Leontiev seeks to append to it. Thus, counsel for Leontiev has demanded that DIA agree either (a) to defer the deposition to the discovery phase of the declaratory judgment action, should Leontiev's pending motion for leave to file a complaint be granted, or (b) that DIA will not attempt to take a second deposition of Leontiev in the declaratory judgment action.

DIA rejects both of Leontiev's proposed alternatives and requests that the Court compel Leontiev to appear for deposition on February 5, 2019 (or on a mutually-agreeable date near thereto) without precondition, as required by the November 17, 2017 Stipulation and Order in place in this proceeding. (DE # 7). Leontiev's motion to file his own complaint within this 28 U.S.C. § 1782 proceeding provides no good reason for delay. DIA, of course, contends that Leontiev's motion is entirely meritless. The motion is unprecedented and procedurally dubious. There is no legal authority supporting the motion, and there is substantial legal authority supporting DIA's contention that the Court lacks jurisdiction over DIA in connection with Leontiev's proposed complaint and that this Court would not be a convenient forum even if there were jurisdiction. Leontiev's dubious motion provides no justification for not proceeding with Leontiev's deposition in this § 1782 action in accordance with the schedule to which Leontiev himself consented more than a year ago. DIA has been seeking this discovery for nearly 15 months, and it is entitled to proceed without further delay. The scope of discovery in Leontiev's proposed declaratory judgment action – and whether a second deposition of Leontiev is necessary -- can be addressed when, and if, the Court grants Leontiev's motion to file his own complaint in this proceeding. There is no compelling reason to resolve those discovery issues

**Morrison**Cohen<sub>LLP</sub>

Honorable Sarah Netburn
United States Magistrate Judge
Page 3

now, before the Court has even ruled on whether Leontiev's proposed declaratory judgment action can be appended to this proceeding in the first place.

Counsel for DIA attempted to resolve this dispute in a telephone conference with counsel for Leontiev on January 16, 2019. Despite a good faith effort, the parties could not reach an agreement. DIA, therefore, requests an informal conference, to ask the Court to compel Leontiev to comply with the November 17, 2017 Stipulation and Order by appearing for deposition on February 5, 2019 (or on a mutually-agreed date near thereto).

Respectfully submitted,

*/s/ Mary E. Flynn*

Mary E. Flynn

cc: Counsel of Record (via ECF)