**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Marshall R. King
Direct: +1 212.351.3905
Fax: +1 212.351.5243
MKing@gibsondunn.com

Client: 56885-00001

January 18, 2019

<u>VIA ECF</u>

Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:     *In re Application of Deposit Insurance Agency*, No. 17-mc-414 (GBD) (SN)

Dear Judge Netburn:

We represent Respondent Sergey Leontiev in the above captioned matter.  Pursuant to Rule
II.c of Your Honor's Individual Practices and Local Rule 37.2, we write in response to
Petitioner's letter seeking to compel Mr. Leontiev to appear for a deposition without agreeing
that this will be the *only* deposition of Mr. Leontiev in connection with this dispute.  We had
foreshadowed this potential dispute in our letter to Your Honor on November 2, 2018 (Dkt.
No. 41), and it has now ripened.  We agree that an informal conference with Your Honor
makes sense, and we would ask Your Honor to order that Mr. Leontiev's deposition be
deferred for the reasons explained below.

**Background**

Petitioner Deposit Insurance Agency ("DIA"), an agency of the Russian government,
brought this action pursuant to 28 U.S.C. § 1782 to seek discovery from Mr. Leontiev,
ostensibly in aid of the Russian bankruptcy proceeding involving Probusinessbank, a Russian
bank founded by Mr. Leontiev and others that was seized by the Russian government in
August 2015.

Following Mr. Leontiev's motion to quash, Your Honor ruled that while the DIA had
satisfied the requirements of § 1782, the scope of the subpoena to Mr. Leontiev should be
narrowed "to reduce the burden" on Mr. Leontiev and to focus only on those topics relevant
to the Probusinessbank bankruptcy proceeding.  In an Opinion and Order dated July 23, 2018
(Dkt. No. 28), Your Honor stated:

> The Court, however, is not blind to Leontiev's claims that the discovery
> sought here is intended for other proceedings or impermissible purposes.

**GIBSON DUNN**

January 18, 2019
Page 2

Leontiev has marshalled substantial evidence to support this view, which is rebutted by the DIA largely with inconsistent statements or hearsay declarations. Moreover, the Court's concern about the legitimacy of these requests is heightened by the involvement of two sanctioned individuals.

In accordance with Your Honor's Order, the parties agreed on a narrowed scope of the subpoena pursuant to which Mr. Leontiev would produce documents and sit for a deposition subject to the entry of an acceptable protective order. On November 20, 2018, Your Honor issued an Order resolving the outstanding issues in dispute on the terms of the protective order, and directed Mr. Leontiev to produce documents within 30 days of entry of the protective order. *See* Dkt. No. 48.

The protective order was entered on December 6, 2018 (*see* Dkt. No. 53), and on January 4, 2019, Mr. Leontiev timely produced 1,100 documents, totaling over 47,000 pages, in response to the DIA's subpoena, as narrowed.

**Mr. Leontiev's Proposed Complaint for Declaratory Relief and the Present Dispute**

Meanwhile, having suffered continued harm to his reputation and his business dealings and seeking the opportunity to prove, in an impartial forum, that the allegations in the DIA's § 1782 petition that Mr. Leontiev embezzled funds from Probusinessbank are false, Mr. Leontiev moved, on October 11, 2018, for leave to file a complaint against the DIA for a declaratory judgment. *See* Dkt. No. 31. That motion is fully briefed and Mr. Leontiev has requested oral argument. On November 2, 2018, we alerted the Court and the DIA to our position that, while the issue was not yet ripe, there should be only one deposition of Mr. Leontiev with respect to the matters raised in the DIA's § 1782 application. *See* Dkt. No. 41. When the DIA requested that Mr. Leontiev appear for deposition on February 5, 2019, we reminded the DIA of our position and requested that the DIA agree either (a) to defer Mr. Leontiev's deposition to the discovery phase of the declaratory judgment action, should Mr. Leontiev's motion be granted, or (b) that the DIA will not attempt to take a second deposition of Mr. Leontiev in the declaratory judgment action. The DIA refused to agree to either proposal.

Instead, the DIA insists on deposing Mr. Leontiev "without precondition," despite the fact that doing so would potentially subject Mr. Leontiev to having to sit for two depositions on overlapping topics and would give the DIA two opportunities to question Mr. Leontiev in the same case. The DIA has not articulated any good reason why it should get two bites at the apple here. *See* 7 Moore's Federal Practice, § 30.05[1][c] (Matthew Bender 3d ed. 2018) ("Courts generally disfavor second depositions, and absent a showing of need or good reason, a court generally will not require a deponent to appear for a second deposition."). Nor has the DIA articulated any compelling reason why Mr. Leontiev's deposition must take

**GIBSON DUNN**

January 18, 2019
Page 3

place before Your Honor has ruled on Mr. Leontiev's motion for leave to file a declaratory judgment complaint against the DIA.

The DIA's attempts to justify its rush to depose Mr. Leontiev are unavailing.  The DIA's complaint that it is "entitled to proceed without further delay" rings hollow given that the DIA waited over two years after Probusinessbank's seizure to even commence this action, and then, following Your Honor's ruling on Mr. Leontiev's motion to quash, failed to engage in a timely fashion on our proposed narrowing of the subpoena.  *See* Dkt. No. 41, at 2. Similarly, the fact that in November 2017—in an initial stipulation setting a date for Mr. Leontiev's motion to quash—the parties contemplated Mr. Leontiev appearing for deposition within 30 days of the production of documents does not preclude the Court from rejecting the DIA's now-unduly burdensome request for an order compelling Mr. Leontiev to appear for deposition.  This is particularly so where the circumstances have changed dramatically, and Mr. Leontiev now faces the prospect of multiple depositions in this case.

Accordingly, we ask that the Court order that Mr. Leontiev's deposition be deferred to the discovery phase of Mr. Leontiev's claim for declaratory relief, or, in the event that Your Honor denies Mr. Leontiev's motion for leave to file his complaint, to a convenient date after that decision.

We are available for a conference at Your Honor's convenience.

Respectfully submitted,

*/s/ Marshall R. King*

Marshall R. King

cc: All Counsel of Record (via ECF)